**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | | |
|---|---|---|
| EMERSON CREEK POTTERY INC. | ) | |
| | ) | |
|     Plaintiff, | ) | Case No.: 6:20CV0054 |
| | ) | |
| v. | ) | |
| | ) | |
| COUNTRYVIEW POTTERY CO., | ) | |
| EMERSON CREEK EVENTS, INC., | ) | |
| CHRISTINA DEMIDUK, and | ) | |
| DAVID DEMIDUK | ) | |
| | ) | |
|     Defendants. | ) | |

## ANSWER

NOW COME the Defendants, Countryview Pottery Co., Emerson Creek Events, Inc., Christina Demiduk, and David Demiduk, by and through their attorneys, Laubscher and Laubscher, PC and Law Offices of McLaughlin & Associates, P.C., and for their Answer to Plaintiff's Complaint state as follows:

### NATURE OF THE ACTION

1.    This action is for infringement of Plaintiff's respective federally-registered and common law trademarks under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1) and common law; for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); for dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); for cybersquatting under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d), and for substantial and related claims of unfair competition and breach of contract under the laws of the Commonwealth of Virginia, all arising from Defendants unauthorized use of Plaintiff's federal

1

and common law trademark rights and breach of the agreement between the parties regarding the same. Plaintiff seeks injunctive and monetary relief.

**Answer:**    **Defendants deny any alleged unauthorized use and infringement of Plaintiff's alleged federal and common law trademark rights and further deny that Plaintiff has any federal or common law trademark rights in Defendants' applied for trademarks. Defendants also deny any alleged agreement and breach of agreement regarding the same as well as each and every remaining substantive allegation contained in Paragraph 1.**

2.      Plaintiff owns the trademark EMERSON CREEK POTTERY, which it adopted in 1977 and registered at the U.S. Patent and Trademark Office ("PTO"). In 2001, Plaintiff orally licensed Defendant Christina Demiduk to open an outlet for its marked pottery and later expanded the license to cover restaurant "tea room" services at a single location, a cookbook and weddings there. In 2017, Defendants breached the license by selling third-party, low quality pottery, ceasing to buy Plaintiff's pottery and applying to register the trademarks to itself. Plaintiff opposed these applications at the PTO, tried to resolve the matter, and then formally terminated the license. Defendants nonetheless continue to use Plaintiff's trademarks to sell their products at their single location, as well as on their internet website and in social media. Defendants are hold-over licensees, never developed any ownership rights and are willful, bad-faith infringers, trying to purloin a valuable trademark Plaintiff developed decades before their arrival. Defendants' continued use of Plaintiffs venerable trademark is causing severe injury.

**Answer:**    **Defendants admit that Plaintiff has a registered trademark for EMERSON CREEK POTTERY for pottery only. Defendants also admit that Plaintiff opposed Defendants Countryview Pottery Co. and Emerson Creek Events, Inc.'s trademark applications. Defendants deny each and every remaining allegation in Paragraph 2.**

## PARTIES

3.      Plaintiff Emerson Creek Pottery, Inc. is a Virginia corporation with principal place of business at 1068 Pottery Lane, Bedford, VA 24523. Emerson Creek Pottery was founded by James Leavitt, a Virginia resident, in 1977 to design, manufacture and sell pottery, which it has done continuously since then at the same place.

**Answer:       Defendants admit that Plaintiff is a Virginia corporation with the stated principal place of business but lacks sufficient information regarding the truthfulness of the remaining allegations, and therefore, neither admits nor denies same but demands strict proof thereof.**

4.      Defendant Countryview Pottery Co. ("Defendant Countryview") is an Illinois corporation formed in 2001 with principal place of business at 4914 Stephens Road, Oswego, IL 60543 and a business telephone number of (630) 554-7100.

**Answer:       Admitted.**

5.      Defendant Emerson Creek Events, Inc. ("Defendant EC Events") is an Illinois corporation formed in 2012 and having its principal place of business at 4914 Stephens Road, Oswego, IL 60543 and a business telephone at the same number — (630) 554-7100.

**Answer:       Admitted.**

6.      Defendants Christina Demiduk and David Demiduk are residents of Illinois, married and the owners of Defendants Countryview and EC Events. According to the records of the Illinois Secretary of State, Ms. Demiduk is listed as President of both entities, and Mr. Demiduk

is listed as secretary of both. Defendants collectively operate their gift shop, tearoom cafe and wedding venue at 4914 Stephens Road, Oswego, IL, using Plaintiff's trademarks.

**Answer:       Defendants admit that Christina and David Demiduk are residents of Illinois, are married, and own and serve as the president and secretary of the Defendant corporations, respectively. Defendants admit that at times, one or both Defendant corporations have operated a gift shop, tearoom café, and wedding venue on said property but deny the use of any of Plaintiff's alleged trademarks in those business operations.**

**JURISDICTION AND VENUE**

7.     This Court has original jurisdiction over Plaintiff's Lanham Act claims under 15 U.S.C. § 1121 and subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 in that the Plaintiff and Defendants are citizens of different states and the amount in controversy is over $75,000.00.

**Answer:       Defendants admits that this Court has original jurisdiction over Lanham Act claims under 15 U.S.C. § 1121 and subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) but deny that Plaintiff has a valid claim under said statutory provisions. Defendants deny that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332; while Defendants admit that the parties are citizens of different states, Defendants deny that the amount in controversy is over $75,000.00.**

8.     This Court has supplemental jurisdiction over Plaintiff's related common law claims pursuant to 28 U.S.C. § 1367 in that these claims are integrally related with Plaintiff's federal claims and arise from a common nucleus of operative facts such that the administration thereof with Plaintiff's federal claims furthers the interest of judicial economy.

**Answer:       Denied.**

9.     This Court has personal jurisdiction over Defendants because Defendant Christina Demiduk travelled to Virginia multiple times to negotiate, enter into and maintain a purchase and license agreement with Plaintiff and that agreement was entered into in Virginia. Defendant Christina Demiduk formed the corporate Defendants to maintain and continue her tortious activities complained of herein along with her husband Defendant David Demiduk. All Defendants purposefully directed their commercial activities to Virginia by sourcing and purchasing goods from Plaintiff here, which constitutes a significant component if not all of their business endeavor, and the harm is incurred by Plaintiff as a resident of Virginia.

**Answer:**     **Defendants deny each and every allegation in Paragraph 9.**

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Plaintiffs reside in this district, a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this district, and Defendants are subject to personal jurisdiction in this district.

**Answer:**     **Defendants deny each and every allegation in Paragraph 10.**

**U.S. PATENT AND TRADEMARK OFFICE PROCEEDINGS**

11.     The corporate parties have been litigating oppositions against trademark applications filed by each other at the Trademark Trial and Appeal Board in the PTO with proceeding numbers 91241725 and 91244057. Plaintiff is filing a notice of this instant lawsuit with the TTAB to suspend those proceedings.

**Answer:**     **Admitted.**

**PLAINTIFF ADOPTED ITS EMERSON CREEK MARK IN 1977.**

12.     In 1977, Plaintiff adopted the trademark EMERSON CREEK POTTERY and has continuously used it for its pottery goods and services ever since. There is no "Emerson Creek" in Virginia or Illinois to Plaintiff's knowledge. Plaintiff Emerson Creek Pottery, Inc., was formed in

5

1977 by Mr. James Leavitt of Bedford, VA, and his former wife. Plaintiff designs, makes, distributes and sells artisanal pottery from its workshop located in Bedford under the EMERSON CREEK POTTERY mark. Plaintiffs' pottery is varied and includes ceramic sculptures, vases, vessels, bowls, dishes, plates, pots, tea pots, mugs, cups, pitchers, trays, platters, shakers, rests, crocks, holders, baskets, lamps, decorations and other goods. Exhibit A hereto contains pages 1-3 and 38-39 of Plaintiff's 2018 catalog, showing some of its marked pottery. Plaintiff prides itself on the craftsmanship of its locally-made, American pottery. Plaintiff operates a retail shop in Bedford to sell its pottery.

**Answer:** **Defendants admit that Plaintiff sought registration of the trademark for EMERSON CREEK POTTERY in connection with pottery and lack sufficient information or knowledge regarding the truthfulness of the remaining allegations in Paragraph 12, and therefore, deny same and demand strict proof thereof.**

13. Over the course of four-plus decades, Plaintiff has established a valuable reputation for high-end pottery and craftsmanship. Due to Plaintiff's long, continuous and successful use, EMERSON CREEK POTTERY is a well-recognized and famous mark for Plaintiff's pottery, which communicates the high-quality and authenticity thereof to consumers.

**Answer:** **Defendants deny each and every allegation in Paragraph 13.**

14. EMERSON CREEK POTTERY is a highly distinctive and valid trademark. Plaintiff has consistently used its EMERSON CREEK POTTERY mark to sell its goods nationwide by putting the mark on each piece of its pottery, shown on Exhibit B hereto, and in other typical ways for the market, including online via its website at www.EMERSONCREEKPOTTERY.com, signage at its physical location in Bedford, VA, and at tradeshows. Plaintiff's advertising and promotion also includes its own annual catalogs, other print

6

advertising and promotions and Internet and physical mail mailing lists resulting in distribution and sales in practically every geographic market in the United States. As such, Plaintiff has acquired priority in the EMERSON CREEK POTTERY mark in practically every geographic market in the United States in connection with Plaintiff's goods and services. Plaintiff has built up valuable goodwill in its EMERSON CREEK and EMERSON CREEK POTTERY brands.

**Answer:** **Defendants admit that Plaintiff has a registered trademark for the term EMERSON CREEK POTTERY limited to pottery and that Plaintiff has used the mark to sell pottery in Virginia from time to time. Defendants lack sufficient information or knowledge to form a belief as to the truthfulness of the allegations related to what is depicted in Exhibit "B" but deny that Plaintiff markets to every geographic market in the United States or that the markets are for anything other than the sale of pottery. Defendants deny all remaining allegations in Paragraph 14.**

15.     Plaintiff registered its EMERSON CREEK POTTERY mark with the PTO and received Reg. No. 4835568 on October 20, 2015, for "ceramic sculptures, vases, vessels, bowls, plates and pots; Household containers for foods; Mugs; Serving platters; Tea pots," since 1977 with rights to the generic term "pottery" disclaimed. Defendants have not sought to cancel Plaintiff's EMERSON CREEK POTTERY registration 4835568 in any of the PTO proceedings. Exhibit C hereto is a copy of Plaintiff's PTO registration.

**Answer:** **Admitted.**

16.     Plaintiff filed an additional U.S. trademark application (Ser. No. 87400157) on April 5, 2017 to cover its logo used with its EMERSON CREEK POTTERY mark and expand its registered goods and services, which is shown at Exhibit D, for:

> Ceramic sculptures, vases, vessels, bowls, plates and pots; household containers for foods; mugs; serving platters; tea pots; baking cloches in the

nature of pans and lids to cradle food that is baked; colanders, honey jars, non-electric slow cookers; pet feeding and drinking bowls, cutlery holders in the nature of household containers for cutlery, serving trays, pitchers, casserole dishes, pie plates, pizza pans, tea sets, dinnerware, chili bowls, giftware in the nature of bowls, plates, spoon rests, baking pans, trivets, pasta bowls, bath and kitchen sets comprised of soap dishes, soap dispensers, tooth brush holders and drinking cups; ceramic craft and cooking molds; Retail store services for those same goods; and Restaurant services; rental of banquet and social function facilities for wedding receptions, birthday parties and like social functions.

Plaintiff disclaimed exclusive rights to "made in the USA" and "pottery" apart from the mark as a whole. The PTO completed examination and approved the mark for publication on April 25, 2018, stating: "The mark of the application identified appears to be entitled to registration."

**Answer:** **Defendants admit that Plaintiff filed said application but deny the PTO has approved its registration, as Defendants Countryview Pottery Co. and Emerson Creek Events, Inc. filed an opposition to Plaintiff's application serial number 87400157 before the Trademark Trial and Appeal Board, which is yet unresolved.**

### DEFENDANT CHRISTINA DEMIDUK ASKS PLAINTIFF FOR PERMISSION TO OPEN AN OUTLET IN ILLINOIS.

17.     In or about 2000, Christina Demiduk and her then-partner Mr. Ron Wehrli visited Plaintiff's workshop in Bedford, VA, while on vacation. Ms. Demiduk expressed interest in opening an EMERSON CREEK POTTERY outlet shop back in Illinois to sell Plaintiff's pottery. Plaintiff subsequently authorized Ms. Demiduk and Mr. Wehrli to use its EMERSON CREEK POTTERY mark in connection with her outlet shop in Illinois for Plaintiff's goods. Plaintiff's license was contingent upon Ms. Demiduk and Mr. Wehrli purchasing pottery only from it, at a discount, and selling no other or any third-party pottery. Ms. Demiduk and Mr. Wehrli were allowed to sell non-pottery goods at the shop, but all pottery had to be Plaintiff's pottery in order to keep using Plaintiff's trademark. Attached as Exhibit E are screen prints from Defendants'

website in 2018 at www.ecreekpotteryandtearooom.com, replete with photos of Plaintiff's pottery,

in which Defendants state:

> Located inside the renovated 100 year old farmhouse, **Emerson Creek Pottery Shop offers a wide array of hand crafted gifts and accessories as well as our namesake hand painted pottery,** From artisan-crafted candles and beautiful, unique jewelry, to the ever-popular dinner and bakeware and locally made honey, each item in the shop is personally selected to offer a unique and original collection of merchandise. Whether you are looking to add to **your collection of Emerson Creek Pottery** or simply pick up a new handmade candle there is something for everyone at the shop.
>
> Whats *[sic]* in store? Emerson Creek Pottery
>
> **All of our beautiful pottery is created and painted in Bedford, Virginia and is the original source of inspiration for the Pottery Shop and Tearoom that you enjoy today. This family owned company began in 1977 and has been producing functional pottery pieces ever since.** Each piece is an authentic original as there is not a template or stencil used in the process. There is an **Emerson Creek pottery** *[sic]* piece for almost every use in your home!
>
> In our Pottery Shop you will find dinnerware, coffee and tea mugs, bakeware, serving dishes, bathroom accessories, and more! There are currently 14 patterns available. All the pottery is lead free, and can be used in the oven, microwave and dishwasher. Come on in and check out our full line of Brie Bakers. This is the ideal pottery bakeware for baking casseroles or desserts.

(emphasis added). The 14 lines available were all Plaintiff's designs, which Defendants acquired

directly from Plaintiff under the license.

   **Answer:**      **Defendants state that Exhibit "E" speaks for itself and admit that the excerpted language from Defendants Countryview Pottery Co. and Emerson Creek Events, Inc.'s website but deny that it reflects the entirety of the language on said website. Defendants deny each and every remaining allegation in Paragraph 17.**

   18.      Ms. Demiduk incorporated Defendant Countryview in 2001 to operate the outlet

shop, which opened in 2001 on the property located at 4914 Stephens Road, Oswego, IL 60543.

Unbeknownst to Plaintiff, Defendant Countryview registered the assumed names EMERSON CREEK POTTERY and EMERSON CREEK TEAROOM with the Illinois Secretary of State. None of the defendants have ever filed a trademark application for COUNTRYVIEW.

**Answer:       Defendants admit that Countryview Pottery Co. was incorporated in 2001 and that said address is its business' location but deny the remaining allegations in Paragraph 18.  Further answering, Countryview Pottery Co. has not operated an alleged "outlet shop" for Plaintiff.**

19.     Plaintiff subsequently licensed Ms. Demiduk to operate a tea room at the gift shop location under the mark and sold her pottery to use in serving food there. Likewise, Plaintiff licensed Ms. Demiduk to offer a cookbook and events such as weddings there. Over the years, Ms. Demiduk visited Plaintiff's Virginia workshop several times to affect the license, discuss business, designs, shipments and payments, including in 2007 and 2012 / 2013. According to records of the Illinois Secretary of State, Ms. Demiduk and/or Mr. Demiduk incorporated Defendant EC Events in 2012.

**Answer:       Defendants admit that Emerson Creek Events, Inc. was incorporated in 2012 but deny the remaining allegations in Paragraph 19.**

20.     Through Ms. Demiduk's visits and regular and extensive communications with her regarding pottery, orders, shipments, accounts and operations, Plaintiff monitored and knew that Ms. Demiduk was personally active in and managing the provision of all the gift shop, restaurant and events services in her typical best efforts and quality.

**Answer:       Defendants admit that Plaintiff has been continuously aware of Defendants' business operations under the Emerson Creek name and that Defendants run a quality and "best efforts" business but deny the remaining allegations of Paragraph 20.**

21.     Defendants use Plaintiff's pottery for serving at least some foods at their cafe restaurant using the EMERSON CREEK POTTERY & TEAROOM mark. Attached hereto as Exhibit F is a page from a Specimen of Use Defendant Countryview filed with the PTO in its application no: 87613773 stating: "Our classic Flower Pot salad, served in an actual Emerson Creek flower pot, is the favorite of many." Also attached as Exhibit G is an image taken from Defendants' website at www.EMERSONCREEK.com on or about the date hereof, showing a scoop of ice cream a la mode over a baked food item in an actual EMERSON CREEK bowl.

**Answer:     Defendants admit that Exhibits "F" and "G" are accurate copies of the referenced website pages but deny that Plaintiff's pottery is a necessary or integral piece of dinnerware for the service of the Defendant corporations' food.**

22.     Defendants also use the EMERSON CREEK POTTERY & TEAROOM mark to offer wedding event services. Attached as Exhibit H are images from Defendants' July 19, 2020, Facebook post for a recent wedding using the mark at the beginning, twice, followed by 30 hashtags, the text"@ Emerson Creek Pottery and Tearoom" and photos of the event, as well as a photo of Defendants' road signage from an earlier wedding prominently using the EMERSON CREEK POTTERY mark separated from the generic terms "tea room."

**Answer:     Defendants deny the alleged date, which is accurately July 25, 2020, but admit Exhibit H is an accurate copy of said Facebook post and photos.  Defendants deny that Defendants Christina Demiduk or David Demiduk offer wedding event services in their individual capacities.**

23.     Defendants advertise, promote and market all their uses of Plaintiff's EMERSON CREEK POTTERY mark online at the website <emersoncreek.com> and in multiple social media platforms. Defendants have expressly highlighted their association with Plaintiff in these venues.

Defendants' tearoom and events services and cookbook benefit greatly from association with Plaintiff's EMERSON CREEK mark and the associated good will Plaintiff developed in the mark over the roughly 25 years Plaintiff offered its pottery before Christina Demiduk first visited Plaintiff in Virginia.

**Answer:       Defendants admit that Defendants Countryview Pottery Co. and Emerson Creek Events, Inc. use the term EMERSON CREEK POTTERY in advertisements and social media but deny that this use is associated with Plaintiff's mark, which is limited to pottery. Defendants admit that Plaintiff sold pottery before the parties met.  Defendants deny the remaining allegations in Paragraph 23.**

## DEFENDANTS STOP PURCHASES FROM PLAINTIFF AND APPLY TO REGISTER ITS TRADEMARKS

24.     In February 2017, Defendant Christina Demiduk asked Plaintiff's Jim Leavitt for an increased discount for purchasing pottery. Plaintiff declined to increase the discount, and Mr. Leavitt told Ms. Demiduk that Defendants' use of EMERSON CREEK in social media posts was creating confusion. On or about March 1, 2017, Mr. Leavitt emailed Defendant Dave Demiduk and stated: "Also keep in mind that "Emerson Creek Pottery" is our trademarked name and you should only use it appropriately and with "and Tea Room" when referring to your store."

**Answer:       As Plaintiff has failed to attach the alleged email, Defendants are unable to admit or deny the contents of said email, and therefore, deny same and demand strict proof thereof.  Defendants admit that Plaintiff has generally claimed alleged confusion in 2017 and deny the remaining allegations in Paragraph 24.**

25.     Defendants last placed an order with Plaintiff for EMERSON CREEK POTTERY marked pottery on or about July 19, 2017.

**Answer:       Admitted.**

26.     In September 2017, a private investigator visited Defendants' location in Oswego, Illinois, and Plaintiff learned for the first time that Defendants were selling third-party pottery, rather than Plaintiff's brand pottery, in violation of the license. Specifically, on or about September 26, 2017, the investigator purchased 6 pieces of third-party pottery from Defendants at their location in Oswego. Attached hereto as Exhibit I are two purchase receipts given to the investigator by Defendants marked EMERSON CREEK POTTERY and EMERSON CREEK POTTERY AND TEAROOM and images of the purchased pottery. This third-party pottery included foreign-made pottery, some of which was manufactured in China. This third-party pottery is typically of a much lower quality than Plaintiff's goods.

**Answer:       Each and every allegation contained in Paragraph 26 pertaining to Defendants Christina and David Demiduk in their individual capacities and Emerson Creek Events, Inc. is denied.  Defendants deny that Plaintiff did not know that Defendants sold third party goods and affirmatively state that Plaintiff has known this fact for over ten years. Defendants deny any allegation that third party pottery and goods are inferior in quality to Plaintiff's.  Defendants lack sufficient information or knowledge to form a belief as to the truthfulness of the remaining allegations in Paragraph 26, and therefore, deny same and demand strict proof thereof.**

27.     On September 19, 2017, Defendant Countryview filed trademark application 87613743 in the PTO for EMERSON CREEK POTTERY & TEAROOM for "Tea rooms; Providing banquet and social function facilities for special occasions; Restaurant and cafe services." The PTO refused to register the mark to Defendant. The assigned PTO Examining Attorney concluded such registration would violate Trademark Act Section 2(d), 15 U.S.C.

§1052(d), because of a likelihood of confusion with Plaintiff's registration 4835568 for EMERSON CREEK POTTERY. The PTO Examining Attorney also stated Countryview's mark might be refused because of Plaintiff's application 87400157. Countryview subsequently expressly abandoned its '743 application.

**Answer:**    **Defendants admit that trademark application 87613743 was filed in the PTO and abandoned and deny the remaining allegations in Paragraph 27.**

28.    Also on September 19, 2017, Defendant Countryview filed trademark application 87613773 in the PTO for EMERSON CREEK TEAROOM for "tea rooms; restaurant and cafe services," and subsequently disclaimed the generic term TEAROOM. The PTO also refused to register this mark to Defendant. The PTO Examining Attorney concluded such registration would violate the Trademark Act for the same reason, because of a likelihood of confusion with Plaintiff's registration 4835568 for EMERSON CREEK POTTERY. And the Examining Attorney again stated the PTO might refuse Countryview's mark because of Plaintiff's application 87400157. Defendant submitted argument, but the Examining Attorney maintained the rejection, stating: "Applicant's arguments have been carefully considered but found unpersuasive."

**Answer:**    **Defendants admit that trademark application 87613773 was filed in the PTO and initially refused by the PTO but deny the remaining allegations in Paragraph 28.**

29.    Defendant Countryview and Defendant EC Events also filed trademark application number 87613813 on September 19, 2017, for EMERSON CREEK EVENTS for "providing banquet and social function facilities for special occasions." Plaintiff has opposed this application at the PTO.

**Answer:**    **Admitted.**

30.     Defendants Christina Demiduk and Dave Demiduk subsequently registered for a trade show in Las Vegas, Nevada, identifying themselves with company name "emerson creek pottery" and email addresses at info@ecreekpotteryandtearoom.com and chris@ecreekpotteryandtearoom.com. Attached hereto as Exhibit J is a printout showing these registrations with text "THE PAVILIONS TEMPS JAN 28- 31-2018."

**Answer:     Defendants admit that Exhibit "J" is an accurate copy and that it speaks for itself.**

31.     More recently, on June 7, 2019, Defendant Countryview filed trademark applications 88464124 and 88464155 for EMERSON CREEK CAFE for "restaurant and cafe services" and EMERSON CREEK CONFECTIONERY for "retail bakery shops," and subsequently disclaimed the generic terms CAFE and CONFECTIONERY. The PTO again refused to register Defendants' marks. A different PTO Examining Attorney from their above '743 and '773 applications concluded like the first Examining Attorney that such registration would violate the Trademark Act because of a likelihood of confusion with Plaintiff's registration 4835568 for EMERSON CREEK POTTERY among other reasons.

**Answer:     Defendants admit that trademark applications 88464124 and 88464155 were filed in the PTO but deny the remaining allegations in Paragraph 31.**

### PLAINTIFF'S ATTEMPT TO RESOLVE THE DISPUTE, FILING OF PTO OPPOSITIONS, AND TERMINATION OF THE LICENSE.

32.     Plaintiff sought to resolve the matter and formalize the license in writing. The parties filed oppositions at the PTO against each other's trademark applications, and Plaintiff continued to try to negotiate the matter with Defendants. In a letter on or about January 5, 2018, Plaintiff through counsel terminated its license to Defendants and demanded an immediate

cessation of all use of its EMERSON CREEK mark in all forms. In subsequent emails in 2018, Plaintiff through counsel repeated its cease and desist demand to Defendants' counsel. And again on March 12, 2019, Plaintiff's counsel wrote Defendants' counsel: "In any case, the Demiduks must discontinue and not resume any sales of 3d party pottery."

**Answer:**      **Defendants deny the existence of the alleged licensing agreement Plaintiff purportedly terminated on or around January 5, 2018 but admit that Plaintiff sent what he characterized as a written license agreement to Defendant Christina Demiduk for the first time on or around July 11, 2017, which Defendants refused. Defendants affirmatively deny that there has ever been a licensing agreement between the parties or that Plaintiff has any right to grant or terminate a license for Defendants' use of Emerson Creek in connection with their services.**

33.      Nonetheless, on or about May 30, 2019, Plaintiff's investigator returned to Defendants' location in Oswego and observed Defendants continuing to use the EMERSON CREEK POTTERY and EMERSON CREEK POTTERY & TEAROOM mark on outdoor signage. Despite receiving actual notice of infringement, Defendants continued to sell third-party pottery alongside Plaintiff's pottery at the gift shop and serving food in the tearoom on Plaintiff's marked pottery. On that visit, the investigator purchased two pieces of third-party pottery from Defendants' gift shop and two items of food from its tearoom, which were served on Plaintiff's pottery. Printed on both the pottery and tearoom receipts prominently is the header EMERSON CREEK POTTERY AND TEAROOM, and the menu has the email address ...@ecreekpotteryandtearoom.com. Attached hereto as Exhibit K are photographs of the inferior pottery, purchase receipts, menu and road signage from the investigator's May 30, 2019, visit.

**Answer:** **Each and every allegation contained in Paragraph 33 pertaining to Defendants Christina and David Demiduk in their individual capacities is denied. Defendants deny any alleged infringement. Defendants deny that food is served on Plaintiff's pottery. Defendants lack sufficient information or knowledge to form a belief as to the truthfulness of the remaining allegations in Paragraph 33, and therefore, deny same and demand strict proof thereof.**

34. There have been several instances of actual consumer confusion with respect to the affiliation, association, connection, sponsorship, or approval between the parties directly resulting from Defendants' use of EMERSON CREEK. These instances have come in various forms, including social media posts by consumers and phone calls to Plaintiff. Attached as Exhibit L is an example of a customer post on Plaintiff's website inquiring whether the Oswego, Illinois location sold linens.

**Answer:** **Defendants deny each and every allegation contained within Paragraph 34.**

35. The parties' goods and services travel in the same channels of commerce. Plaintiff and Defendants maintain presences on the internet and social media, including Facebook, Twitter and Instagram for example, and are featured in the same commercial platforms such as Yelp and Google business profiles. Defendants currently identify themselves as EMERSON CREEK POTTERY AND TEAROOM on various platforms including Yelp, Trip Advisor, Facebook and Instagram.

**Answer:** **Denied that the parties' goods and services travel in the same channels of commerce. Admitted that Defendants Countryview Pottery Co. and Emerson Creek Events, Inc. and Plaintiff both maintain a presence on the internet and social media and that**

17

Defendants Countryview Pottery Co. and Emerson Creek Events, Inc. have used "Emerson Creek Pottery and Tearoom" on social media. Each and every allegation contained in Paragraph 35 pertaining to Defendants Christina and David Demiduk in their individual capacities is denied.

36.     More specifically, Defendants continue to use Plaintiff's EMERSON CREEK and EMERSON CREEK POTTERY marks to the date of this Complaint. Defendants market their goods and services at a single website and various social media platforms, all using Plaintiff's EMERSON CREEK POTTERY trademark in various forms, with and without the term "pottery." Attached hereto as Exhibit M are internet screen shots of: (i) a Google search of the terms "emerson creek," showing in the first result Defendants' website with address www.emersoncreek.com followed by the enlarged text Emerson Creek | Home | Emerson Creek Pottery & Tearoom; (ii) Defendants' home page at www.emersoncreek.com, showing uses of the EMERSON CREEK mark, a photograph of an a la mode desert item in one of Plaintiff's marked EMERSON CREEK POTTERY bowls and an imbedded video with text "EC Emerson Creek- Day in The Country / SIT AND RELAX A WHILE" - when the video is played, at about 4 seconds, the mark EMERSON CREEK POTTERY & TEAROOM appears and pauses, followed by video of road signage with the text EMERSON CREEK POTTERY / tea room and concluding at time 3:15 with one of Defendants' website addresses - www.ecreekpotteryandtearoom.com; (iii) link in the lower-right hand corner of Defendant's webpage to their Terms and Conditions page, which refers to the site providers as Emerson Creek Pottery and Tearoom" and uses both domain names referenced in this paragraph; (iv) link to Defendants' Facebook page, prominently titled Emerson Creek Pottery and Tearoom, followed by text "@EmersonCreekPotteryandTearoom;" (v) link to Defendants' twitter page, prominently titled Emerson Creek with hotlink ecreekpotteryandtearoom.com; (vi) link to

Defendants' Pinterest age, prominently titled Emerson Creek Pottery & Tearoom with link www.ecreekpotteryandtearoom.com; (vii) link to Defendants' Instagram social media page, titled emersoncreekevents and Emerson Creek with link to their www.emersoncreek.com website.

**Answer:      Admitted that Defendants Countryview Pottery Co. and Emerson Creek Events, Inc. use the term "Emerson Creek" in various permutations related to their products and services to date but denied that such use constitutes any form of infringement of Plaintiff's marks, which are limited to pottery. Admitted that the contents of Exhibit M of Plaintiff's Complaint are excerpts from Defendant Countryview Pottery Co. and Emerson Creek Events, Inc.'s website. Each and every allegation contained in Paragraph 36 pertaining to Defendants Christina and David Demiduk in their individual capacities is denied.**

## COUNT I
### (FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §§ 1114 AND 1125)

37.     Plaintiff repeats, realleges, and incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth herein.

**Answer:      Defendants incorporate all prior answers to the preceding paragraphs as if fully stated herein.**

38.     Defendants' confusingly similar use of Plaintiff's registered EMERSON CREEK POTTERY mark (Reg. No. 4835568) in connection with Defendants' business which includes a pottery gift shop, cookbook, café and restaurant, and event hosting services located on the same property, is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods and services are provided by, or affiliated, associated or connected with, or have the sponsorship, endorsement or approval of Plaintiff.

**Answer:** **Defendants deny each and every allegation contained within Paragraph 38.**

39.     Defendants' confusingly similar use of Plaintiff's unregistered EMERSON CREEK mark, in connection with Defendants' business which includes a pottery gift shop, cookbook, café and restaurant, and event hosting services located on the same property, is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods and services are provided by, or affiliated, associated or connected with, or have the sponsorship, endorsement or approval of Plaintiff.

**Answer:** **Defendants deny each and every allegation contained within Paragraph 39.**

40.     On or about May 30, 2019, Defendants sold inferior third-party pottery using the EMERSON CREEK and EMERSON CREEK POTTERY trademarks and used the mark to sell food. Defendants' license to do so was formally terminated well before this date. Defendants are continuing to this day to use these trademarks on signage, internet websites and social media platforms to offer goods and services without Plaintiff's permission.

**Answer:** **Defendants admits that permutations of EMERSON CREEK are used in connection with the services of Countryview Pottery Co. and Emerson Creek Events, Inc. but deny each and every remaining allegation contained within paragraph 40.**

41.     At all relevant times, Defendants knew Plaintiff was the originator and owner of the EMERSON CREEK POTTERY and EMERSON CREEK marks. Defendants also knew without doubt that Plaintiff terminated their license. Defendants' actions demonstrate a knowing, deliberate, intentional, willful, and malicious intent to continue to trade on the goodwill associated with Plaintiff's brand, to Plaintiff's great and irreparable harm, even after Plaintiff terminated its

permission for Defendants to use its EMERSON CREEK POTTERY or EMERSON CREEK marks.

**Answer:** **Defendants deny each and every allegation contained within Paragraph 41.**

42. Plaintiff is the originator of its EMERSON CREEK POTTERY and EMERSON CREEK marks, and having long and continuously used same in interstate commerce across the nation, enjoys priority and superior rights therein and thereto. All of Defendants' use of Plaintiff's trademarks and associated good will inured to Plaintiff under the license, until Plaintiff terminated the license. All post-termination use and any use beyond the scope of the license is not bona fide and did not provide Defendants with any valid rights.

**Answer:** **Defendants admit that Plaintiff used the "Emerson Creek Pottery" mark for pottery and deny each and every remaining allegation contained within Paragraph 42.**

43. Defendants' continued, unauthorized use of Plaintiff's registered EMERSON CREEK POTTERY mark violates Section 32 of the Lanham Act, l5 U.S.C. § 1114.

**Answer:** **Defendants deny each and every allegation contained within Paragraph 43.**

44. Defendants' continued, unauthorized use of Plaintiff's unregistered EMERSON CREEK mark violates Section 43 of the Lanham Act, l5 U.S.C. § 1125(a).

**Answer:** **Defendants deny each and every allegation contained within Paragraph 44.**

45.     The knowing and intentional nature of Defendants' usurpation of Plaintiff's brand and goodwill symbolized by the EMERSON CREEK POTTERY and EMERSON CREEK marks renders this an exceptional case under l5 U.S.C. § 1117(a).

**Answer:     Defendants deny each and every allegation contained within Paragraph 45.**

46.     Defendants' acts have caused, and will continue to cause, a likelihood of confusion and deception of members of the trade and public, and additionally, injury to Plaintiff's goodwill and reputation as symbolized by the EMERSON CREEK POTTERY and EMERSON CREEK marks, for which Plaintiff has no adequate remedy at law.

**Answer:     Defendants deny each and every allegation contained within Paragraph 46.**

47.     Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees.

**Answer:     Defendants deny each and every allegation contained within Paragraph 47.**

## COUNT II
## (FEDERAL UNFAIR COMPETITION AND
## FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125)

48.     Plaintiff repeats, realleges, and incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth herein.

**Answer:     Defendants incorporate all prior answers to the preceding paragraphs as if fully stated herein.**

49.     Defendants have deliberately and willfully traded on Plaintiff's long-standing and hard-earned goodwill in its name and marks and the reputation established by its products and services, and have continued to do so even after Plaintiff terminated their permission to do so.

**Answer:       Defendants deny each and every allegation contained within Paragraph 49.**

50.     Defendants' confusingly similar use of Plaintiff's EMERSON CREEK POTTERY and EMERSON CREEK marks, in connection with Defendants' business which includes a pottery shop, cookbook, cafe and restaurant, and event hosting services located on the same property, is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods and services are provided by, or affiliated, associated or connected with, or have the sponsorship, endorsement or approval of Plaintiff.

**Answer:       Admitted that Defendant Countryview Pottery Co. runs a gift shop and had a cookbook. Further admitted that Defendant Emerson Creek Events, Inc. provides event hosting services and restaurant. Each and every remaining allegation contained within Paragraph 50 is denied.**

51.     On or about May 30, 2019, Defendants sold inferior third-party pottery using the EMERSON CREEK and EMERSON CREEK POTTERY trademarks and used the mark to sell food. Defendants' license to do so was formally terminated well before this date. Defendants are continuing to this day to use these trademarks on signage, internet websites and social media platforms to offer goods and services without Plaintiff's permission.

**Answer:       Defendants admits that permutations of EMERSON CREEK are used in connection with the services of Countryview Pottery Co. and Emerson Creek Events, Inc. but deny each and every remaining allegation contained within paragraph 51.**

52.     The sale of third-party goods and the services rendered at Defendants' Oswego location have deprived and will continue to deprive Plaintiff of the ability to control the consumer perception of its products and services offered under Plaintiff's brand, thereby placing the valuable reputation and goodwill of Plaintiff in the hands of Defendants.

**Answer:        Defendants deny each and every allegation contained within Paragraph 52.**

53.     There have been several instances of actual consumer confusion with respect to the affiliation, association, connection, sponsorship, or approval between the parties directly resulting from Defendants' use of EMERSON CREEK.

**Answer:        Defendants deny each and every allegation contained within Paragraph 53.**

54.     Through their course of conduct, Defendants have made false representations, false descriptions, and false designations of, on, or in connection with their goods and services in violation of Section 43(a) of the Lanham Act, l5 U.S.C. § 1125(a).

**Answer:        Defendants deny each and every allegation contained within Paragraph 54.**

55.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's marks, to Plaintiff's great and irreparable harm.

**Answer:        Defendants deny each and every allegation contained within Paragraph 55.**

56.     The knowing and intentional nature of Defendants' usurpation of Plaintiff's brand and goodwill symbolized by the EMERSON CREEK POTTERY and EMERSON CREEK marks renders this an exceptional case under 15 U.S.C. § 11l7(a).

**Answer:**       **Defendants deny each and every allegation contained within Paragraph 56.**

57.     Defendants' acts have caused, and will continue to cause, irreparable injury to the public, trade and Plaintiff.

**Answer:**       **Defendants deny each and every allegation contained within Paragraph 57.**

58.     Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees.

**Answer:**       **Defendants deny each and every allegation contained within Paragraph 58.**

## COUNT III
## (COMMON LAW TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION)

59.     Plaintiff repeats, realleges, and incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth herein.

**Answer:**       **Defendants incorporate all prior answers in the preceding paragraphs as if fully stated herein.**

60.     Defendants have deliberately and willfully traded on Plaintiff's long-standing and hard-earned goodwill in its name and marks and the reputation established by its products and services, and have continued to do so even after Plaintiff terminated their permission to do so.

**Answer:**       **Defendants deny each and every allegation contained within Paragraph 60.**

61.     At all relevant times, Defendants knew Plaintiff was the originator and owner of the EMERSON CREEK POTTERY and EMERSON CREEK marks. Defendants' actions

demonstrate a knowing, deliberate, intentional, willful, and malicious intent to continue to trade on the goodwill associated with Plaintiff s brand, to Plaintiff's great and irreparable harm, even after Plaintiff retracted its permission for Defendants to use EMERSON CREEK POTTERY or EMERSON CREEK.

**Answer:       Defendants deny each and every allegation contained within Paragraph 61.**

62.     Defendants' confusingly similar use of Plaintiff's EMERSON CREEK POTTERY and EMERSON CREEK marks in connection with Defendants' business which includes a gift shop, cafe and restaurant, and event hosting services located on the same property, is likely to cause confusion, deception, and mistake as to the affiliation, connection or association of Defendants and their goods and services with Plaintiff and as to the origin, sponsorship or approval of Defendants and their products and services, in violation of Virginia common law.

**Answer:       Admitted that Defendant Countryview Pottery Co. runs a gift shop and had a cookbook. Further admitted that Defendant Emerson Creek Events, Inc. provides event hosting services and restaurant. Each and every remaining allegation contained within Paragraph 62 is denied.**

63.     The sale of third-party goods and the services rendered at Defendants' Oswego complex have deprived and will continue to deprive Plaintiff of the ability to control the consumer perception of its products and services offered under Plaintiff's brand, thereby placing the valuable reputation and goodwill of Plaintiff in the hands of Defendants.

**Answer:       Defendants deny each and every allegation contained within Paragraph 63.**

64.     There have been several instances of actual consumer confusion with respect to the affiliation, association, connection, sponsorship, or approval between the parties directly resulting from Defendants' use of EMERSON CREEK.

**Answer:        Defendants deny each and every allegation contained within Paragraph 64.**

65.     Defendants' acts have caused, and will continue to cause, a likelihood of confusion and deception of members of the trade and public, and additionally, injury to Plaintiff's goodwill and reputation as symbolized by the EMERSON CREEK POTTERY and EMERSON CREEK marks, for which Plaintiff has no adequate remedy at law.

**Answer:        Defendants deny each and every allegation contained within Paragraph 65.**

66.     Plaintiff is entitled to any and all relief and remedies available under Virginia law.

**Answer:        Defendants deny each and every allegation contained within Paragraph 66.**

## COUNT IV
## (BREACH OF CONTRACT)

67.     Plaintiff repeats, realleges, and incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth herein.

**Answer:        Defendants incorporate all prior answers in the preceding paragraphs as if fully stated herein.**

68.     The agreement of between Plaintiff and Ms. Demiduk and Mr. Wehrli allowing them to use EMERSON CREEK POTTERY and EMERSON CREEK in conjunction with a shop to retail Plaintiff's goods, and subsequent expansion of Plaintiff's permission to Defendants'

restaurant and events services, at all times was conditional on them only selling Plaintiff's pottery at this location, no third-party pottery and continuing to purchase pottery from Plaintiff.

**Answer:** **Defendants deny each and every allegation contained within Paragraph 68.**

69.     Defendants have not purchased any pottery from Plaintiff since 2017. Moreover, on May 30,2019, Defendants sold inferior third-party pottery using the EMERSON CREEK and EMERSON CREEK POTTERY trademarks and used the mark to sell food. Defendants' license to do so was formally terminated well before this date. Defendants are continuing to this day to use these trademarks on signage, internet websites and social media platforms to offer third-party goods and services without Plaintiff's permission.

**Answer:** **Defendants admit that Defendants have not purchased pottery from Plaintiff since 2017 and have used Emerson Creek in connection with the services of Countryview Pottery Co. and Emerson Creek Events, Inc. and deny each and every remaining allegation in Paragraph 69.**

70.     By selling third-party pottery from Defendants' Oswego location, Defendants willfully and materially breached the agreement, causing Plaintiff to since expressly terminate Defendants' license to use its EMERSON CREEK brand in connection with their Oswego business enterprise.

**Answer:** **Defendants deny each and every allegation contained within Paragraph 70.**

71.     Defendants' breach of the parties' agreement has damaged Plaintiff, entitling it to damages and any other reasonable fees and costs arising therefrom.

**Answer:**      **Defendants deny each and every allegation contained within Paragraph 71.**

WHEREFORE, Defendants, Countryview Pottery Co., Emerson Creek Events, Inc., Christina Demiduk, and David Demiduk, deny that they are liable to the Plaintiff and request that this Court dismiss all counts of Plaintiffs' Complaint with prejudice.

### AFFIRMATIVE DEFENSES

NOW COME the Defendants, Countryview Pottery Co., Emerson Creek Events, Inc., Christina Demiduk, and David Demiduk, by and through their attorneys, Laubscher and Laubscher, PC and Law Offices of McLaughlin & Associates, P.C., in the alternative and without prejudice to their denials, and for their Affirmative Defenses to Plaintiff's Complaint state as follows:

### I. LACHES

1.      Defendant Countryview Pottery Co. was incorporated in 2001 with a d/b/a Emerson Creek Pottery.  Plaintiff was at all times aware of Countryview Pottery Co.'s use of the name Emerson Creek Pottery and made no attempt to limit or control its use.

2.      In or about 2002, Countryview Pottery Co. expanded its operations to offer a restaurant and café in addition to its gift shop. This restaurant and café operated under the name Emerson Creek Tearoom. Plaintiff was aware of Countryview Pottery Co.'s expansion and did nothing to attempt to limit or control the use of the term "Emerson Creek" in relation to the tearoom.

3.      In or about 2007, Countryview Pottery Co. expanded the tearoom's restaurant and café operations. Plaintiff was aware of Countryview Pottery Co.'s expansion and did nothing to

attempt to limit or control the use of the term "Emerson Creek" in relation to the restaurant and café operations.

4.      In or about 2010, Defendants completed renovations of a barn on Countryview Pottery Co.'s premises to use as a wedding venue. Defendant Emerson Creek Events, Inc. was incorporated in 2012 to operate event and wedding services. Plaintiff was aware of Countryview Pottery Co.'s and Emerson Creek Events, Inc.'s expansion and did nothing to attempt to limit or control the use of the term "Emerson Creek" in relation to the wedding venue.

5.      Plaintiff has never placed any conditions on the use of "Emerson Creek" in connection with Defendants' services.

6.      No written license agreement has even been executed between the parties for the use of the Emerson Creek name.

7.      There has never been a verbal license for the use of the "Emerson Creek" name in connection with Defendants' services.

8.      Plaintiff has never use the name "Emerson Creek" for any good or service other than the manufacture or sale of pottery.

9.      Emerson Creek Events, Inc.'s wedding and event services have become highly sought after and publicized.

10.     At no time has Plaintiff ever offered restaurant, café, wedding, or event services of its own. The goodwill developed by Defendants in these services under the name Emerson Creek is purely based on Defendants' innovation and hard work, and owes nothing to Plaintiff's business, which has remained solely dedicated to pottery.

11.     At no time prior to 2017 did Plaintiff object to or attempt to limit or control the Defendants' use of the name Emerson Creek.

12.     Nearly three years into Trademark Trial and Appeal Board proceedings, Plaintiff suspended the opposition proceedings and filed the instant lawsuit against Defendants.

13.     Plaintiff did not object to Defendants' use of the name Emerson Creek until 2017, over fifteen years after Plaintiff was aware of Defendants' services being offered under the "Emerson Creek" name.

14.     Plaintiff has sat idly by with full knowledge of Defendants' use of the name Emerson Creek and watched Defendants' business activities grow for nearly twenty years before filing the instant lawsuit. Defendants relied upon Plaintiff's inaction and lack of objection to Defendants' use of the name Emerson Creek in expanding their business operations to include restaurant and café services, and later wedding event services.

15.     Defendants are severely economically prejudiced by Plaintiff's over fifteen-year long delay in filing the instant lawsuit, as Defendants developed significant goodwill in the name Emerson Creek without notice of objection from Plaintiff.

16.     Plaintiff is therefore estopped from asserting trademark infringement and unfair competition due to its inexcusable delay in objecting to Defendants' uses of the name Emerson Creek and the filing of the instant lawsuit.

WHEREFORE, Defendants, Countryview Pottery Co., Emerson Creek Events, Inc., Christina Demiduk, and David Demiduk, deny that they are liable to the Plaintiff and request that this Court dismiss all counts of Plaintiffs' Complaint with prejudice.

## II.  FAILURE TO POLICE MARK

1.     Defendant Countryview Pottery Co. was incorporated in 2001 with a d/b/a Emerson Creek Pottery.  Plaintiff was at all times aware of Countryview Pottery Co.'s use of the name Emerson Creek Pottery and made no attempt to limit or control its use.

2.     In or about 2002, Countryview Pottery Co. expanded its operations to offer a restaurant and café in addition to its gift shop. This restaurant and café operated under the name Emerson Creek Tearoom. Plaintiff was aware of Countryview Pottery Co.'s expansion and did nothing to attempt to limit or control the use of the term "Emerson Creek" in relation to the tearoom.

3.     In or about 2007, Countryview Pottery Co. expanded the tearoom's restaurant and café operations. Plaintiff was aware of Countryview Pottery Co.'s expansion and did nothing to attempt to limit or control the use of the term "Emerson Creek" in relation to the restaurant and café operations.

4.     In or about 2010, Defendants completed renovations of a barn on Countryview Pottery Co.'s premises to use as a wedding venue. Defendant Emerson Creek Events, Inc. was incorporated in 2012 to operate event and wedding services. Plaintiff was aware of Countryview Pottery Co.'s and Emerson Creek Events, Inc.'s expansion and did nothing to attempt to limit or control the use of the term "Emerson Creek" in relation to the wedding venue.

5.     Plaintiff has never placed any conditions on the use of "Emerson Creek" in connection with Defendants' services.

6.     No written license agreement has even been executed between the parties for the use of the Emerson Creek name.

7.     There has never been a verbal license for the use of the "Emerson Creek" name in connection with Defendants' services.

8.     Plaintiff has never use the name "Emerson Creek" for any good or service other than the manufacture or sale of pottery.

9.      Emerson Creek Events, Inc.'s wedding and event services have become highly sought after and publicized.

10.     At no time has Plaintiff ever offered restaurant, café, wedding, or event services of its own. The goodwill developed by Defendants in these services under the name Emerson Creek is purely based on Defendants' innovation and hard work, and owes nothing to Plaintiff's business, which has remained solely dedicated to pottery.

11.     At no time prior to 2017 did Plaintiff object to or attempt to limit or control the Defendants' use of the name Emerson Creek.

12.     Nearly three years into Trademark Trial and Appeal Board proceedings, Plaintiff suspended the opposition proceedings and filed the instant lawsuit against Defendants.

13.     Plaintiff did not object to Defendants' use of the name Emerson Creek until 2017, over fifteen years after Plaintiff was aware of Defendants' services being offered under the "Emerson Creek" name.

14.     Plaintiff has sat idly by with full knowledge of Defendants' use of the name Emerson Creek and watched Defendants' business activities grow for nearly twenty years before filing the instant lawsuit. Defendants relied upon Plaintiff's inaction and lack of objection to Defendants' use of the name Emerson Creek in expanding their business operations to include restaurant and café services, and later wedding event services.

15.     Defendants are severely economically prejudiced by Plaintiff's over fifteen-year long delay in filing the instant lawsuit, as Defendants developed significant goodwill in the name Emerson Creek without notice of objection from Plaintiff.

16.     Plaintiff is therefore estopped from asserting trademark infringement and unfair competition due to its failure to protect its alleged trademark rights and police the mark.

WHEREFORE, Defendants, Countryview Pottery Co., Emerson Creek Events, Inc., Christina Demiduk, and David Demiduk, deny that they are liable to the Plaintiff and request that this Court dismiss all counts of Plaintiffs' Complaint with prejudice.

### III. ACQUIESCENCE

1.      Defendant Countryview Pottery Co. was incorporated in 2001 with a d/b/a Emerson Creek Pottery.  Plaintiff was at all times aware of Countryview Pottery Co.'s use of the name Emerson Creek Pottery and made no attempt to limit or control its use.

2.      In or about 2002, Countryview Pottery Co. expanded its operations to offer a restaurant and café in addition to its gift shop. This restaurant and café operated under the name Emerson Creek Tearoom. Plaintiff was aware of Countryview Pottery Co.'s expansion and did nothing to attempt to limit or control the use of the term "Emerson Creek" in relation to the tearoom.

3.      In or about 2007, Countryview Pottery Co. expanded the tearoom's restaurant and café operations. Plaintiff was aware of Countryview Pottery Co.'s expansion and did nothing to attempt to limit or control the use of the term "Emerson Creek" in relation to the restaurant and café operations.

4.      In or about 2010, Defendants completed renovations of a barn on Countryview Pottery Co.'s premises to use as a wedding venue. Defendant Emerson Creek Events, Inc. was incorporated in 2012 to operate event and wedding services. Plaintiff was aware of Countryview Pottery Co.'s and Emerson Creek Events, Inc.'s expansion and did nothing to attempt to limit or control the use of the term "Emerson Creek" in relation to the wedding venue.

5.      Plaintiff has never placed any conditions on the use of "Emerson Creek" in connection with Defendants' services.

34

6.      No written license agreement has even been executed between the parties for the use of the Emerson Creek name.

7.      There has never been a verbal license for the use of the "Emerson Creek" name in connection with Defendants' services.

8.      Plaintiff has never use the name "Emerson Creek" for any good or service other than the manufacture or sale of pottery.

9.      Emerson Creek Events, Inc.'s wedding and event services have become highly sought after and publicized.

10.     At no time has Plaintiff ever offered restaurant, café, wedding, or event services of its own. The goodwill developed by Defendants in these services under the name Emerson Creek is purely based on Defendants' innovation and hard work, and owes nothing to Plaintiff's business, which has remained solely dedicated to pottery.

11.     At no time prior to 2017 did Plaintiff object to or attempt to limit or control the Defendants' use of the name Emerson Creek.

12.     Nearly three years into Trademark Trial and Appeal Board proceedings, Plaintiff suspended the opposition proceedings and filed the instant lawsuit against Defendants.

13.     Plaintiff did not object to Defendants' use of the name Emerson Creek until 2017, over fifteen years after Plaintiff was aware of Defendants' services being offered under the "Emerson Creek" name.

14.     Plaintiff has sat idly by with full knowledge of Defendants' use of the name Emerson Creek and watched Defendants' business activities grow for nearly twenty years before filing the instant lawsuit. Defendants relied upon Plaintiff's inaction and lack of objection to

Defendants' use of the name Emerson Creek in expanding their business operations to include restaurant and café services, and later wedding event services.

15.     Defendants are severely economically prejudiced by Plaintiff's over fifteen-year long delay in filing the instant lawsuit, as Defendants developed significant goodwill in the name Emerson Creek without notice of objection from Plaintiff.

16.     Plaintiff's passive and active acceptance of Defendants' business operations without notice of objection for over fifteen years served as an implicit assurance that Plaintiff had no intention of asserting trademark and unfair competition claims against Defendants and constituted implied consent to the Defendants' use and expansion of the Emerson Creek marks.

17.     Plaintiff's delay in filing the instant lawsuit and objecting to Defendants' actions has subjected the Defendants to undue prejudice in that Defendants relied on Plaintiff's implicit assurance and consent in their use and development of independent goodwill in the Emerson Creek marks.

18.     Plaintiff has therefore acquiesced to Defendants' use of the Emerson Creek marks and is estopped from asserting trademark infringement and unfair competition claims against Defendants.

WHEREFORE, Defendants, Countryview Pottery Co., Emerson Creek Events, Inc., Christina Demiduk, and David Demiduk, deny that they are liable to the Plaintiff and request that this Court dismiss all counts of Plaintiffs' Complaint with prejudice.

## IV.  FAILURE TO STATE A CLAIM

1.     At no time has Plaintiff ever offered restaurant, café, wedding, or event services of its own under the name "Emerson Creek."  Plaintiff has only manufactured or sold pottery under the name "Emerson Creek."

2.      Plaintiff's and Defendants' services are materially different and do not flow through the same channels or trade or commerce.

3.      Plaintiff therefore has no trademark rights in connection with the name "Emerson Creek"  for the services offered by Defendants.

WHEREFORE, Defendants, Countryview Pottery Co., Emerson Creek Events, Inc., Christina Demiduk, and David Demiduk, deny that they are liable to the Plaintiff and request that this Court dismiss all counts of Plaintiffs' Complaint with prejudice.

Respectfully submitted,

LAUBSCHER & LAUBSCHER, PC

  /leljr/_____
Lawrence E. Laubscher Jr.
VSB No. 18680
llaubscher@laubscherlaw.com
1160 Spa Road, Suite 2B
Annapolis, MD  21403
(410) 280-6608 (Tel)
(410) 280-6758 (Fax)

Law Offices of McLaughlin & Associates, P.C.

/Kenneth S. McLaughlin, Jr./
Kenneth S. McLaughlin, Jr.
IARDC No. 6229828
1 E. Benton Street, Suite 301
Aurora, IL 60505
(630) 230-8434
(630) 230-8435 fax
kmclaughlin@ma-lawpc.com


*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on October 26, 2020, I electronically filed the foregoing with the Clerk

of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.


/leljr/ _____
Lawrence E. Laubscher, Jr.
Attorney for Defendants