CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
2/2/2021
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| EMERSON CREEK POTTERY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 6:20-CV-0054 |
| | ) |
| COUNTRYVIEW POTTERY CO., | ) |
| EMERSON CREEK EVENTS, INC., | ) |
| CHISTINA DEMIDUK, and | ) |
| DAVID DEMIDUK | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## STIPULATED PROTECTIVE ORDER

The parties, by counsel, jointly stipulate and agree to entry of this Protective Order (the "Order") pertaining to the designation and treatment of confidential and proprietary documents and information as set forth below. Pursuant to the foregoing stipulation and Rule 26(c) of the Federal Rule of Civil Procedure (the "Rule(s)"), and there appearing to be good cause regarding the need to protect confidential and proprietary documents, information, and things produced in discovery and used for preparation of the trial of this action,

IT IS HEREBY ORDERED:

1. Any party to this litigation and any third party may designate as "CONFIDENTIAL" any information, document, or thing, or any portion thereof, that:

    a.    contains private or confidential personal information;

    b.    contains financial or business information treated as confidential in the ordinary course of business;

    c.    contains information received in confidence from third parties; or

    d.    the designating party otherwise believes in good faith to be entitled to

protection under Rule 26(c)(1)(G)

(collectively, "Confidential Material").

2. Any party to this litigation and any third party may designate as "HIGHLY CONFIDENTIAL" any information, document, or thing, or any portion thereof, that would put the producing party at a competitive disadvantage if disclosed, including:

    a. trade secrets;

    b. sensitive financial information;

    c. competitively sensitive technical, marketing, financial, sales, or other proprietary or confidential business information;

    d. cost, pricing, sales, customer and member, and license information;

    e. software and firmware for a party's products and services;

    f. technical and development information and research about the party's products and services;

    g. comparative product test results;

    h. business plans, marketing strategies, or new product or service plans, and competitive strategies.

(collectively, "Highly Confidential Material").

3. Any party designating such Confidential Material or Highly Confidential Material including, without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, must mark the same as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (collectively, "Confidential Information"). Notwithstanding the provisions of this Paragraph 3, a party or third party may object to a request to produce such Confidential Information pursuant to Rule 26, 33, 34 or 45, and as provided by Paragraph 8.

4. All Confidential Information will be used by the receiving party solely for purposes of the prosecution or defense of this action, and may not be used by that party for any business, commercial, competitive, personal, or other purpose, and may not be disclosed to anyone other than those individuals set forth in Paragraphs 5 and 6 of this Order, unless and until the restrictions of this Order are removed either by written agreement of counsel for the parties or by order of the Court. It is understood, however, that counsel may give advice and opinions to their respective client solely relating to this action based on evaluation of the Confidential Information.

5. Confidential Material may be disclosed only in, or in connection with, documents filed with the Court in this action, and to the following individuals under the following conditions:

    a. The Court;

    b. Court reporters and recorders engaged for depositions, hearings, or other proceedings in this action;

    c. Outside counsel of the receiving party, including counsel's partners, associates, paralegals, and administrative staff;

    d. A party's in-house counsel and their support staff;

    e. A party and employees of a party, but only to the extent that the receiving party's counsel determines, in good faith, that their assistance is necessary to participate in the action;

    f. Third party experts, consultants, and legal service vendors who have signed the attached Exhibit A;

    g. Witnesses in the action after notice of their deposition by the opposing party if it is necessary for the witness to prepare for their deposition, during their deposition, or when testifying before the Court, and who have signed the attached Exhibit A; and

  h. Any mediator or provider of alternative dispute resolution services retained by the parties in connection with this action, who has signed the attached Exhibit A.

6. Highly Confidential Material may be disclosed only in, or in connection with, documents filed with the Court in this action, and to the following individuals under the following conditions:

  a. The Court;

  b. Court reporters and recorders engaged for depositions, hearings, or other proceedings in the action;

  c. Outside counsel for the receiving party, including counsel's partners, associates, paralegals, and administrative staff;

  d. Third party experts, consultants, or legal service vendors who have signed the attached Exhibit A;

  e. Witnesses in the action after notice of their deposition by the opposing party if it is necessary for the witness to prepare for their deposition, during their deposition, or when testifying before the Court, who have signed the attached Exhibit A; and

  f. Any mediator or provider of alternative dispute resolution services retained by the parties in connection with this action, who has signed the attached Exhibit A.

7. Confidential Information may only be used by individuals permitted access to such material under Paragraphs 5 and 6 of this Order.  Confidential Information, copies of it, and the information contained in it, may not be disclosed in any manner to any other individual, until and unless either counsel for the party asserting confidentiality waives the claim of confidentiality, or the Court orders such disclosure.

8. Objections to material designated as Confidential Information under this Order may

be made as follows:

    a.    Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, describing with particularity the material upon which the objection is made and must state the grounds for the objection.  Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the material constitutes Confidential Information.

    b.    If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.  If no timely written response is made to the objection, the challenged designation will be deemed to be void and the Confidential Information will not be subject to the protections of this Order.

    c.    If a dispute as to a designation of material as Confidential Information cannot be resolved by agreement, the objecting party may move for a ruling that the designation is improper or otherwise inappropriate.  Pending resolution of such a dispute, the Confidential Information will remain subject to the protections of this Order.

    d.    The designating party has the burden of demonstrating the need for its designation as Confidential Information.

9.    When a party desires to file Confidential Information with the Court, including confidential portions of any transcript, the party shall provide reasonable advance notice to the producing party of its intent to file such Confidential Information and request consent to filing the Confidential Information without the need to file under seal.  The producing party shall promptly respond to this request by giving its consent or object to the filing and provide the basis for requiring that the documents be filed under seal in writing.  The parties shall work together in good faith to

coordinate the filing of all motions and material covered by this Paragraph 9 to permit compliance with the Rules, Local Rule 9, and this Order. This Order does not prevent any party from seeking to seal trial transcripts or trial exhibits, including documents previously filed under seal, or from seeking any other similar relief pursuant to the Rules or Local Rule 9.

10. If any person, other than the party who originally designates and produces Confidential Information, receives a subpoena or other compulsory process by any court, administrative agency, legislative body, or other person or entity commanding production of such Confidential Information, that person may not take any position concerning the propriety of such subpoena or request, or the discoverability of the information sought, but rather must, except where prohibited by law, provide prior written notice to the producing party. The producing party then shall have the burden of defending against or objecting to such request. Unless otherwise ordered by a court or required by a government subpoena, the person to whom the subpoena or request is directed may comply with the request only if the producing party does not timely seek, or is unsuccessful in seeking, an order modifying or quashing the request.

11. The inadvertent, mistaken, or unintentional disclosure of Confidential Material or Highly Confidential Material that should have been, but was not, designated as Confidential Information at the time it was disclosed, may not be deemed to be a waiver, in whole or in part, of a claim of confidentiality, either as to the specific information, document, or thing disclosed, or as to any other material concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying counsel for all parties to whom the material was disclosed, in writing and within a reasonable time after such disclosure that the material should have been designated as Confidential Information. Such notice constitutes a valid designation of the material as Confidential Information under this Order.

12. If the inadvertent, mistaken, or unintentional disclosure of any information,

document, or thing protected by attorney client privilege, work-product immunity, or other privilege or immunity is discovered and brought to the attention of the receiving party, the receiving party must treat such information, document, or thing in accordance with Rule 26(b)(5)(B). Such inadvertent, mistaken, or unintentional disclosure of such information, document, or thing may not by itself constitute a waiver by the party asserting such privilege or immunity. Nothing in this Order, however, restricts the right of a receiving party to challenge the party asserting a claim of privilege or immunity, if appropriate, within a reasonable time after receiving notice of the inadvertent, mistaken, or unintentional disclosure by filing an appropriate application with the Court.

13. This Order does not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms or for additional protections not provided by this Order.

14. The protections of this Order survive the termination of this action and will remain in full force and effect unless modified by an order of this Court or by the written stipulation of the parties filed with the Court.

15. Upon the final conclusion of this action, including the exhaustion of any and all appeals and all related proceedings, any party or other individual subject to the terms of this Order that received Confidential Information shall have the option to either (i) assemble and return to the originating source all originals and unmarked copies of Confidential Information or (ii) to destroy such materials, with confirmation made in writing to the designating party; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached to them for archival purposes, subject to the provisions of this Order. To the extent a

party requests the return of Confidential Information from the Court after the final conclusion of the action, including the exhaustion of any and all appeals and all related proceedings, that party shall file a motion seeking such relief.

    IT IS SO ORDERED.

ENTERED: <u>February 2, 2021</u>

<u>*Robert S. Ballou*</u>
Judge

**EXHIBIT A**

## CONFIDENTIALITY AGREEMENT

I hereby affirm that:

    I received a copy of and read the Stipulated Protective Order entered in this matter.

    I am familiar with the terms of the Stipulated Protective Order and agree to comply with and to be bound by its terms and the terms of this Confidentiality Agreement (the "Agreement").

    All documents, the information contained therein, and all other information and materials disclosed to me pursuant to this Agreement (the "Disclosed Documents and Information"), including material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the Stipulated Protective Order, are being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order and this Agreement.

    I submit to the jurisdiction of this Court for enforcement of the Stipulated Protective Order and this Agreement.

    I agree not to use any Disclosed Documents and Information, including material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," except for the purposes of this matter and not to disclose any such material to persons other than those specifically authorized by Paragraphs 5 and 6 of the Stipulated Protective Order, without the express written consent of the party who designated such material as confidential or by order of this Court. I further agree to notify any stenographic, clerical, or technical personnel who are required to assist me in this matter of the terms of the Stipulated Protective Order, this Agreement, and the binding effect on them and me.

    I understand that I am to retain all Disclosed Documents and Information, including material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," in a secure manner, and that all such material is to remain in my personal custody until the completion of my duties in this matter, whereupon all such Disclosed Documents and Information, including any copies thereof, and any writings prepared by me containing any confidential information shall be returned to counsel who provided them to me.

    Agreed to this _____ day of _____, 20____.

                                                          By:_____

                                                          Name:_____

                                                          Title:_____

                                                          Company:_____