# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| EMERSON CREEK POTTERY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COUNTRYVIEW POTTERY CO., ) <br> EMERSON CREEK EVENTS, INC., ) <br> CHISTINA DEMIDUK, and ) <br> DAVID DEMIDUK ) <br> ) <br> Defendants. ) <br> ) | Case No.: 6:20-cv-00054-NKM |

**PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS**

Pursuant to Fed. R. Civ. P. 26 and 33, Plaintiff Emerson Creek Pottery, Inc. ("**Plaintiff**") requests defendants Countryview Pottery Co., Emerson Creek Events, Inc., Christina Demiduk, and David Demiduk ("**Defendants**") to respond to the following interrogatories by sending responses to the office of GARFIELD GOODRUM, DESIGN LAW, 7 Allen St., Ste. 302, Hanover, NH 03755, copy via email to garfield.goodrum@gdrmlaw.net within thirty (30) days of service hereof according to the instructions and definitions below.

**INSTRUCTIONS AND DEFINITIONS OF TERMS**

1. If any document is withheld under claim of privilege, you are requested to furnish a list prepared by the person supervising the production of documents called for by this Request, identifying each document for which the privilege is claimed, together with the following information with respect to each document: date, identity of sender, identity of recipient, number of pages, subject matter, the specific bases on which any privilege is claimed, identity of persons

to whom copies were furnished and/or who reviewed the document, and identity of custodian of the original of the document.

2. When an Interrogatory is answered on information and belief, please set forth the basis for such information and belief. When Defendants deny knowledge or information sufficient to answer an Interrogatory, please set forth the name and address of each person, if any, known to have such knowledge. When the existence of a document is disclosed in a response, please attach a copy of such document to the answer. If such document is not in Defendant(s)' possession or control, please state the name and address of each person known to Defendant(s) to have such possession or control, and identify which documents are in such person's possession or control.

3. These Interrogatories are continuing to the extent permitted by law, and you are required to timely produce in the form of a supplemental response, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, any information or document(s) called for herein that is/are unavailable to you at the time of response , but which is discovered or otherwise becomes available to you or to any of your attorneys, agents or representatives up to the conclusion of the proceedings herein.

4. As used herein, the terms "presently" and "to the present" shall mean as of or through the date of the response to this Request for Production.

5. As used herein, the term "person" or "persons" means the plural as well as the singular and includes any natural person, corporation, company, firm, partnership, association, joint venture, government entity or any other form of organization, association or entity.

6. As used herein, the term "identify" or "identity of," when used with respect to a natural person, means to state the full name of the person identified, the person's job title, the name and address of the person's employer, and the person's present or last known business and home addresses.

7. As used herein, the term "identify" or "identity of,' when used with respect to a document, as that term is hereinafter defined, means to state the date appearing on such item, the full name of the person sending or transmitting the same, the sender's job title, the name and address of the recipient, and a brief statement of the subject matter of such item.

8. As used herein, the term "document" or "documents" shall have the meaning ascribed to them in Rule 34 of the Federal Rules of Civil Procedure, and shall include, without limitation, the original and any non-identical copy, regardless of origin or location, and regardless of whether it exists in hard print or electronic media, of any book, pamphlet, periodical, advertisement, letter to the trade, catalog, letter, opinion, report, electronic mail message, facsimile, telegram, cable, telex correspondence, report, record, notebook, sketch, blueprint, manual, handwritten note, contract, agreement, manuscript, minutes, intra-corporate communication, bulletin, brochure, circular, instructions, memorandum, notice, working paper, diary, chart, paper, graph, laboratory record, computer printout, magnetic or optical media, work assignment, print tracing, drawing,

survey, photograph, microfilm, index, data sheet, data processing card, audio or video recording, sketch or notes of or relating to any telephone or other conversation, or any other written, recorded, transcribed, filmed, or graphic material, however produced or reproduced, which is or has been in your possession, control or custody or of which you have knowledge.

9. As used herein, "thing" or "things" means any item whatsoever, of a tangible nature other than documents.

10. As used herein, "Applicants," "Defendants," "you" or "your" means collectively and individually Countryview Pottery Co., Emerson Creek Events, Inc., Christina Demiduk, Ron Wehrli and/or David Demiduk including all names or entities under which each has done business; any predecessors thereof and all past or present divisions, subsidiaries, or affiliates of any of the foregoing entities; and all past or present employees, attorneys, agents, or representatives of each or of any of the foregoing entities.

11. As used herein, "Registrant," "Opposer" or "Plaintiff" means collectively and individually Emerson Creek Pottery, Inc., and/or Jim Leavitt including all names or entities under which each has done business; any predecessors thereof and all past or present divisions, subsidiaries, or affiliates of any of the foregoing entities; and all past or present employees, attorneys, agents, or representatives of each or of any of the foregoing entities.

12. As used herein, "meeting" or "meetings" means the plural as well as the singular and includes a formal or informal meeting, assembly, convention, gathering, conversation, including

telephone conversation, a communication of any type, or other coincidence of presence, whether by chance or prearranged, and shall further include any one or more meetings, or any part thereof.

13.  As used herein, "communication" or "correspondence" shall mean any contact or act by which any information or knowledge is transmitted or conveyed between two or more persons and shall include, without limitation, written contact by such means as letters, memoranda, telegrams, telexes, facsimiles, and electronic mail messages, and any oral contact by such means as face-to-face meetings, video teleconferences, and telephone conversations.

14.  As used herein, "day" or "date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation, including the relationship to other events.

15.  The parties undertook discovery in a related action at the U.S. Patent and Trademark Office's Trademark Trial and Appeal Board.  The present discovery continues the numbering of requests from the last discovery of even kind in that action.

16.  Please respond for the preceding **five years**.

17.  The gift shop, restaurant and café, event venue, yoga and wine events and farmer marketplace events businesses referenced in the following requests mean those businesses offered and operated in Oswego, Illinois.

# INTERROGATORIES

**Interrogatory 8:**  What are the total sales per month for the last five years of each of the gift shop, restaurant and café, event venue, yoga and wine events and farmer marketplace events businesses?

**Response:**


**Interrogatory 9:**  What are the total net profits per month for the last five years of each of the gift shop, restaurant and café, event venue, yoga and wine events and farmer marketplace events businesses?

**Response:**


**Interrogatory 10:**  How were the total net profits provided in the Response to Interrogatory 9 calculated?  Please identify and attached copies of all documents pertinent to the determination of same.

**Response:**


**Interrogatory 11:**  List all bank and credit card merchant payment processing accounts used by Defendant(s) to operate the said businesses, including institution name, address, website and account number.

**Response:**

Dated: March 31, 2021								Respectfully submitted,

**EMERSON CREEK POTTERY, INC.**

By counsel,

/gbg/
Garfield Goodrum, *pro hac vice*
**GARFIELD GOODRUM,** *DESIGN LAW*
9 Canal St., 4th Floor
Boston, Massachusetts 02114
(617) 861-0780
Fax: (617) 507-5983
garfield.goodrum@gdrmlaw.net

and

Henry I. Willett III (VSB No. 44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
(804) 697-4130
Fax: (804) 697-6130
hwillett@cblaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the foregoing PLAINTIFF'S FIRST SET OF INTERROGATORIES were emailed and mailed to lead counsel for Defendants at the following address on the indicated date:

Kenneth McLaughlin, Esq.
One E. Benton, Suite 301
Aurora, IL 60505
kmclaughlin@ma-lawpc.com

/gbg/
March 31 , 2021								Garfield Goodrum

7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| EMERSON CREEK POTTERY, INC., | ) |
| Plaintiff, | ) Case No.: 6:20-cv-00054-NKM |
| v. | ) |
| COUNTRYVIEW POTTERY CO., EMERSON CREEK EVENTS, INC., CHISTINA DEMIDUK, and DAVID DEMIDUK | ) |
| Defendants. | ) |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 34, Plaintiff Emerson Creek Pottery, Inc. ("**Plaintiff**") hereby submits its First Set of Requests for Production of Documents to Countryview Pottery Co., Emerson Creek Events, Inc., Christina Demiduk, and David Demiduk ("**Defendants**") to be responded to and complied with fully within thirty (30) days of service hereof.

### INSTRUCTIONS AND DEFINITIONS OF TERMS

**A.** As used herein, the term "Plantiff" refers to Emerson Creek Pottery, Inc., and includes all other partnerships, corporations, or other business entities (whether or not separate legal entities) subsidiary to, parent to, or affiliated with Plaintiff, including all of its or their partners, principals, officers, directors, trustees, employees, staff members, agents, and representatives, including counsel for Plaintiff.

**B.** The term "Defendant" refers to each one of Countryview Pottery Co., Emerson Creek Events, Inc., Christina Demiduk, and David Demiduk (collectively "Defendants"), and includes all other partnerships, corporations, or other business entities (whether or not separate legal

1

entities) subsidiary to, parent to, or affiliated with any Defendant, including all of its or their partners, principals, officers, directors, trustees, employees, staff members, agents, and representatives, including counsel for each Defendant.

**C.** The term "person" refers to both natural persons and to corporate or other business entities, partnerships, groups, associations, governmental entities, or other organizations.

**D.** Whenever the terms "documents" or "all documents" are used herein, these terms are meant to include all documents available to any Defendant and further to include, without limitation, any written, recorded, graphic, or printed matter, in whatever form, whether printed and/or produced by hand or any other process, specifically including: (1) all originals, copies, or drafts; and (2) originals, copies, or drafts on which appear any notes or writings placed thereon after the document was first printed, typed, recorded, or made into graphic matter, however produced or reproduced, in the actual or constructive possession of any Defendant, including, without limitation, any letters, telegrams, memoranda, writings, circulars, monographs, bulletins, manuals, speeches, audio and video tapes, drawings, blueprints, recordings, computer disks or tapes, computer electronic or optical memory devices in readable form, computer printouts, computer electronic messages, notes, correspondence, communications of any nature, summaries of records of conversations or conferences, information which can be retrieved by any process, test and/or analysis, reports and data sheets, specifications, sketches, minutes or reports and/or summaries or interviews, reports and/or summaries of investigations, opinions or reports of consultants, agreements and contracts, brochures, pamphlets, advertisements, letters to the trade, and including any tangible things within the scope of Rule 34(a)(1) of the Federal Rules of Civil Procedure.

**E.** Any document bearing on any sheet or side thereof any marks, not a part of the original text or any reproduction thereof is to be considered a separate document for purposes of responding to the following specific document requests.

**F.** In the event any Defendant wishes to assert either attorney-client privilege or work-product exclusion, or both, as to any document for which production is requested by any of the following specific document requests, then as to each document subject to such assertion, such Defendant is requested to provide such identification to include: the nature of the document, the sender, the author, the recipient, the recipient of each copy, the date, the name of each person to whom the original or any copy was circulated, the names appearing on any circulation list associated with such document, a summary statement of the subject matter(s) of such document in sufficient detail to permit the Court to conduct an analysis to reach a determination of any claim of privilege or exclusion and separate indication of the basis for assertion of privilege or the like for each such document.

**G.** Over and above the requirements of Rule 26(e) of the Federal Rules of Civil Procedure to supplement responses, it is requested that these discovery requests be treated as continuing. If Defendants become aware of any supplemental information or documents relating to these discovery requests and which were not included in the initial responses hereto, Defendants are requested to furnish said additional information or documents as soon as possible.

**H.** The parties undertook discovery in a related action at the U.S. Patent and Trademark Office's Trademark Trial and Appeal Board. The present discovery continues the numbering of requests from the last discovery of even kind in that action.

**I.** Please provide responsive documents and things for the preceding **five years**.

3

**J.** The gift shop, restaurant and café, event venue, yoga and wine events and farmer marketplace events businesses referenced in the following requests mean those businesses offered and operated in Oswego, Illinois.

## REQUESTS FOR PRODUCTION

**Request No. 19:** With respect to the gift shop business of Defendant(s), produce all documents which show, concern, evidence, record, refer, or relate to all purchases and purchase costs of all goods and services offered for sale, including but not limited to all purchase orders to vendors, invoices from vendors, bills of lading, shipping documents, packing lists, receipts, checks or other documents evidencing payment of invoices, records of accounts payable, inventories, checkbook registers, etc.

**Response:**


**Request No. 20:** With respect to the gift shop business of Defendant(s), produce all documents which show, concern, evidence, record, refer, or relate to Defendant's sales and sales revenue of all goods and services sold, including but not limited to all customer order documentation, packing lists, shipping documents, invoices, purchase orders, inventory documents, point-of-sale receipts and documentation, records of accounts receivable, daily and other periodic transaction records and reports, etc.

**Response:**


**Request No. 21:** With respect to the restaurant and café business of Defendant(s), produce all documents which show, concern, evidence, record, refer, or relate to all purchases and purchase costs of all goods and services offered for sale, including but not limited to all purchase orders to

vendors, invoices from vendors, packing lists, bills of lading, shipping documents, receipts, checks or other documents evidencing payment of invoices, records of accounts payable, inventories, , etc.

**Response:**

**Request No.22:** With respect to the restaurant and café business of Defendant(s), produce all documents which show, concern, evidence, record, refer, or relate to Defendant's sales and sales revenue of all goods and services sold, including but not limited to all customer order documentation, reservations and bookings, point-of-sale receipts and documentation, records of accounts receivable, daily and other periodic transaction records and reports, etc.

**Response:**

**Request No. 23:** With respect to the event venue business of Defendant(s), produce all documents which show, concern, evidence, record, refer, or relate to all purchases and purchase costs of all goods and services offered for sale, including but not limited to all purchase orders to vendors, invoices from vendors, packing lists, bills of lading, shipping documents, receipts, checks or other documents evidencing payment of invoices, records of accounts payable, , etc.

**Response:**

**Request No. 24:** With respect to the event venue business of Defendant(s), produce all documents which show, concern, evidence, record, refer, or relate to Defendant's sales and sales revenue of all goods and services offered sold, including but not limited to all customer order

5

documentation, reservations and bookings, point-of-sale receipts and documentation, records of accounts receivable, daily and any other periodic transaction records and reports, etc.

**Response:**

**Request No. 25:** With respect to any other goods or services of the business of Defendant(s) not identified in Requests 19-24, including, e.g., yoga and wine events, farmer marketplace events, cookbooks, etc., produce all documents which show, concern, evidence, record, refer, or relate to all purchases and purchase costs for all goods and services offered for sale, including but not limited to all purchase orders to vendors, invoices from vendors, bills of lading, receipts, checks or other documents evidencing payment of invoices, records of accounts payable, , etc.

**Response:**

**Request No. 26:** With respect to any other goods or services of the business of Defendant(s) not identified in Requests 19-25, including, e.g., yoga and wine events, farmer marketplace events, cookbooks, etc., produce all documents which show, concern, evidence, record, refer, or relate to Defendant's sales and sales revenue of all goods and services sold, including but not limited to all customer order documentation, reservations and bookings, point-of-sale receipts and documentation, records of accounts receivable, daily and any other periodic transaction records and reports, etc.

**Response:**

**Request 27:**  Copies of all bank statements issued to Defendant(s) for all bank accounts used to operate the gift shop, restaurant and café, event venue, yoga and wine events and farmer marketplace events businesses.

**Response:**

**Request 28:**  Copies of all credit card merchant payment processing statements issued to Defendant(s) for all bank accounts used to operate the gift shop, restaurant and café, event venue, yoga and wine events and farmer marketplace events businesses.

**Response:**

**Request 29**:  Copies of all bank account and credit card merchant payment processing registers kept by Defendant(s) for all all bank accounts used to operate the gift shop, restaurant and café, event venue, yoga and wine events and farmer marketplace events businesses.

**Response:**

Dated:  March 31, 2021					Respectfully submitted,

					**EMERSON CREEK POTTERY, INC.**

					By counsel,

					/gbg/ _____
					Garfield Goodrum, *pro hac vice*
					**GARFIELD GOODRUM, *DESIGN LAW***
					9 Canal St., 4th Floor
					Boston, Massachusetts 02114
					(617) 861-0780
					Fax: (617) 507-5983
					garfield.goodrum@gdrmlaw.net

					and

					Henry I. Willett III (VSB No. 44655)
					**CHRISTIAN & BARTON, LLP**
					909 East Main Street, Suite 1200
					Richmond, Virginia 23219-3095
					(804) 697-4130
					Fax: (804) 697-6130
					hwillett@cblaw.com

### CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS were emailed and mailed to lead counsel for Defendants at the following address on the indicated date:

Kenneth McLaughlin, Esq.
One E. Benton, Suite 301
Aurora, IL 60505
kmclaughlin@ma-lawpc.com

						/gbg/_____
March 31 , 2021					Garfield Goodrum

8