# EXHIBIT 3

## GARFIELD GOODRUM, *DESIGN LAW*
7 Allen Street, Suite 302
Hanover, New Hampshire  03755

garfield.goodrum@gdrmlaw.net
617.861.0780
fax: 617.507.5983

DESIGN COPYRIGHTS
ARCHITECTURAL WORKS
TRADEMARKS and COPYRIGHTS

**ADVANCED VIA EMAIL:**  kmclaughlin@ma-lawpc.com
llaubscher@laubscherlaw.com

June 4, 2021

Lawrence E. Laubscher Jr., Esq.
LAUBSCHER & LAUBSCHER, PC
1160 Spa Rd., Suite 2B
Annapolis, MD  21403

Kenneth S. McLaughlin, Jr., Esq.
MCLAUGHLIN & ASSOCIATES, P.C.
1 E. Benson St., Suite 301
Aurora, IL  60505

Re:   *Emerson Creek Pottery, Inc., v. Countryview Pottery Co., et al.*
USDC for the WDVa, Lynchburg Division
Case No. 6:20cv00054

Dear Larry and Ken:

Emerson Creek Pottery, Inc. (ECP) requests that your clients Countryview Pottery Co., Emerson Creek Events, Inc., Christina Demiduk and David Demiduk ("Defendants") supplement their responses to ECP's First Set of Requests for Production of Documents and First Interrogatories to Defendants served on March 31, 2021, pursuant to Federal Rules of Civil Procedure 26, 33, 34 and 37.

Ken's May 27, 2021, transmittal email forwarding Defendants' responses[1] states that your clients had already answered ECP's discovery and produced "significant sales and tax information," which perhaps ECP "overlooked" when propounding this present discovery.  Contrary to Ken's comments, ECP's present discovery seeks information and documents that you did not provide in the registration proceedings at the US Patent and Trademark Office's Trademark Trial and Appeal Board (TTAB).[2]  In the infringement suit before this Court, ECP seeks documents and information regarding Defendants' costs and revenues for all goods and services they offer under the **EMERSON CREEK** and **EMERSON CREEK POTTERY** marks.  This information is relevant, has specifically been requested in the TTAB action and now in this matter, and Defendants continue to refuse to provide it.

---

[1] Defendants sought an extension of time to respond to ECP's discovery due to a personal matter, to which ECP agreed.  Hence, Defendants' instant responses were provided nearly 60 days after propoundment.

[2] Christina and David Demiduk were not party to the TTAB proceedings, because they did not individually apply to register ECP's marks.  Rather, their companies — the corporate defendants here did.

Lawrence E. Laubscher Jr., Esq.
Kenneth S. McLaughlin, Jr., Esq.
June 4, 2021
Page 2


ECP is requesting costs and revenues documents to determine Defendants' profits and to measure damages and market penetration from Defendants use of the **EMERSON CREEK** marks.  ECP requested this information in the TTAB and again in this case on March 31, 2021.  Ken and I corresponded multiple times in 2019 (copies enclosed as Exhibit A) about the TTAB discovery.  In compromising ECP's threatened and prepared TTAB motion to compel, Ken provided some redacted tax returns, summary QuickBooks reports and a few third-party invoices from website and marketing vendors.  ECP demurred then, because the TTAB has no jurisdiction to award damages and can only decide whether or not a mark registers.  This Court can award damages, which ECP is seeking, and Defendants must provide the requested documents and information.

As you are well aware, Defendants' costs and revenues are standard fare in trademark cases, if not most commercial litigation.  On March 31, ECP specifically requested cost and revenue information and documents related to Defendants' restaurant and café, cookbook, event, gift shop and any other goods or services, all offered under the **EMERSON CREEK** marks.  Defendants state in their present responses that ECP is "broadly seek[ing] disclosure of information related to sales of goods and services apart from the sale of pottery and related goods.  [ N]o pottery was sold in connection with [e.g.,] yoga, wine events, farmer marketplace events or cookbooks." Defendants took the same position in the TTAB, where Defendants objected that pottery, on the one hand, was not related to restaurant, café, cookbooks and event services, on the other hand.  In response, ECP cited obvious and black-letter authority traversing these assertions,[3] but Defendants never responded substantively.  As pointed out in 2019, Ken even signed a TTAB opposition complaint (No. 912417250) that he based on Defendants' application for **EMERSON CREEK TEAROOM** (U.S. Ser. No. 87613773)[4] for "tea rooms, restaurants and café services," thereby admitting relatedness.  Nonetheless, in the present responses, Defendants (again) fail to provide any authority and merely repeat empty objections that are contrary to the law previously provided by ECP.

The offering of pottery, on the one hand, and restaurant and café, cookbook, event, gift shop, wine and yoga and marketplace goods and services, on the other hand, clearly are "related" goods and services in trademark's likelihood of confusion analysis, and Defendants' continuing, unsupported objections to the contrary are unfounded. "Consumers are likely to be confused by the use of similar marks on or in connection

---

[3] *See* my letters to Ken dated October 9 and 17 and November 18, 2019, attached as Exhibit A, and the authority cited therein.
[4] U.S. trademark application serial number 87613773 was filed by Countryview Pottery Co. and Emerson Creek Events, Inc. and not the individual defendants here.

Lawrence E. Laubscher Jr., Esq.
Kenneth S. McLaughlin, Jr., Esq.
June 4, 2021
Page 3

with goods[, on the one hand,] and with services featuring or related to those goods[, on the other.]" *U.S. Patent and Trademark Office, Trademark Manual of Examining Procedure* (Oct. 2018) § 120.01(a)(ii) and cases cited therein.[5]  Indeed, Defendants' marketing and website photography show ***they themselves actually using*** ECP's pottery to serve their restaurant and café food.  *See* d-e 1-7 and ECP1248 – ECP1250, enclosed herewith as Exhibit B.  Defendants also decorate the walls of their restaurant with ECP's pottery.  *See*  ECP1259 – 1261, enclosed herewith as Exhibit C.  Defendants' continued failure to provide the requested documents and information is hard to understand as anything other than unnecessary delay and to increase litigation costs.

Specifically from ECP's March 31, 2021, discovery, please supplement the interrogatory responses and provide the following, referring to those requests themselves and the instructions therein, in short:

19.    Re Defendants' purchases and purchase costs of all goods and services offered in the **gift shop business**, all purchase orders to vendors, invoices from vendors, bills of lading, shipping documents, packing lists, receipts, checks or other documents evidencing payment of invoices, records of accounts payable, inventories, checkbook registers, etc.

20.    Re Defendants' sales and sales revenue of all goods and services sold in the **gift shop business**, all customer order documentation, packing lists, shipping documents, invoices, purchase orders, inventory documents, point-of-sale receipts and documentation, records of accounts receivable, daily and other periodic transaction records and reports, etc.

21.    Re Defendants' purchases and purchase costs of all goods and services sold in the **restaurant and café business**, all purchase orders to vendors, invoices from vendors, packing lists, bills of lading, shipping documents, receipts, checks or other documents evidencing payment of invoices, records of accounts payable, inventories, etc.

22.    Re Defendants' sales and sales revenue of all goods and services sold in the **restaurant and café business**, all customer order documentation, reservations and bookings, point-of-sale receipts and documentation, records of accounts receivable, daily and other periodic transaction records and reports, etc.

23.    Re Defendants' purchases and purchase costs of all goods and services sold

---

[5] *See* my letter to Ken dated October 9, 2019, at p.2 and fn.2, enclosed herewith at Exhibit A.

Lawrence E. Laubscher Jr., Esq.
Kenneth S. McLaughlin, Jr., Esq.
June 4, 2021
Page 4

in the **event venue business**, all purchase orders to vendors, invoices from vendors, packing lists, bills of lading, shipping documents, receipts, checks or other documents evidencing payment of invoices, records of accounts payable, etc.

24.    Re Defendants' sales and sales revenue of all goods and services sold in the **event venue business**, all customer order documentation, reservations and bookings, point-of-sale receipts and documentation, records of accounts receivable, daily and any other periodic transaction records and reports, etc.

25.    Re Defendants' purchases and purchase costs of all goods and services sold in the **yoga and wine events, farmer marketplace events, cookbooks, etc., businesses**, all purchase orders to vendors, invoices from vendors, bills of lading, receipts, checks or other documents evidencing payment of invoices, records of accounts payable, etc.

26.    Re Defendants' sales and sales revenue of all goods and services sold in the **yoga and wine events, farmer marketplace events, cookbooks businesses**, all customer order documentation, reservations and bookings, point-of-sale receipts and documentation, records of accounts receivable, daily and any other periodic transaction records and reports, etc.

27.    Copies of all bank statements issued to Defendant(s) for all bank accounts used to operate the gift shop, restaurant and café, event venue, yoga and wine events and farmer marketplace events businesses.

28.    Copies of all credit card merchant payment processing statements issued to Defendant(s) for all bank accounts used to operate the gift shop, restaurant and café, event venue, yoga and wine events and farmer marketplace events businesses.

29.    Copies of all bank account and credit card merchant payment processing registers kept by Defendant(s) for all all bank accounts used to operate the gift shop, restaurant and café, event venue, yoga and wine events and farmer marketplace events businesses.

Please provide the requested documents and information by June 11, 2021.  If Defendants fail to do so, then please provide your availability on June 14 for a meet and confer.  If we are unable to resolve these issues, ECP likely will be forced to move forward with a motion to compel seeking its fees and costs.

Lawrence E. Laubscher Jr., Esq.
Kenneth S. McLaughlin, Jr., Esq.
June 4, 2021
Page 5

Sincerely,

GARFIELD GOODRUM, *DESIGN LAW*

/gbg/
Garfield Goodrum, Esq.
garfield.goodrum@gdrmlaw.net

Enclosures

cc:  EMERSON CREEK POTTERY, INC.
     Henry Willett, Esq.
     Chris Sylvain, Esq.

GBG/llw

Lawrence E. Laubscher Jr., Esq.
Kenneth S. McLaughlin, Jr., Esq.
June 4, 2021
Page 6

# EXHIBIT A

### GARFIELD GOODRUM, *DESIGN LAW*
90 Canal Street, 4th Floor
Boston, Massachusetts 02114

garfield.goodrum@gdrmlaw.net                    DESIGN COPYRIGHTS,
617.861.0780                                  ARCHITECTURAL WORKS,
fax: 617.507.5983                          TRADEMARKS and COPYRIGHTS

**ADVANCED VIA EMAIL - kmclaughlin@ma-lawpc.com**

October 9, 2019

Kenneth S. McLaughlin, Jr.
**McLaughlin & Associates, P.C.**
495 North Commons Drive, Suite 103
Aurora, IL 60504

> Re:   *Emerson Creek Pottery, Inc., v. Countryview Pottery Co., et al.*
>        US Trademark Trial and Appeal Board
>        Opposition No. 91241725

Dear Ken:

I write to request that your clients Countryview Pottery Co. and Emerson Creek Events, Inc., supplement their responses to **Emerson Creek Pottery, Inc. (ECP)'s Request** for Production Nos. 3 and 9 and Interrogatory No. 3 pursuant to Federal Rules of Civil Procedure 26, 33, 34 and 37. I write separately regarding further deficiencies in your clients' discovery responses.

Request for Production (RFP) 3 calls for unit and dollar sales for pottery, restaurant and event services regarding any **EMERSON CREEK** mark or text. Interrogatory 3 calls for total sales per month of pottery, cook book, gift shop, tea room, restaurant and event services and related detail. You object generally to the RFP claiming **"sales of pottery and any other goods or any non-banquet or event related services"** are not associated with application 87613813 ('813) for **EMERSON CREEK EVENTS**.[1] You object specifically to the Interrogatory that **"use of the mark for sales of pottery, cookbooks, gift shops or tea rooms"** is not associated with registration of the '813 application. You object to the Interrogatory further, claiming **"class of purchasers"** is not defined, despite being a common term in trademark law. You also note a 20-year time frame and provide Attorney's Eyes Only documents marked ECE 252-270, constituting summary bookkeeping information and redacted US tax returns for certain years.

---

[1] Your clients have disclaimed exclusive rights to EVENTS and TEAROOM, and the PTO is requiring them to disclaim CAFÉ and CONFECTIONERY.

Kenneth S. McLaughlin, Jr.
**McLaughlin & Associates, P.C.**
October 9, 2019
Page 2

However, the law flatly rejects your goods and services association / relatedness argument.  It is obvious that pottery and cook books, on the one hand, are typically provided and used in running tea rooms, restaurants and cafes, on the other.  Legion cases state definitively that **"[c]onsumers are likely to be confused by the use** of similar marks on or in connection with goods and with services featuring or related to those **goods."** *US Patent and Trademark Office, Trademark Manual of Examining Procedure* (Oct. 2018) (*TMEP*) § 1207.01(a)(ii).  Indeed, your clients themselves even based their present opposition on your US application 87613773 ('773) for the mark **EMERSON CREEK TEAROOM** for "tea rooms, restaurants and café services," thus admitting relatedness.

Applying clear law, the US Patent and Trademark Office (PTO) Examining Attorneys assigned to your clients' said application and applications 88464124 and 88464155 for **EMERSON CREEK CAFÉ** and **EMERSON CREEK CONFECTIONARY** have specifically and repeatedly held that **"...consumers are likely to be confused by the use** of **EMERSON CREEK POTTERY** used in connection with registrant's mugs and tea pots and **EMERSON CREEK TEAROOM [CAFÉ** and **CONFECTIONERY]** used in connection with applicant's tearoom services as mugs and tea pots are commonly featured in tearooms."** Office Action for application no. 87613773, mailed January 2, 2018.[2]  The Examiner in

---

[2]  "Consumers are likely to be confused by the use of similar marks on or in connection with goods and with services featuring or related to those goods.  TMEP §1207.01(a)(ii); *see In re Hyper Shoppes (Ohio), Inc.*, 837 F.2d 463, 6 USPQ2d 1025 (Fed. Cir. 1988) (holding BIGG'S for retail grocery and general merchandise store services likely to be confused with BIGGS for furniture); *In re United Serv. Distribs., Inc.*, 229 USPQ 237 (TTAB 1986) (holding design for distributorship services in the field of health and beauty aids likely to be confused with design for skin cream); *In re Phillips-Van Heusen Corp.*, 228 USPQ 949 (TTAB 1986) (holding 21 CLUB for various items of men's, boys', girls' and women's clothing likely to be confused with THE "21" CLUB (stylized) for restaurant services and towels); *In re U.S. Shoe Corp.*, 229 USPQ 707 (TTAB 1985) (holding CAREER IMAGE (stylized) for retail women's clothing store services and clothing likely to be confused with CREST CAREER IMAGES (stylized) for uniforms); *Steelcase Inc. v. Steelcare Inc.*, 219 USPQ 433 (TTAB 1983) (holding STEELCARE INC. for refinishing of furniture, office furniture, and machinery likely to be confused with STEELCASE for office furniture and accessories); *Mack Trucks, Inc. v. Huskie Freightways, Inc.*, 177 USPQ 32 (TTAB 1972) (holding similar marks for trucking services and on motor trucks and buses likely to cause confusion).
In this case, consumers are likely to be confused by the use of **EMERSON CREEK POTTERY** used in connection with registrant's mugs and tea pots and **EMERSON CREEK TEAROOM** used in connection with applicant's tearoom services as mugs and tea pots are commonly featured in tearooms.  *See* **attached evidence from Gypsy's Tearoom, St. James Tearoom and Serenitea Tea Room** wherein each entity offers tearoom services alongside tea goods such as mugs and tea pots. Additionally, the greater degree of similarity between the applied-for mark and the registered mark, the lesser the degree of similarity between the goods and/or services of the parties is required to support a finding of likelihood of confusion.  *In re C.H. Hanson Co.*, 116 USPQ2d 1351, 1353 (TTAB 2015) (citing *In re Opus One Inc.*, 60 USPQ2d 1812, 1815 (TTAB 2001)); *In re Thor Tech, Inc.*, 90 USPQ2d

Kenneth S. McLaughlin, Jr.
**McLaughlin & Associates, P.C.**
October 9, 2019
Page 3

your '773 application first told you this in January 2018, citing the *TMEP* and ample Federal Circuit and TTAB case law, and she rejected your contrary arguments in maintaining the likelihood of confusion rejection of that application.  A different PTO Examiner told you essentially the same thing on August 30, 2019, in her own indepdent likelihood of confusion rejections of your clients' **EMERSON CREEK CAFÉ** and **EMERSON CREEK CONFECTIONARY** applications. The law and the PTO are definitive that use of similar marks for event, restaurant and banquet services, on the one hand, and for pottery, cookbooks, gift shops and tea rooms, on the other, are related and associated for the present analysis.  Thus, your objection on this ground is without merit.

Your objection to "class of purchasers" as undefined and vague is surprising, because the term is common and well understood in trademark law.  It means the typical buyer of goods and services exercising ordinary caution.  *See, e.g., TMEP* § 1207.01(a)(iii) - *Reliance on Identification of Goods/Services in Registration and Application* ("If the cited registration describes goods or services broadly, and there is no limitation as to their nature, type, channels of trade, or class of purchasers, it is presumed that the registration encompasses all goods or services of the type described, that they move in all normal channels of trade, and that they are available to all classes of purchasers.  *See, e.g., Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*, 719 F.3d 1367, 1373, 107 USPQ2d 1167, 1173 (Fed. Cir. 2013)."); *Homeowners Group, Inc. v. Home Mktg. Specialists, Inc.*, 931 F.2d 1100, 1107 (6th Cir. 1991)  ("[The] ultimate question [is] whether relevant consumers are likely to believe that the products or services offered by the parties are affiliated in some way.").  Your objection that "class of purchasers" is not defined and vague also lacks merit.

The '813 application claims first use in commerce of the mark from October 30, 2010.  Providing responses from 2010 forward and inclusive is reasonable.

As requested in the instant discovery, please have your clients state:

- Total sales per month of pottery, cook book, gift shop, tea room, restaurant and café services for each month since October 30, 2010. (Interrogatory 3.)
- The class of purchasers of the pottery, cook book, gift shop, tea room, restaurant and event services.  (*Id.*)

---

1634, 1636 (TTAB 2009)."
Thus, upon encountering **EMERSON CREEK TEAROOM** in connection with applicant's tearoom services and **EMERSON CREEK POTTERY** in connection with registrant's tea pots and mugs, consumers are likely to be confused and mistakenly believe that the respective services and goods emanate from a common source."  Office Action for application no. 87613773, mailed January 2, 2018.

Kenneth S. McLaughlin, Jr.
**McLaughlin & Associates, P.C.**
October 9, 2019
Page 4

- Total net profit per month from the sale of pottery, cook books, gift shop, tea room, restaurant and event services.  (*Id.*)
- How this profit was determined.  (*Id.*)
- Identify and annex copies of all documents pertinent to determination of such profits.  (*Id.*)

Likewise, please provide documents showing, concerning, evidencing, relating or referring to your clients':

- Unit sales of pottery, cook books, gift shop, tea room, restaurant and café services (*i.e.*, numbers of units of goods sold of pottery and cook books and numbers of individual transactions and consumers of gift shop, tea room, restaurant and café services) since October 30, 2010.  (RFP 3.)
- Dollar sales of pottery, cook books, gift shop, tea room, restaurant and café services since October 30, 2010.  (*Id.*)
- Sales of pottery, cook books, gift shop, tea room, restaurant and café services not obtained or originating from Emerson Creek Pottery since October 30, 2010, including all receipts, invoices and/or statements issued to them or by them.  (RFP 9.)

If any of the aforementioned information or documents no longer exist, please provide details of when, who and how each document was destroyed, lost or deleted.

Please provide us the above requested information and documents by October 23, 2019.  This correspondence is submitted pursuant to Federal Rules of Civil Procedure 26, 22, 34 and 37.

Thank you, and please do not hesitate to contact me to discuss this in further detail.

Sincerely,

GARFIELD GOODRUM, *DESIGN LAW*

/gbg/
Garfield Goodrum, Esq.
garfield.goodrum@gdrmlaw.net

GBG/aac

GARFIELD GOODRUM, *DESIGN LAW*
90 Canal Street, 4th Floor
Boston, Massachusetts  02114

garfield.goodrum@gdrmlaw.net                                    DESIGN COPYRIGHTS,
617.861.0780                                                    ARCHITECTURAL WORKS,
fax: 617.507.5983                                          TRADEMARKS and COPYRIGHTS

**ADVANCED VIA EMAIL - kmclaughlin@ma-lawpc.com**

October 17, 2019

Kenneth S. McLaughlin, Jr.
**McLaughlin & Associates, P.C.**
495 North Commons Drive, Suite 103
Aurora, IL  60504

Re:     *Emerson Creek Pottery, Inc., v. Countryview Pottery Co., et al.*
        US Trademark Trial and Appeal Board
        Opposition No. 91241725

Dear Ken:

I write to further request that your clients Countryview Pottery Co. (CV), Emerson Creek Events, Inc. (ECE), and Christina and David Demiduk supplement their responses to **Emerson Creek Pottery, Inc. (ECP)'s** First Interrogatories and First Requests for Production pursuant to Federal Rules of Civil Procedure 26, 33, 34 and 37.

### GENERAL OBJECTIONS

In your clients' responses to said discovery, you provide General Objections about (i) ECP's definitions of the parties, (ii) the relatedness of non-banquet and event services to pottery, cook books and gift shop, tea room and restaurant services and (iii) **ECP's discovery is not limited in time.**  You then expressly subject their responses to Interrogatories 1 – 16 and Requests for Production (RFP) 2, 3, 5 and 6 to these General Objections.  You further object to RFPs 16 and 17 as vague and overbroad.  Your related (ii) and time (iii) objections are without merit, as I indicated in my October 9, 2019, letter to you.

Regarding (ii) moreover, and by the same authority cited in my letter, retail store services such as your clients' gift shop services are related to the goods offered in such retail stores.

You party definition objection (i) is also without merit.  ECP's definition of "Applicants," "Defendants," "you" and "your" collectively and individually includes Christina Demiduk, Ron Wehrli and David Demiduk along with CV and ECE, because that is how those companies actually offer the event, restaurant, tea room and cafe services

Kenneth S. McLaughlin, Jr.
**McLaughlin & Associates, P.C.**
October 17, 2019
Page 2

they specifically claim in the applications they themselves plead in the instant case — serial number 87613813 ('813) for **EMERSON CREEK EVENTS** and number 87613773 **('773) for EMERSON CREEK TEAROOM**.  The Demiduks speak about providing these services themselves on their ecreekpotteryandtearoom.com website, social media pages and in newspaper articles.  Your clients respond to Interrogatory 1 that Christina Demiduk and David Demiduk answered **ECP's First Set of Interrogatories** and to Interrogatory 4 that **"Ron Wehrli was a partner with Christina Demiduk...in the development of the gift shop and tearoom...."**  They also respond in several places that the Demiduks will testify in further answer.  CV and ECE admit with these statements and Interrogatory responses that Christina Demiduk and David Demiduk are involved in offering the present goods and services.

ECP's RFPs 16 and 17 are not vague and overbroad, because they are expressly limited to your clients' Initial Disclosures and responses to **ECP's First Interrogatories.** Please supplement all of your clients' responses to ECP's First Interrogatories and First Requests for Production (i) from and by Christina Demiduk, Ron Wehrli and David Demiduk, (ii) with separate information and documents specific to pottery, cook books, gift shop, event, restaurant, tea room and cafe services and (iii) from the first use dates your clients' claim in their trademark applications, and as further requested below in light of the foregoing.

SPECIFIC DEFICIENCIES

RFP 1 calls for ownership, selection, adoption, application, registration, protection or use documents for **EMERSON CREEK.**  You only respond that CV and ECE's trademark applications are public record, part of the record in this case and that they own two domain names.

- Please provide all non-publicly available documents concerning EMERSON CREEK, including communications, contracts and papers between Christina Demiduk, Ron Wehrli and David Demiduk as well as any third parties (individually, collectively together and in any grouping(s)), such as emails, contracts, assignments, licenses, releases, articles of incorporation, stock certificates, other corporate records, *etc.*

RFP 2 calls for actual confusion documents between ECP and CV and ECE re EMERSON CREEK.  You limit your response to event services and state no one else is using the term for same.

- Please provide all documents containing or about the term EMERSON CREEK in relation to pottery, cook books and/or gift shop, event, banquet, restaurant, café

Kenneth S. McLaughlin, Jr.
**McLaughlin & Associates, P.C.**
October 17, 2019
Page 3

and/or tearoom services offered by ECP, CV, ECE, Jim Leavitt, Christina Demiduk, Ron Wehrli and/or David Demiduk, including but not limited to any communications from other people or entities, misdirected communications, inquiries / information requests concerning said goods or services, orders for same, travel direction inquiries, hours of operation inquiries, customer service complaints, commendations or returns.

RFP 4 calls for marketing and advertising documents including online and social media.  You object and respond with a list of several websites, stating that the sites are publicly available, and documents ECE 001-251.  However, it appears for example: the Emerson Creek Pottery and Tearoom website previously hosted at <www.ecreekpotteryandtearoom.com> was completely redesigned, including by the deletion of content, at some point; your clients' YouTube channel name was changed from **"Emerson Creek Pottery and Tearoom"** to **"Emerson Creek"** at some point; the LinkedIn company profile for **"Emerson Creek Pottery"** located in Oswego, IL was deleted at some point;.  The aforementioned are intended to be illustrative, representing possible known instances from any number of possible other instances which are unknown to ECP regarding your clients' past use.  Such previous versions and content are no longer publicly available and therefore unavailable to ECP.

- Please provide copies of all printed and/or digital materials containing EMERSON CREEK (with and without other wording or elements) used or provided in marketing, advertising, and generally promoting or offering pottery, cook books and/or gift shop, event, banquet, restaurant, café and/or tearoom services, including but not limited to all (physically or virtually / digitally presented) menus, advertisements, employee manuals, hand books and contracts, public comment or suggestion cards / forms, and all versions of the websites (in PDF and native form) CV, ECE, Christina Demiduk, Ron Wehrli or David Demiduk offered at any of the listed domain names and social media addresses, including all ownership, registrar, application and registration records, documents, invoices and receipts related thereto, and including all prior versions and content thereof which have since been updated and are no longer publicly available.

RFP 5 calls for documents re your clients' pottery and restaurant and event services customers.  You object and respond, among other things, that "a formalized and complete customer list" does not exist and provide certain accounting documents and tax returns.

- Please provide the materials requested in RFP 4.  Please also provide any other called for documents, including but not limited to any inquiries, interviews,

Kenneth S. McLaughlin, Jr.
**McLaughlin & Associates, P.C.**
October 17, 2019
Page 4

interview requests, reports, articles, complaints, commendations or celebrations of, for or regarding pottery and restaurant and event services by CV, ECE, Christina Demiduk, Ron Wehrli or David Demiduk.

RFP 6 calls for all documents re the goods and services offered by your clients, and you object in citing ECE 001 to 251.

- Please provide all purchase orders, third-party catalogs, third-party marketing and advertising and invoices to your clients.

RFP 7 calls for use and registration investigation and analysis documents for marks or text containing EMERSON CREEK. You respond, among other things, none other than conducted by counsel and assert same are protected by the attorney work product doctrine. However, it is broadly accepted that only attorney opinions are privileged. *See,* TBMP 402.02, n. 6; *Miles Labs., Inc. v. Instrumentation Lab., Inc.*, 185 U.S.P.Q. 432, 433-434 (TTAB Apr. 9, 1975) (**"**It has been held that search reports, per se, do not fall within the attorney-client privilege and must be furnished.**"**); *Amerace Corp. v. USM Corp.*, 183 U.S.P.Q. 506, 507 (TTAB Sept. 23, 1974); *Fisons Ltd. v. Capability Brown Ltd.*, 209 U.S.P.Q. 167, 170-171 (TTAB Nov. 26, 1980); *Axiohm S.A. v. Axiom Tech., Inc.*, 2000 TTAB LEXIS 802, *7 (TTAB Oct. 18, 2000).

- Please provide all documents or communications relating in any way to or constituting investigations, searches or search reports, whether by your clients, third parties, yourself or other counsel or agents or employees of same. You may redact privileged subject matter therein.

RFP 9 calls for documents re sales of pottery, cook books, gift shop, tea room not from / by ECP or its owner Jim Leavitt. You objected and provided certain attorney-only accounting and tax documents.

- Please provide all documents, records, purchase orders, third-party catalogs, third-party marketing and advertising, invoices and receipts to your clients.

RFP 10 calls for documents re third-party uses containing EMERSON CREEK. You object and respond none.

- Please supplement as requested above, including but not limited to specifically documents concerning Ron Wehrli**'s** use of the marks. Also, as indicated, Mr. Wehrli is included within the calls for all questions to your clients. By your own objections, nonetheless, your clients believe he is a third party. In either case, please provide any documents concerning the marks and Mr. Wehrli in addition to

Kenneth S. McLaughlin, Jr.
**McLaughlin & Associates, P.C.**
October 17, 2019
Page 5

any other responsive documents.

RFP 11 calls for communications, exchanges, negotiation and agreement documents among ECP, Jim Leavitt, CV, ECE, Christina Demiduk, Ron Wehrli and/or David Demiduk regarding EMERSON CREEK marks and text including but not limited to the offerings of pottery, cook books, gift shop, restaurant, café, event and banquet services.  You objected generally as above and specifically, admitting there had been such communications "over the years" that had not been reduced to writing.

- Please supplement as requested above and providing any documents or materials pertaining to such admitted communications, including but not limited to emails, diary entries, references to such communications, reports of same, communications about same and any drafts thereof.

RFP 12 calls for materials re permits or permissions to offer pottery, cook books and gift shop, restaurant, café, tea room, event and banquet services.  You object generally and respond none other than specified assumed name certificates that are publicly available.

- Please supplement as requested above and providing any documents or materials pertaining to or constituting applications, correspondence regarding called-for permits or permissions and reports re same.

RFP 13 calls for materials and documents re difference, disputes or controversies between your clients and any third parties concerning any text or mark containing EMERSON CREEK.  You object generally and respond none.

- Please supplement as requested above and providing all materials or documents concerning all complaints about any good or service offered under or in conjunction with any text or mark containing EMERSON CREEK.

RFP 14 calls for materials and documents re difference, disputes or controversies between your clients and any third parties offering pottery, cook books and gift shop, restaurant, café, tea room, event and banquet services with any text or mark containing EMERSON CREEK.  You object generally and respond none.

- Please supplement as requested above and providing all materials or documents concerning all complaints about the offering of pottery, cook books and gift shop, restaurant, café, tea room, event and banquet services under or in conjunction with any text or mark containing EMERSON CREEK.

Kenneth S. McLaughlin, Jr.
**McLaughlin & Associates, P.C.**
October 17, 2019
Page 6

RFP 15 calls for materials and documents from any third party regarding ECP and Jim Leavitt.  You object generally and provide documents ECE 54-55.

- Please supplement as requested above including any materials or documents concerning or related to pottery, cook books and gift shop, restaurant, café, tea room, event and banquet services.

RFP 16 calls for third-party materials and documents re any mark, text or product offered or advertised with EMERSON CREEK.  Your object generally and provide documents ECE 1-251.

- Please supplement as requested above including any materials or documents concerning or related to pottery, cook books and gift shop, restaurant, café, tea room, event and banquet services.

RFP 17 calls for materials and documents identified, referred to in and or **supporting CV, ECE, Christina Demiduk, Ron Wehrli and/or David Demiduk's** initial disclosures.  You object such request is vague and overbroad.

- Please supplement as requested above or confirm there are no such documents.

RFP 18 calls for materials and documents identified, referred to in and or **supporting CV, ECE, Christina Demiduk, Ron Wehrli and/or David Demiduk's** interrogatory responses.  You object such request is vague and overbroad.

- Please supplement as requested above or confirm there are no such documents.

Interrogatory 1 calls for the identity of persons answering the interrogatories.  You respond Christina Demiduk and David Demiduk.

- Please identify any other persons supplementing the interrogatory responses.

Interrogatory 2 calls for facts concerning any opinions about use of any mark or text containing EMERSON CREEK.  You object based on attorney-client privilege and state none other than what may have been provided by legal counsel.  However, as shown above, the privilege only extends to opinions themselves.  *See* citations re RFP 7 *supra; see also Goodyear Tire & Rubber Co. v. Tyrco Industries*, 186 USPQ 207, 208 (TTAB 1975) (the fact that an attorney may have given an opinion to a client is not in and of itself privileged information; only the substance of the communication is considered privileged).

Kenneth S. McLaughlin, Jr.
**McLaughlin & Associates, P.C.**
October 17, 2019
Page 7

- Please provide the date(s) all such opinions were requested, the person(s) requesting same, the date(s) such were given and by whom.

Interrogatory 3 calls for total sales per month of pottery, cook books and gift shop, tea room, restaurant and event services in detail. You object generally and respond in indicated in my October 9, 2019, letter to you.

- Further to the request in my letter, please supplement your response as requested above and provide the information called for in Interrogatory 3 for each said good and service separately.

Interrogatory 4 calls for a description of Ron Wehrli's relationship to CV and ECE by year including express details. You object the interrogatory is overbroad and state **Mr. Wehrli** "was a partner with Christina Demiduk years ago in the development of the gift shop and tearoom" but not re event services or the "specific selection or use of any trade name or trademark, including Emerson Creek Events." However, your clients claim use of EMERSON CREEK marks since 2010 in their present PTO applications and pottery, cook books and gift shop, restaurant, tea room, café and event services are all related, as shown by the law cited in my October 9, 2019 letter to you and the Office Actions issued in your clients' various applications cited therein.

- Please describe in detail Ron Wehrli's relationship to CV, ECE, Christina Demiduk and David Demiduk for 2010 and each year since 2010, including but not limited to **Mr. Wehrli's ownership interest, employment,** duties and responsibilities, providing specific dates, details of beginning and ending of said relations, reasons for same and all documents regarding, memorializing and effecting same.

Interrogatory 5 calls for descriptions of the ordinary customers, trade channels and advertising / marketing for pottery, cook books and gift shop, tea room, restaurant and event services. You object generally as above and provide answers only for event services.

- Please respond as requested above and previously, providing the requested descriptions for the remaining goods and services. As set forth with respect to RFP 4 above, please provide the account names of all social media platform and domain names for all websites used by your clients, noting historical changes to such names and to all content provided thereon, including a description of such content and a detailed timeline for such changes, as well as an explanation regarding the purpose of such changes, at least since 2010.

Kenneth S. McLaughlin, Jr.
**McLaughlin & Associates, P.C.**
October 17, 2019
Page 8


If any of the aforementioned documents no longer exist, please provide me details as to when, who and how each document was destroyed, lost or deleted.

To facilitate your responses to the above deficiencies and those indicated in my October 9, 2019 letter, please provide the information, materials and documents requested in both letters by November 4, 2019.  This correspondence is submitted pursuant to Federal Rules of Civil Procedure 26, 22, 34 and 37.

Thank you, and please do not hesitate to contact me to discuss this in further detail.

Sincerely,

GARFIELD GOODRUM, *DESIGN LAW*


/gbg/
Garfield Goodrum, Esq.
garfield.goodrum@gdrmlaw.net

cc:    EMERSON CREEK POTTERY, INC.
Chris Sylvain, Esq.

GBG/aac

GARFIELD GOODRUM, *DESIGN LAW*
90 Canal Street, 4th Floor
Boston, Massachusetts  02114

garfield.goodrum@gdrmlaw.net                                    DESIGN COPYRIGHTS,
617.861.0780                                                  ARCHITECTURAL WORKS,
fax: 617.507.5983                                          TRADEMARKS and COPYRIGHTS

**VIA EMAIL ONLY** — kmclaughlin@ma-lawpc.com

November 18, 2019

Kenneth S. McLaughlin, Jr., Esq.
**McLaughlin & Associates, P.C.**
495 North Commons Drive, Suite 103
Aurora, IL  60504

> Re:    *Emerson Creek Pottery, Inc., v. Countryview Pottery Co., et al.*
>        US Trademark Trial and Appeal Board
>        Opposition No. 91241725

Dear Ken:

We respond to your November 12, 2019, letter, regarding your clients' — Countryview Pottery Co. and Emerson Creek Events, Inc. (together **"Demiduks"**), discovery deficiencies in this matter.  The Demiduks are continuing to withhold relevant, responsive material, forcing Emerson Creek Pottery, Inc. (ECP) to move to compel, which we are doing forthwith.

You state that our October 9 and 17, deficiency letters are untimely and substantively unfounded, we attempted to make deposition scheduling contingent on the Demiduks' supplementing discovery, the Demiduks use of ECP's mark with generic terms is irrelevant and they have no obligation to provide documents in the possession of Ron Wehrli, Christina Demiduk's former business partner and original licensee with her from ECP.  However, discovery is still open and does not close until January 13, 2020, and ECP did not condition deposition scheduling as you suggest.  Indeed, the Demiduks are precluding ECP from taking depositions by not fully responding, since ECP cannot depose your clients until it has their responses.  The Demiduks have also sought several extensions in this matter, and during April and May, Mr. Leavitt — founder of **EMERSON CREEK POTTERY** in 1977, continued to attempt settlement directly with your clients and Mr. Wehrli.  While we requested you provide documents shortly after our letters, you failed to advise that the Demiduks would not fill the major holes in their responses until your letter, nearly a month after ours.

You again fail to offer any explanation or authority for your position that the Demiduks' sales and use of **EMERSON CREEK** with the generic and disclaimed terms

Kenneth S. McLaughlin, Jr., Esq.
**McLaughlin & Associates, P.C.**
November 18, 2019
Page 2

**TEAROOM, CAFÉ** and **CONFECTIONERY** are irrelevant and only repeat your bald claims. As indicated in our letters, you yourself signed the present opposition notice that you based expressly on the **EMERSON CREEK TEAROOM** application (87613773), thereby admitting relevance.  You do not respond to this fact.  Your November 12 letter also fails to explain or otherwise show the requested information is not relevant.  In our letters, ECP stated definitive Federal Circuit and TTAB authority that similar marks used with goods or services related to those goods are likely to create confusion and therefore relevant.  You reply that you stand on your prior (naked) objections and fail to present argument or authority traversing this established law, let alone your admission of relevance in your pleading.

You also mischaracterize ECP**'s discovery** regarding Ron Wehrli, which does not seek documents, things or information in Mr. Wehrli**'s possession** from the Demiduks. Rather, in express wording, the requests seek information in the Demiduks' possession and control.

You emailed depositions notices arbitrarily setting the Monday, then Tuesday after the Thanksgiving weekend for ECP's deposition, December 2 and 3, 2019.  Neither of those dates are available, but we are checking December 10 through 13 and December 17 through 19.  As the Board will suspend the proceedings upon the filing of our compel motion, in the alternative and for everyone's convenience, I would propose the following dates - February 4 - 7, 11-13 and 25-28, 2020.

Your November 12, 2019, letter is not a good faith effort to resolve the deficiencies identified in our October 9 and 17, 2019 letters.  If the Demiduks would fully respond to ECP's discovery and supplement their responses, they could avert the present motion and all related relief.

Sincerely,

GARFIELD GOODRUM, *DESIGN LAW*

/gbg/
Garfield Goodrum, Esq.
*garfield.goodrum@gdrmlaw.net*

cc:    Chris Sylvain, Esq.

GBG/hk

Lawrence E. Laubscher Jr., Esq.
Kenneth S. McLaughlin, Jr., Esq.
June 4, 2021
Page 7

# EXHIBIT B



ECP 01248

SCREENSHOTS OF <emersoncreek.com/cafe> SHOWING POTTERY IN USE



SCREENSHOTS OF <emersoncreek.com/cafe> SHOWING POTTERY IN USE



SCREENSHOTS OF <emersoncreek.com/cafe> SHOWING POTTERY IN USE





Lawrence E. Laubscher Jr., Esq.
Kenneth S. McLaughlin, Jr., Esq.
June 4, 2021
Page 8

# EXHIBIT C

SCREENSHOTS OF <emersoncreek.com/cafe> SHOWING POTTERY DECORATIONS





ECP 01260

SCREENSHOTS OF <emersoncreek.com/cafe> SHOWING POTTERY DECORATIONS





SCREENSHOTS OF <emersoncreek.com/cafe> SHOWING POTTERY DECORATIONS





ECP 01262

SCREENSHOTS OF <emersoncreek.com/cafe> SHOWING POTTERY DECORATIONS

