# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

| | |
|---|---|
| EMERSON CREEK POTTERY, INC., )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>COUNTRYVIEW POTTERY CO., )<br>EMERSON CREEK EVENTS, INC., )<br>CHISTINA DEMIDUK, and )<br>DAVID DEMIDUK )<br>)<br>    Defendants. )<br>) | Case No.: 6:20-cv-00054-NKM |

**PLAINTIFF'S SECOND SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS**

    Pursuant to Fed. R. Civ. P. 34, Plaintiff Emerson Creek Pottery, Inc. ("**Plaintiff**") hereby submits its Second Set of Requests for Production of Documents to Countryview Pottery Co., Emerson Creek Events, Inc., Christina Demiduk, and David Demiduk ("**Defendants**") to be responded to and complied with fully within thirty (30) days of service hereof.

**INSTRUCTIONS AND DEFINITIONS OF TERMS**

**A.**    As used herein, the term "Plaintiff" refers to Emerson Creek Pottery, Inc., and includes all other partnerships, corporations, or other business entities (whether or not separate legal entities) subsidiary to, parent to, or affiliated with Plaintiff, including all of its or their partners, principals, officers, directors, trustees, employees, staff members, agents, and representatives, including counsel for Plaintiff.

**B.**    The term "Defendant" refers to each one of Countryview Pottery Co., Emerson Creek Events, Inc., Christina Demiduk, and David Demiduk (collectively "Defendants"), and includes all other partnerships, corporations, or other business entities (whether or not separate legal

1

entities) subsidiary to, parent to, or affiliated with any Defendant, including all of its or their partners, principals, officers, directors, trustees, employees, staff members, agents, and representatives, including counsel for each Defendant.

**C.** The term "person" refers to both natural persons and to corporate or other business entities, partnerships, groups, associations, governmental entities, or other organizations.

**D.** Whenever the terms "documents" or "all documents" are used herein, these terms are meant to include all documents available to any Defendant and further to include, without limitation, any written, recorded, graphic, or printed matter, in whatever form, whether printed and/or produced by hand or any other process, specifically including: (1) all originals, copies, or drafts; and (2) originals, copies, or drafts on which appear any notes or writings placed thereon after the document was first printed, typed, recorded, or made into graphic matter, however produced or reproduced, in the actual or constructive possession of any Defendant, including, without limitation, any letters, telegrams, memoranda, writings, circulars, monographs, bulletins, manuals, speeches, audio and video tapes, drawings, blueprints, recordings, computer disks or tapes, computer electronic or optical memory devices in readable form, computer printouts, computer electronic messages, notes, correspondence, communications of any nature, summaries of records of conversations or conferences, information which can be retrieved by any process, test and/or analysis, reports and data sheets, specifications, sketches, minutes or reports and/or summaries or interviews, reports and/or summaries of investigations, opinions or reports of consultants, agreements and contracts, brochures, pamphlets, advertisements, letters to the trade, and including any tangible things within the scope of Rule 34(a)(1) of the Federal Rules of Civil Procedure.

**E.** Any document bearing on any sheet or side thereof any marks, not a part of the original text or any reproduction thereof is to be considered a separate document for purposes of responding to the following specific document requests.

**F.** In the event any Defendant wishes to assert either attorney-client privilege or work-product exclusion, or both, as to any document for which production is requested by any of the following specific document requests, then as to each document subject to such assertion, such Defendant is requested to provide such identification to include: the nature of the document, the sender, the author, the recipient, the recipient of each copy, the date, the name of each person to whom the original or any copy was circulated, the names appearing on any circulation list associated with such document, a summary statement of the subject matter(s) of such document in sufficient detail to permit the Court to conduct an analysis to reach a determination of any claim of privilege or exclusion and separate indication of the basis for assertion of privilege or the like for each such document.

**G.** Over and above the requirements of Rule 26(e) of the Federal Rules of Civil Procedure to supplement responses, it is requested that these discovery requests be treated as continuing. If Defendants become aware of any supplemental information or documents relating to these discovery requests and which were not included in the initial responses hereto, Defendants are requested to furnish said additional information or documents as soon as possible.

**H.** The parties undertook discovery in a related action at the U.S. Patent and Trademark Office's Trademark Trial and Appeal Board. The present discovery continues the numbering of requests from the last discovery of even kind in that action.

**I.** Please provide responsive documents and things for the preceding **five years to date**.

**J.** The gift shop, restaurant and café, event venue, yoga and wine events and farmer marketplace events businesses referenced in the following requests mean those businesses offered and operated in Oswego, Illinois.

## REQUESTS FOR PRODUCTION

**Request No. 30:** All balance sheets for Countryview Pottery Co. and Emerson Creek Events, Inc., kept in the normal course of business, including but not limited to a complete balance sheet for each year for each entity.

**Response:**


**Request No. 31:** All income statements for Countryview Pottery Co. and Emerson Creek Events, Inc., kept in the normal course of business, including but not limited to a complete income statement for each year for each entity.

**Response:**


**Request No. 32:** All cash flow statements for Countryview Pottery Co. and Emerson Creek Events, Inc., kept in the normal course of business, including but not limited to a complete cash flow statement for each year for each entity.

**Response:**


**Request No.33:** A chart of accounts for each year for each entity.

**Response:**

Dated: June 18, 2021                Respectfully submitted,

**EMERSON CREEK POTTERY, INC.**

By counsel,

/gbg/ _____
Garfield Goodrum, *pro hac vice*
**GARFIELD GOODRUM,** *DESIGN LAW*
9 Canal St., 4th Floor
Boston, Massachusetts 02114
(617) 861-0780
Fax: (617) 507-5983
garfield.goodrum@gdrmlaw.net

and

Henry I. Willett III (VSB No. 44655)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
(804) 697-4130
Fax: (804) 697-6130
hwillett@cblaw.com

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS were emailed and mailed to lead counsel for Defendants at the following address on the indicated date:

Kenneth McLaughlin, Esq.
One E. Benton, Suite 301
Aurora, IL 60505
kmclaughlin@ma-lawpc.com

/gbg/_____
June 18, 2021                                Garfield Goodrum

5