# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

| | | |
|---|---|---|
| **EMERSON CREEK POTTERY, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 6:20-CV-0054-NKM** |
| | ) | |
| **COUNTRYVIEW POTTERY CO.,** | ) | |
| **EMERSON CREEK EVENTS, INC.,** | ) | |
| **CHISTINA DEMIDUK, and** | ) | |
| **DAVID DEMIDUK** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANT
COUNTRYVIEW POTTERY CO.**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Emerson Creek Potter, Inc. ("Plaintiff"), by counsel, propounds the following interrogatories to Countryview Pottery Co.:

**DEFINITIONS AND INSTRUCTIONS**

1.      All interrogatories set forth in the numbered paragraphs below shall be read and interpreted to require a response fully coextensive with the broadest scope of discovery permissible under Rules 26(b) and 33 of the Federal Rules of Civil Procedure.

2.      The words "relate," "relates," and "relating to" shall be interpreted broadly to describe information within a document that discusses, analyzes, evaluates, consists of, or otherwise makes reference to the identified subject matter.

3.      All requests set forth in the numbered paragraphs below shall be read and interpreted to require a response fully coextensive with the broadest scope of discovery permissible under Rules 26(b) and 36 of the Federal Rules of Civil Procedure.

4.      These requests are continuing in nature, and Plaintiff requests that any admission or denial be supplied in a timely manner.

5.      As used herein, the term "Plaintiff" refers to Emerson Creek Pottery, Inc., and includes all other partnerships, corporations, or other business entities (whether or not separate legal entities) subsidiary to, parent to, or affiliated with Plaintiff, including all of its or their partners, principals, officers, directors, trustees, employees, staff members, agents, and representatives, including counsel for Plaintiff.

6.      The term "Defendant" refers to each one individually of Countryview Pottery Co., Emerson Creek Events, Inc., Christina Demiduk, and David Demiduk (collectively "Defendants"), and includes all other partnerships, corporations, or other business entities (whether or not separate legal entities) subsidiary to, parent to, or affiliated with any Defendant, including all of its or their partners, principals, officers, directors, trustees, employees, staff members, agents, and representatives, including counsel for each Defendant.

7.      The term "person" refers to both natural persons and to corporate or other business entities, partnerships, groups, associations, governmental entities, or other organizations.

8.      Whenever the terms "documents" or "all documents" are used herein, these terms are meant to include all documents available to any Defendant and further to include, without limitation, any written, recorded, graphic, or printed matter, in whatever form, whether printed and/or produced by hand or any other process, specifically including: (1) all originals, copies, or drafts; and (2) originals, copies, or drafts on which appear any notes or writings placed thereon after the document was first printed, typed, recorded, or made into graphic matter, however produced or reproduced, in the actual or constructive possession of any Defendant, including, without limitation, any letters, telegrams, memoranda, writings, circulars, monographs, bulletins,

2

manuals, speeches, audio and video tapes, drawings, blueprints, recordings, computer disks or tapes, computer electronic or optical memory devices in readable form, computer printouts, computer electronic messages, notes, correspondence, communications of any nature, summaries of records of conversations or conferences, information which can be retrieved by any process, test and/or analysis, reports and data sheets, specifications, sketches, minutes or reports and/or summaries or interviews, reports and/or summaries of investigations, opinions or reports of consultants, agreements and contracts, brochures, pamphlets, advertisements, letters to the trade, and including any tangible things within the scope of Rule 34(a)(1) of the Federal Rules of Civil Procedure.

9.      The parties undertook discovery in a related action at the U.S. Patent and Trademark Office's Trademark Trial and Appeal Board.

10.     The gift shop, restaurant and café, event venue, yoga and wine events and farmer marketplace events businesses referenced in the following requests mean those businesses Defendants offer and operate in and around 5126 Stephens Rd, Oswego, Illinois.  The physical location and/or operation thereof shall include and be referred to herein as "Defendants' Shop."

11.     "Person" means any natural person, partnership, association, corporation, governmental entity, organization, company, or other entity (including nonprofit organizations) and, where applicable, all present and former officers, directors, managers, agents, employees, attorneys, and others acting, or purporting to act, on behalf of such natural person, partnership, association, corporation, governmental entity, organization, company, or other entity.

12.     "Document" means every writing or other form of recorded information of every type and description that is in your actual or constructive possession, control or custody, or any agent of yours, or any officer, attorney, or employee of such agent, including, but not limited to,

correspondence, e-mail, memoranda, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, voice recordings, reports, surveys, functional and technical specifications, minutes or statistical compilations, data processing cards or computer records or tapes or printouts; every copy of such writing or records where the original is not in your possession, custody or control; and every non-identical copy of every writing or record, where such copy contains any commentary or notation whatsoever that does not appear on the original or other copies.

13.     "Relate(s)," "relating to," or "regarding" means concerning, constituting, defining, containing, embodying, reflecting, identifying, stating, referring to, dealing with, or in any way pertaining to.

14.     For each request that Defendants assert is subject to a claim of privilege, identify and provide the following information:

i.      describe the document or information generally, including, its date of origination, document type, and its subject matter;

ii.     explain fully the basis for a claimed privilege; and

iii.    if a document, identify the author, all recipients, and all signatories to the document, and identify the custodian of the original and all copies of the document.

15.     Words used in the plural are also to be interpreted to include the singular, and words used in the singular are also to be interpreted to include the plural.

16.     The terms "and" and "or" have both conjunctive and disjunctive meanings, and "each," "any" and "all" mean "each and every."

## INTERROGATORIES

12.     Identify all facts on which you base your response to any request for admission served on you in this action with any response other than solely "admit" or "admitted."

**ANSWER:**

4

13.     Identify all facts on which you base the affirmative defenses asserted in your Answer.

**ANSWER:**

14.     Identify all facts on which you base any denials in your Answer.

**ANSWER:**

15.     Describe the business relationship between Christina Demiduk and Ron Wehrli regarding the gift shop, tearoom/restaurant and event businesses they operated in Oswego, Illinois.

**ANSWER:**

16.     Identify when Defendants first offered third-party pottery for retail sale to the public at Defendants' Shop?

**ANSWER:**

17.     Identify all facts upon which you base your contention that Plaintiff's mark "is limited to pottery" in response to Paragraph 23 in your Answer.

**ANSWER:**

18.     Identify each and every social media platform utilized by Defendants to market goods and services.

**ANSWER:**

19.     Identify and describe each manner and use of "Emerson Creek" by defendants.

**ANSWER:**

Dated:  August 2, 2021                    Respectfully submitted,

                                          /s/Henry I. Willett III
                                          Henry I. Willett III, Esq. (VSB No. 44655)
                                          CHRISTIAN & BARTON, LLP
                                          901 East Cary Street, Suite 1800
                                          Richmond, Virginia 23219
                                          (T) (804) 697-4130
                                          (F) (804) 697-6130
                                          hwillett@cblaw.com

                                          Garfield Goodrum (*pro hac vice*)
                                          DESIGN LAW
                                          90 Canal Street, 4th Floor
                                          Boston, Massachusetts 02114
                                          (T) (617) 861-0780
                                          (F) (617) 507-5983
                                          garfield.goodrum@gdrmlaw.net

                                          *Counsel for Plaintiff Emerson Creek Pottery, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2021, I caused a copy of these interrogatories to be served by electronic mail to:

Lawrence E. Laubscher Jr.
1160 Spa Road, Suite 2B
Annapolis, Maryland 21403
llaubscher@laubscherlaw.com

Kenneth S. McLaughlin, Jr. (*pro hac vice*)
1 E. Benton Street, Suite 301
Aurora, Illinois 60505
kmclaughlin@ma-lawpc.com

*Counsel for Defendants*

/s/Henry I. Willett III
Henry I. Willett III, Esq. (VSB No. 44655)
CHRISTIAN & BARTON, LLP
901 East Cary Street, Suite 1800
Richmond, Virginia 23219
(T) (804) 697-4130
(F) (804) 697-6130
hwillett@cblaw.com

Garfield Goodrum (*pro hac vice*)
DESIGN LAW
90 Canal Street, 4th Floor
Boston, Massachusetts 02114
(T) (617) 861-0780
(F) (617) 507-5983
garfield.goodrum@gdrmlaw.net

*Counsel for Plaintiff Emerson Creek Pottery, Inc.*

#2764303

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

| | | |
|---|---|---|
| **EMERSON CREEK POTTERY, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 6:20-CV-0054-NKM** |
| | ) | |
| **COUNTRYVIEW POTTERY CO.,** | ) | |
| **EMERSON CREEK EVENTS, INC.,** | ) | |
| **CHISTINA DEMIDUK, and** | ) | |
| **DAVID DEMIDUK** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANT EMERSON CREEK EVENTS, INC.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Emerson Creek Potter, Inc. ("Plaintiff"), by counsel, propounds the following interrogatories to Emerson Creek Events, Inc.:

## DEFINITIONS AND INSTRUCTIONS

1.     All interrogatories set forth in the numbered paragraphs below shall be read and interpreted to require a response fully coextensive with the broadest scope of discovery permissible under Rules 26(b) and 33 of the Federal Rules of Civil Procedure.

2.     The words "relate," "relates," and "relating to" shall be interpreted broadly to describe information within a document that discusses, analyzes, evaluates, consists of, or otherwise makes reference to the identified subject matter.

3.     All requests set forth in the numbered paragraphs below shall be read and interpreted to require a response fully coextensive with the broadest scope of discovery permissible under Rules 26(b) and 36 of the Federal Rules of Civil Procedure.

4.      These requests are continuing in nature, and Plaintiff requests that any admission or denial be supplied in a timely manner.

5.      As used herein, the term "Plaintiff" refers to Emerson Creek Pottery, Inc., and includes all other partnerships, corporations, or other business entities (whether or not separate legal entities) subsidiary to, parent to, or affiliated with Plaintiff, including all of its or their partners, principals, officers, directors, trustees, employees, staff members, agents, and representatives, including counsel for Plaintiff.

6.      The term "Defendant" refers to each one individually of Countryview Pottery Co., Emerson Creek Events, Inc., Christina Demiduk, and David Demiduk (collectively "Defendants"), and includes all other partnerships, corporations, or other business entities (whether or not separate legal entities) subsidiary to, parent to, or affiliated with any Defendant, including all of its or their partners, principals, officers, directors, trustees, employees, staff members, agents, and representatives, including counsel for each Defendant.

7.      The term "person" refers to both natural persons and to corporate or other business entities, partnerships, groups, associations, governmental entities, or other organizations.

8.      Whenever the terms "documents" or "all documents" are used herein, these terms are meant to include all documents available to any Defendant and further to include, without limitation, any written, recorded, graphic, or printed matter, in whatever form, whether printed and/or produced by hand or any other process, specifically including: (1) all originals, copies, or drafts; and (2) originals, copies, or drafts on which appear any notes or writings placed thereon after the document was first printed, typed, recorded, or made into graphic matter, however produced or reproduced, in the actual or constructive possession of any Defendant, including, without limitation, any letters, telegrams, memoranda, writings, circulars, monographs, bulletins,

2

manuals, speeches, audio and video tapes, drawings, blueprints, recordings, computer disks or

tapes, computer electronic or optical memory devices in readable form, computer printouts,

computer electronic messages, notes, correspondence, communications of any nature, summaries

of records of conversations or conferences, information which can be retrieved by any process,

test and/or analysis, reports and data sheets, specifications, sketches, minutes or reports and/or

summaries or interviews, reports and/or summaries of investigations, opinions or reports of

consultants, agreements and contracts, brochures, pamphlets, advertisements, letters to the trade,

and including any tangible things within the scope of Rule 34(a)(1) of the Federal Rules of Civil

Procedure.

      9.     The parties undertook discovery in a related action at the U.S. Patent and

Trademark Office's Trademark Trial and Appeal Board.

      10.    The gift shop, restaurant and café, event venue, yoga and wine events and farmer

marketplace events businesses referenced in the following requests mean those businesses

Defendants offer and operate in and around 5126 Stephens Rd, Oswego, Illinois.  The physical

location and/or operation thereof shall include and be referred to herein as "Defendants' Shop."

      11.    "Person" means any natural person, partnership, association, corporation,

governmental entity, organization, company, or other entity (including nonprofit organizations)

and, where applicable, all present and former officers, directors, managers, agents, employees,

attorneys, and others acting, or purporting to act, on behalf of such natural person, partnership,

association, corporation, governmental entity, organization, company, or other entity.

      12.    "Document" means every writing or other form of recorded information of every

type and description that is in your actual or constructive possession, control or custody, or any

agent of yours, or any officer, attorney, or employee of such agent, including, but not limited to,

correspondence, e-mail, memoranda, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, voice recordings, reports, surveys, functional and technical specifications, minutes or statistical compilations, data processing cards or computer records or tapes or printouts; every copy of such writing or records where the original is not in your possession, custody or control; and every non-identical copy of every writing or record, where such copy contains any commentary or notation whatsoever that does not appear on the original or other copies.

13.     "Relate(s)," "relating to," or "regarding" means concerning, constituting, defining, containing, embodying, reflecting, identifying, stating, referring to, dealing with, or in any way pertaining to.

14.     For each request that Defendants assert is subject to a claim of privilege, identify and provide the following information:

i.      describe the document or information generally, including, its date of origination, document type, and its subject matter;

ii.     explain fully the basis for a claimed privilege; and

iii.    if a document, identify the author, all recipients, and all signatories to the document, and identify the custodian of the original and all copies of the document.

15.     Words used in the plural are also to be interpreted to include the singular, and words used in the singular are also to be interpreted to include the plural.

16.     The terms "and" and "or" have both conjunctive and disjunctive meanings, and "each," "any" and "all" mean "each and every."

## **INTERROGATORIES**

12.     Identify all facts on which you base your response to any request for admission served on you in this action with any response other than solely "admit" or "admitted."

**ANSWER:**

4

13.     Identify all facts on which you base the affirmative defenses asserted in your Answer.

**ANSWER:**

14.     Identify all facts on which you base any denials in your Answer.

**ANSWER:**

15.     Describe the business relationship between Christina Demiduk and Ron Wehrli regarding the gift shop, tearoom/restaurant and event businesses they operated in Oswego, Illinois.

**ANSWER:**

16.     Identify when Defendants first offered third-party pottery for retail sale to the public at Defendants' Shop?

**ANSWER:**

17.     Identify all facts upon which you base your contention that Plaintiff's mark "is limited to pottery" in response to Paragraph 23 in your Answer.

**ANSWER:**

18.     Identify each and every social media platform utilized by Defendants to market goods and services.

**ANSWER:**

19.     Identify and describe each manner and use of "Emerson Creek" by defendants.

**ANSWER:**

Dated:  August 2, 2021                          Respectfully submitted,

                                                /s/Henry I. Willett III
                                                Henry I. Willett III, Esq. (VSB No. 44655)
                                                CHRISTIAN & BARTON, LLP
                                                901 East Cary Street, Suite 1800
                                                Richmond, Virginia 23219
                                                (T) (804) 697-4130
                                                (F) (804) 697-6130
                                                hwillett@cblaw.com

                                                Garfield Goodrum (*pro hac vice*)
                                                DESIGN LAW
                                                90 Canal Street, 4th Floor
                                                Boston, Massachusetts 02114
                                                (T) (617) 861-0780
                                                (F) (617) 507-5983
                                                garfield.goodrum@gdrmlaw.net

                                                *Counsel for Plaintiff Emerson Creek Pottery, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2021, I caused a copy of these interrogatories to be served

by electronic mail to:

Lawrence E. Laubscher Jr.
1160 Spa Road, Suite 2B
Annapolis, Maryland 21403
llaubscher@laubscherlaw.com

Kenneth S. McLaughlin, Jr. (*pro hac vice*)
1 E. Benton Street, Suite 301
Aurora, Illinois 60505
kmclaughlin@ma-lawpc.com

*Counsel for Defendants*

/s/Henry I. Willett III
Henry I. Willett III, Esq. (VSB No. 44655)
CHRISTIAN & BARTON, LLP
901 East Cary Street, Suite 1800
Richmond, Virginia 23219
(T) (804) 697-4130
(F) (804) 697-6130
hwillett@cblaw.com

Garfield Goodrum (*pro hac vice*)
DESIGN LAW
90 Canal Street, 4th Floor
Boston, Massachusetts 02114
(T) (617) 861-0780
(F) (617) 507-5983
garfield.goodrum@gdrmlaw.net

*Counsel for Plaintiff Emerson Creek Pottery, Inc.*

#2764304

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | | |
|---|---|---|
| **EMERSON CREEK POTTERY, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 6:20-CV-0054-NKM** |
| | ) | |
| **COUNTRYVIEW POTTERY CO.,** | ) | |
| **EMERSON CREEK EVENTS, INC.,** | ) | |
| **CHISTINA DEMIDUK, and** | ) | |
| **DAVID DEMIDUK** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANT CHRISTINA DEMIDUK

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Emerson Creek Potter, Inc. ("Plaintiff"), by counsel, propounds the following interrogatories to Christina Demiduk:

## DEFINITIONS AND INSTRUCTIONS

1.     All interrogatories set forth in the numbered paragraphs below shall be read and interpreted to require a response fully coextensive with the broadest scope of discovery permissible under Rules 26(b) and 33 of the Federal Rules of Civil Procedure.

2.     The words "relate," "relates," and "relating to" shall be interpreted broadly to describe information within a document that discusses, analyzes, evaluates, consists of, or otherwise makes reference to the identified subject matter.

3.     All requests set forth in the numbered paragraphs below shall be read and interpreted to require a response fully coextensive with the broadest scope of discovery permissible under Rules 26(b) and 36 of the Federal Rules of Civil Procedure.

4.      These requests are continuing in nature, and Plaintiff requests that any admission or denial be supplied in a timely manner.

5.      As used herein, the term "Plaintiff" refers to Emerson Creek Pottery, Inc., and includes all other partnerships, corporations, or other business entities (whether or not separate legal entities) subsidiary to, parent to, or affiliated with Plaintiff, including all of its or their partners, principals, officers, directors, trustees, employees, staff members, agents, and representatives, including counsel for Plaintiff.

6.      The term "Defendant" refers to each one individually of Countryview Pottery Co., Emerson Creek Events, Inc., Christina Demiduk, and David Demiduk (collectively "Defendants"), and includes all other partnerships, corporations, or other business entities (whether or not separate legal entities) subsidiary to, parent to, or affiliated with any Defendant, including all of its or their partners, principals, officers, directors, trustees, employees, staff members, agents, and representatives, including counsel for each Defendant.

7.      The term "person" refers to both natural persons and to corporate or other business entities, partnerships, groups, associations, governmental entities, or other organizations.

8.      Whenever the terms "documents" or "all documents" are used herein, these terms are meant to include all documents available to any Defendant and further to include, without limitation, any written, recorded, graphic, or printed matter, in whatever form, whether printed and/or produced by hand or any other process, specifically including: (1) all originals, copies, or drafts; and (2) originals, copies, or drafts on which appear any notes or writings placed thereon after the document was first printed, typed, recorded, or made into graphic matter, however produced or reproduced, in the actual or constructive possession of any Defendant, including, without limitation, any letters, telegrams, memoranda, writings, circulars, monographs, bulletins,

manuals, speeches, audio and video tapes, drawings, blueprints, recordings, computer disks or

tapes, computer electronic or optical memory devices in readable form, computer printouts,

computer electronic messages, notes, correspondence, communications of any nature, summaries

of records of conversations or conferences, information which can be retrieved by any process,

test and/or analysis, reports and data sheets, specifications, sketches, minutes or reports and/or

summaries or interviews, reports and/or summaries of investigations, opinions or reports of

consultants, agreements and contracts, brochures, pamphlets, advertisements, letters to the trade,

and including any tangible things within the scope of Rule 34(a)(1) of the Federal Rules of Civil

Procedure.

9.      The parties undertook discovery in a related action at the U.S. Patent and

Trademark Office's Trademark Trial and Appeal Board.

10.     The gift shop, restaurant and café, event venue, yoga and wine events and farmer

marketplace events businesses referenced in the following requests mean those businesses

Defendants offer and operate in and around 5126 Stephens Rd, Oswego, Illinois.  The physical

location and/or operation thereof shall include and be referred to herein as "Defendants' Shop."

11.     "Person" means any natural person, partnership, association, corporation,

governmental entity, organization, company, or other entity (including nonprofit organizations)

and, where applicable, all present and former officers, directors, managers, agents, employees,

attorneys, and others acting, or purporting to act, on behalf of such natural person, partnership,

association, corporation, governmental entity, organization, company, or other entity.

12.     "Document" means every writing or other form of recorded information of every

type and description that is in your actual or constructive possession, control or custody, or any

agent of yours, or any officer, attorney, or employee of such agent, including, but not limited to,

correspondence, e-mail, memoranda, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, voice recordings, reports, surveys, functional and technical specifications, minutes or statistical compilations, data processing cards or computer records or tapes or printouts; every copy of such writing or records where the original is not in your possession, custody or control; and every non-identical copy of every writing or record, where such copy contains any commentary or notation whatsoever that does not appear on the original or other copies.

13.     "Relate(s)," "relating to," or "regarding" means concerning, constituting, defining, containing, embodying, reflecting, identifying, stating, referring to, dealing with, or in any way pertaining to.

14.     For each request that Defendants assert is subject to a claim of privilege, identify and provide the following information:

i.      describe the document or information generally, including, its date of origination, document type, and its subject matter;

ii.     explain fully the basis for a claimed privilege; and

iii.    if a document, identify the author, all recipients, and all signatories to the document, and identify the custodian of the original and all copies of the document.

15.     Words used in the plural are also to be interpreted to include the singular, and words used in the singular are also to be interpreted to include the plural.

16.     The terms "and" and "or" have both conjunctive and disjunctive meanings, and "each," "any" and "all" mean "each and every."

## INTERROGATORIES

12.     Identify all facts on which you base your response to any request for admission served on you in this action with any response other than solely "admit" or "admitted."

**ANSWER:**

4

13.     Identify all facts on which you base the affirmative defenses asserted in your Answer.

**ANSWER:**

14.     Identify all facts on which you base any denials in your Answer.

**ANSWER:**

15.     Describe the business relationship between Christina Demiduk and Ron Wehrli regarding the gift shop, tearoom/restaurant and event businesses they operated in Oswego, Illinois.

**ANSWER:**

16.     Identify when Defendants first offered third-party pottery for retail sale to the public at Defendants' Shop?

**ANSWER:**

17.     Identify all facts upon which you base your contention that Plaintiff's mark "is limited to pottery" in response to Paragraph 23 in your Answer.

**ANSWER:**

18.     Identify each and every social media platform utilized by Defendants to market goods and services.

**ANSWER:**

19.     Identify and describe each manner and use of "Emerson Creek" by defendants.

**ANSWER:**

Dated:  August 2, 2021           Respectfully submitted,

/s/Henry I. Willett III
Henry I. Willett III, Esq. (VSB No. 44655)
CHRISTIAN & BARTON, LLP
901 East Cary Street, Suite 1800
Richmond, Virginia 23219
(T) (804) 697-4130
(F) (804) 697-6130
hwillett@cblaw.com

Garfield Goodrum (*pro hac vice*)
DESIGN LAW
90 Canal Street, 4th Floor
Boston, Massachusetts 02114
(T) (617) 861-0780
(F) (617) 507-5983
garfield.goodrum@gdrmlaw.net

*Counsel for Plaintiff Emerson Creek Pottery, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2021, I caused a copy of these interrogatories to be served by electronic mail to:

Lawrence E. Laubscher Jr.
1160 Spa Road, Suite 2B
Annapolis, Maryland 21403
llaubscher@laubscherlaw.com

Kenneth S. McLaughlin, Jr. (*pro hac vice*)
1 E. Benton Street, Suite 301
Aurora, Illinois 60505
kmclaughlin@ma-lawpc.com

*Counsel for Defendants*

/s/Henry I. Willett III
Henry I. Willett III, Esq. (VSB No. 44655)
CHRISTIAN & BARTON, LLP
901 East Cary Street, Suite 1800
Richmond, Virginia 23219
(T) (804) 697-4130
(F) (804) 697-6130
hwillett@cblaw.com

Garfield Goodrum (*pro hac vice*)
DESIGN LAW
90 Canal Street, 4th Floor
Boston, Massachusetts 02114
(T) (617) 861-0780
(F) (617) 507-5983
garfield.goodrum@gdrmlaw.net

*Counsel for Plaintiff Emerson Creek Pottery, Inc.*

#2764305

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

| | | |
|---|---|---|
| **EMERSON CREEK POTTERY, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 6:20-CV-0054-NKM** |
| | ) | |
| **COUNTRYVIEW POTTERY CO.,** | ) | |
| **EMERSON CREEK EVENTS, INC.,** | ) | |
| **CHISTINA DEMIDUK, and** | ) | |
| **DAVID DEMIDUK** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANT
DAVID DEMIDUK**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Emerson Creek

Potter, Inc. ("Plaintiff"), by counsel, propounds the following interrogatories to David Demiduk:

**DEFINITIONS AND INSTRUCTIONS**

1.      All interrogatories set forth in the numbered paragraphs below shall be read and

interpreted to require a response fully coextensive with the broadest scope of discovery permissible

under Rules 26(b) and 33 of the Federal Rules of Civil Procedure.

2.      The words "relate," "relates," and "relating to" shall be interpreted broadly to

describe information within a document that discusses, analyzes, evaluates, consists of, or

otherwise makes reference to the identified subject matter.

3.      All requests set forth in the numbered paragraphs below shall be read and

interpreted to require a response fully coextensive with the broadest scope of discovery permissible

under Rules 26(b) and 36 of the Federal Rules of Civil Procedure.

4.      These requests are continuing in nature, and Plaintiff requests that any admission or denial be supplied in a timely manner.

5.      As used herein, the term "Plaintiff" refers to Emerson Creek Pottery, Inc., and includes all other partnerships, corporations, or other business entities (whether or not separate legal entities) subsidiary to, parent to, or affiliated with Plaintiff, including all of its or their partners, principals, officers, directors, trustees, employees, staff members, agents, and representatives, including counsel for Plaintiff.

6.      The term "Defendant" refers to each one individually of Countryview Pottery Co., Emerson Creek Events, Inc., Christina Demiduk, and David Demiduk (collectively "Defendants"), and includes all other partnerships, corporations, or other business entities (whether or not separate legal entities) subsidiary to, parent to, or affiliated with any Defendant, including all of its or their partners, principals, officers, directors, trustees, employees, staff members, agents, and representatives, including counsel for each Defendant.

7.      The term "person" refers to both natural persons and to corporate or other business entities, partnerships, groups, associations, governmental entities, or other organizations.

8.      Whenever the terms "documents" or "all documents" are used herein, these terms are meant to include all documents available to any Defendant and further to include, without limitation, any written, recorded, graphic, or printed matter, in whatever form, whether printed and/or produced by hand or any other process, specifically including: (1) all originals, copies, or drafts; and (2) originals, copies, or drafts on which appear any notes or writings placed thereon after the document was first printed, typed, recorded, or made into graphic matter, however produced or reproduced, in the actual or constructive possession of any Defendant, including, without limitation, any letters, telegrams, memoranda, writings, circulars, monographs, bulletins,

manuals, speeches, audio and video tapes, drawings, blueprints, recordings, computer disks or

tapes, computer electronic or optical memory devices in readable form, computer printouts,

computer electronic messages, notes, correspondence, communications of any nature, summaries

of records of conversations or conferences, information which can be retrieved by any process,

test and/or analysis, reports and data sheets, specifications, sketches, minutes or reports and/or

summaries or interviews, reports and/or summaries of investigations, opinions or reports of

consultants, agreements and contracts, brochures, pamphlets, advertisements, letters to the trade,

and including any tangible things within the scope of Rule 34(a)(1) of the Federal Rules of Civil

Procedure.

     9.     The parties undertook discovery in a related action at the U.S. Patent and

Trademark Office's Trademark Trial and Appeal Board.

     10.     The gift shop, restaurant and café, event venue, yoga and wine events and farmer

marketplace events businesses referenced in the following requests mean those businesses

Defendants offer and operate in and around 5126 Stephens Rd, Oswego, Illinois.  The physical

location and/or operation thereof shall include and be referred to herein as "Defendants' Shop."

     11.     "Person" means any natural person, partnership, association, corporation,

governmental entity, organization, company, or other entity (including nonprofit organizations)

and, where applicable, all present and former officers, directors, managers, agents, employees,

attorneys, and others acting, or purporting to act, on behalf of such natural person, partnership,

association, corporation, governmental entity, organization, company, or other entity.

     12.     "Document" means every writing or other form of recorded information of every

type and description that is in your actual or constructive possession, control or custody, or any

agent of yours, or any officer, attorney, or employee of such agent, including, but not limited to,

correspondence, e-mail, memoranda, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, voice recordings, reports, surveys, functional and technical specifications, minutes or statistical compilations, data processing cards or computer records or tapes or printouts; every copy of such writing or records where the original is not in your possession, custody or control; and every non-identical copy of every writing or record, where such copy contains any commentary or notation whatsoever that does not appear on the original or other copies.

13.     "Relate(s)," "relating to," or "regarding" means concerning, constituting, defining, containing, embodying, reflecting, identifying, stating, referring to, dealing with, or in any way pertaining to.

14.     For each request that Defendants assert is subject to a claim of privilege, identify and provide the following information:

i.      describe the document or information generally, including, its date of origination, document type, and its subject matter;

ii.     explain fully the basis for a claimed privilege; and

iii.    if a document, identify the author, all recipients, and all signatories to the document, and identify the custodian of the original and all copies of the document.

15.     Words used in the plural are also to be interpreted to include the singular, and words used in the singular are also to be interpreted to include the plural.

16.     The terms "and" and "or" have both conjunctive and disjunctive meanings, and "each," "any" and "all" mean "each and every."

## INTERROGATORIES

12.     Identify all facts on which you base your response to any request for admission served on you in this action with any response other than solely "admit" or "admitted."

**ANSWER:**

13.     Identify all facts on which you base the affirmative defenses asserted in your Answer.

**ANSWER:**

14.     Identify all facts on which you base any denials in your Answer.

**ANSWER:**

15.     Describe the business relationship between Christina Demiduk and Ron Wehrli regarding the gift shop, tearoom/restaurant and event businesses they operated in Oswego, Illinois.

**ANSWER:**

16.     Identify when Defendants first offered third-party pottery for retail sale to the public at Defendants' Shop?

**ANSWER:**

17.     Identify all facts upon which you base your contention that Plaintiff's mark "is limited to pottery" in response to Paragraph 23 in your Answer.

**ANSWER:**

18.     Identify each and every social media platform utilized by Defendants to market goods and services.

**ANSWER:**

19.     Identify and describe each manner and use of "Emerson Creek" by defendants.

**ANSWER:**

Dated:  August 2, 2021                    Respectfully submitted,

                                          /s/Henry I. Willett III
                                          Henry I. Willett III, Esq. (VSB No. 44655)
                                          CHRISTIAN & BARTON, LLP
                                          901 East Cary Street, Suite 1800
                                          Richmond, Virginia 23219
                                          (T) (804) 697-4130
                                          (F) (804) 697-6130
                                          hwillett@cblaw.com

                                          Garfield Goodrum (*pro hac vice*)
                                          DESIGN LAW
                                          90 Canal Street, 4th Floor
                                          Boston, Massachusetts 02114
                                          (T) (617) 861-0780
                                          (F) (617) 507-5983
                                          garfield.goodrum@gdrmlaw.net

                                          *Counsel for Plaintiff Emerson Creek Pottery, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 2, 2021, I caused a copy of these interrogatories to be served by electronic mail to:

Lawrence E. Laubscher Jr.
1160 Spa Road, Suite 2B
Annapolis, Maryland 21403
llaubscher@laubscherlaw.com

Kenneth S. McLaughlin, Jr. (*pro hac vice*)
1 E. Benton Street, Suite 301
Aurora, Illinois 60505
kmclaughlin@ma-lawpc.com

*Counsel for Defendants*

/s/Henry I. Willett III
Henry I. Willett III, Esq. (VSB No. 44655)
CHRISTIAN & BARTON, LLP
901 East Cary Street, Suite 1800
Richmond, Virginia 23219
(T) (804) 697-4130
(F) (804) 697-6130
hwillett@cblaw.com

Garfield Goodrum (*pro hac vice*)
DESIGN LAW
90 Canal Street, 4th Floor
Boston, Massachusetts 02114
(T) (617) 861-0780
(F) (617) 507-5983
garfield.goodrum@gdrmlaw.net

*Counsel for Plaintiff Emerson Creek Pottery, Inc.*

#2764306