**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | |
|---|---|
| EMERSON CREEK POTTERY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 6:20-cv-00054-NKM |
| v. ) | |
| ) | |
| COUNTRYVIEW POTTERY CO. ) | |
| EMMERSON CREAK EVENTS, INC., ) | |
| CHRISTINA DEMIDUK, and ) | |
| DAVID DEMIDUK ) | |
| Defendants. ) | |

**MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL**

Defendants, COUNTRYVIEW POTTERY CO., EMERSON CREEK EVENTS, INC., CHRISTINA DEMIDUK, and DAVID DEMIDUK, by their attorneys, LAW OFFICES OF MCLAUGHLIN & ASSOCIATES, P.C., submit this memorandum in opposition to Plaintiff's Motion to Compel, as follows:

**INTRODUCTION**

This action arises out of alleged infringement of Plaintiff's trademark for pottery. Before this action was filed, the parties were involved in consolidated adverse proceedings before the Trademark Trial and Appeal Board ("TTAB"), Opposition No. 91241725, had completed written discovery, and were scheduled to begin depositions. Plaintiff's motion to compel improperly represents that Defendants have not in good faith responded to written discovery requests by omitting documents which demonstrate Defendants' compliance. Further, the emails being demanded were produced prior to filing of the Motion to Compel. Finally, Plaintiff's counsel did not "meet and confer" with Defendants' counsel. Thus, the Motion to Compel should be denied.

1

# EXHIBITS

The following exhibits are attached in support of this response: [1]

A. Opposer's[2] First Set of Interrogatories, TTAB, dated 2/10/2019
B. Opposer's First Request for Production, TTAB, dated 2/10/2019
C. Opposer's First Requests to Admit, TTAB, dated 2/10/2019
D. Applicants' Answers to First Set of Interrogatories, TTAB, dated 6/7/2019
E. Applicants' Amended Answer to Interrogatory No. 3, TTAB, dated 6/14/2019
F. Applicants' Amended Response to Request for Prod. No. 5, TTAB, dated 6/14/2019
G. Applicants' Response to Requests to Admit, TTAB, dated 3/13/2019
H. "Meet and confer" letter, Goodrum to McLaughlin, TTAB, dated 12/6/2019
I. McLaughlin response to Exh. H, TTAB, dated 1/13/2019
J. Attorney emails re: depositions, TTAB, dated 2/18/2020 and 2/20/2020
K. Attorney emails re: depositions, TTAB, dated 3/9/2020-3/16/2020
L. Attorney emails re: depositions, TTAB, dated 5/1/2020
M. Attorney emails re: depositions, dated 6/11/2020
N. Goodrum email with consent motion extending discovery, TTAB, dated 6/19/2020
O. Consolidated Opposition, TTAB, dated 10/10/2018
P. Defendants' Initial Disclosures, with email from McLaughlin, dated 3/1/2021
Q. Defendants' Responses to Supplemental Request to Produce, dated 5/27/2021
R. Defendants' Answers to Supplemental Interrogatories, dated 5/27/2021
S. Defendants' supplemental responses (via letter) to Request to Produce, with financials, dated 7/16/2021
T. Defendants' Responses to 2nd Supplemental Request to Produce, dated 7/21/2021
U. Defendants' Answers to 2nd Set of Interrogatories, dated 9/27/2021
V. Countryview's Response to 2nd Set of Requests to Admit, dated 9/27/2021[3]
W. Attorney emails re: Winkler documents and depositions, dated 10/28/2021 and 10/29/2021
X. Attorney emails re: Defendants' "meet and confer" attempts, dated 11/16/2021-11/18/2021
Y. Court email re: informal discovery conference, dated 11/24/2021
Z. Attorney emails re: Defendants' objections to motion to compel without proper "meet and confer," dated 12/2/2021
AA. Attorney emails re: Defendants' receipt of emails and agreement to postpone motion to compel to allow production of emails, dated 12/8/2021
BB. Joint request by attorneys to postpone motion to compel to resolve discovery issues, dated 12/8/2021
CC. McLaughlin email confirming Defendants' production of approximately 1,000 emails in their native formal (.msg) via agreed upon upload to Dropbox, dated 12/10/2021

---

[1] Plaintiff's exhibits are numbered sequentially 1 to 17.  Given the volume of exhibits on both sides, to distinguish them from Defendants' exhibits, Defendants use alpha designations A-CCC.
[2] Plaintiff was Opposer in the TTAB action; the corporate Defendants were the Applicants.
[3] Identical sets were served on all four Defendants, but only one is attached here due to length and to avoid redundant documentation in the electronic file.

## DISCOVERY BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

Plaintiff produced 17 exhibits in support of its Motion to Compel but omitted Defendants' responses provided in the TTAB action and in this matter which undermine Plaintiff's claims. On February 10, 2019, Plaintiff served interrogatories, requests to produce, and requests to admit in the TTAB action. (Exhs. A-C) Between March 13, 2019-June 14, 2019, Defendants served responses to same. (Exhs. D-G, Exh. 1)[4] Defendants objected to the scope of the requests beyond pottery marketing and sales because Plaintiff's trademark was limited to pottery. (See, e.g., General Objections and specific objections in Exh. 1.) Following a "meet and confer" between the attorneys on December 4, 2019, Plaintiff's counsel clarified his outstanding requests on December 6, 2019. (Exh. H) Defendants' counsel responded by letter dated January 13, 2020, with additional documentation. (Exh. I)

On February 20, 2020, the parties confirmed party depositions would proceed on March 30, 2020 and April 1, 2020. The only other contemplated deposition was that of third party Ron Wehrli. (Exh. J) On March 9, 2020, Plaintiff's counsel requested that the depositions be postponed due to illness, and due to the imminent Covid-related restrictions, the parties extended the deadlines by 90 days. (Exh. K) The sufficiency of the answers to written discovery was not cited as a reason for delay.

On May 1, 2020, the parties discussed resetting the depositions in June-July, 2020 and on June 11, 2020, ultimately settled on mid to late August 2020 for the depositions. The only impediment was the Covid travel restrictions; no issues related to discovery were mentioned. (Exhs. L, M) To allow adequate time to complete depositions, the parties submitted a joint consent

---

[4] Plaintiff correctly notes that the corporate Defendants were the only parties in the TTAB, but the individual Defendants are the owners of the corporate Defendants, and therefore, the documentation provided would be duplicative since it would originate from the same source. The extensive "supplemental" discovery in this matter was unnecessary.

motion with the TTAB to extend discovery to September 11, 2020. (Exh. N)

All of this took place before this federal case was filed. The depositions did not proceed as scheduled because the current case was filed. The need for additional written discovery was never mentioned as a basis to delay depositions.

## DISCOVERY IN THE FEDERAL CASE

The TTAB action consolidated all issues between the parties. (Exh. O) Once the instant case was filed in federal court, the attorneys conferred in an attempt to streamline discovery to avoid duplicate discovery efforts and considering that depositions were set to proceed. In furtherance of that aim, on March 1, 2021, Defendants submitted their initial FRCP 26(A) disclosures, which incorporated by reference and by agreement initial disclosures in the prior TTAB action. (Exh. P)

Rather than streamline discovery, over a period of at least six months, Plaintiff served two consecutive sets of duplicative written discovery requests, often following Defendants answering an earlier set. Plaintiff has selectively attached only three of these written discovery requests: Interrogatories" dated March 31, 2021 (Exh. 2); Requests to Produce dated August 2, 2021 (Exh. 4); and Interrogatories dated August 2, 2021 (Exh. 5). Defendants responded to all of these requests, but Plaintiff has attached just one Response to Request to Produce (Exh. 1), a December 6, 2021 email (Exh. 10), and a November 11, 2021 letter (Exh. 13) to claim that Defendants made no other efforts to respond to discovery. The focus of the motion to compel is on emails and financial information. As detailed herein, Defendants have fully addressed both issues before this motion was filed, and therefore, the motion to compel is ill-founded.

Defendants responded to the interrogatories in Exhibit 2 on May 27, 2021. (Exh R) There were four interrogatories: 8 (requesting total sales per month for the last five years, i.e, 3/231/2017-

3/31/2021, for Defendants' gift shop, restaurant, café, event venue, yoga, wine events, and farmer marketplace events without limitation to pottery sales); 9 (total net profits for the same); 10 (manner of calculating the net profits for same); and 11 (all bank accounts, credit card statements for same). These duplicated a similar request made in Interrogatory No. 3 of the TTAB interrogatories. (See Exh. D, No. 3) Defendants rightfully objected in both to production of any information not connected to pottery. Defendants supplemented their answer to No. 3 and provided financial information related to the gift shop, restaurant, café, and events for the period 2012-2018 on June 14, 2019. (See. Exh. E)

On June 9, 2019, nearly a year before these requests, Defendants previously produced information related to their marketing expenses, including identification of Lindsay Winkler ("Winkler") as their website and branding professional, as ECE 001-193; and produced print marketing in their possession as ECE 194-251. (See Exh. 1) On June 14, 2019, Defendants produced 2012-2018 sales information for the gift shop, tax returns showing gross sales, costs of goods, and net sales for the event, restaurant, and café businesses. (Exh. F, p. 2-3)

Corresponding production requests (Nos. 19-29, not identified by Plaintiff) covered the same scope as the preceding interrogatories. On May 27, 2021, Defendants responded to these requests and asserted similar objections as to scope and relevancy. (Exh. Q). A "meet and confer" occurred following the June 4, 2021 letter attached as Exh. 3. Defendants produced significant financial information related to Plaintiff's and third party pottery and non-pottery sales for 2016-2020 and restaurant sales for 2016-2019. (Exh. S, p. 1-2) The Demiduks testified that, because of Covid, since before March 2020, there have been no further sales from the gift shop other than attempts to sell off the remaining inventory of Plaintiff's pottery, and no events occurred in 2020.

The requests to produce attached as Exhibit 4 were answered on July 21, 2021. (Exh. T)

5

The requests were for balance sheets (no. 30), income statements (no. 31), cash flow statements (no. 32), and charts of accounts (no. 33). Defendants asserted objections as to the scope of the requests for information beyond pottery-related sales, but nonetheless referred Plaintiff to the production of financials made in Exh. S, which contained the same information.

Finally, the interrogatories attached as Exhibit 5 were served on August 2, 2021, months after the other referenced discovery was answered, simultaneously with 100 requests to admit each on all four defendants. The interrogatories themselves were improper on their face, as they sought narrative responses more properly the subject of a discovery deposition (nos. 12, 13, 14, 19 – requesting "all facts" on a subject), attorney work product or (no. 13 – requesting an explanation of how Plaintiff's trademark is "limited to pottery"), or re-asked old questions (no. 15 – Ron Wehrli's relationship to the business, no. 16 – dates third party pottery was offered, 18 – all social media platforms; see Exh. D, nos. 4-6). Nonetheless, on September 27, 2021, Defendants timely answered the interrogatories (Exh. U) and all four sets of requests to admit (Exh V).

As set forth above, Plaintiff's claim that Defendants have not produced relevant financial documentation is not accurate. Plaintiff's claim that additional financial documentation was promised (Exh. 11) is contradicted by Defendants' counsel's letter of the same date. (Exh. 13). During the depositions, Defendants' counsel advised Plaintiff's counsel that he believed all relevant financial information had been previously produced and financial information but that he would double check. As set forth above, financial discovery is complete. Any objections have been preserved.

Similarly, Plaintiff's claim that it has not been provided emails and marketing information is unsupported. The aforementioned exhibits include multiple disclosures of marketing information, and most of the material was publicly available on websites and social media.

Plaintiff's contention is limited to a claim that it has been denied access to emails. Plaintiff first sent discovery requests in the TTAB action on February 10, 2019. Plaintiff's purported claims were not even raised before 2018, by letter from Plaintiff's counsel, Garfield Goodrum. Thus, there would have been no reason to retain emails. Nonetheless, as has become apparent, none of the emails were deleted. At worst, due to technical issues arising from the website changes and email migration beginning in 2019, the emails were temporarily inaccessible. By Plaintiff's own admission, all emails were received from Winkler or the Defendants by December 10, 2021, before the date the motion to compel was filed.

Defendants have in good faith provided everything; there is no purpose to this motion to compel. Plaintiff's counsel suggests that there are hundreds of relevant emails being withheld. In fact, after Plaintiff's counsel sent a letter in 2018 demanding, *inter alia*, that Defendants cease doing business, Defendants stopped business communications with Plaintiff. Emails thereafter were limited to efforts to settle the case and efforts by Defendants, through their web designer and email hosting provider, Winkler, to make changes to reach an amicable settlement. They have nothing to do with alleged past conduct, marketing efforts, and the like, which information was produced months to a year ago. It is well-established that settlement negotiations and efforts to resolve a dispute are inadmissible and are therefore irrelevant.

In their depositions, the Demiduks testified that they did not delete emails, but due to migration through G-mail, they could not access them. They advised that Winkler and her partner, Jonathan Domanus ("Domanus") could provide them once accessed. This was done.

On October 28, 2021, Plaintiff's counsel uploaded 18,000 pages of documents received from Winkler via a "data dump" of all documentation on their server. (Exh. W) Plaintiff's counsel misstates this number as 20,000 documents; actually, there were 18,000 <u>pages</u>, which included

7

copies of previously identified emails, photos, and the like. As Plaintiff's counsel noted in his November 11, 2021 letter, the number of emails was in the hundreds. (Exh. 11) Most of these related to Defendants' efforts to revise the website and marketing to remove "pottery" and images of Plaintiff's pottery towards settlement.

By this point, Plaintiff had copies of all relevant emails; Winkler's server would have included any emails for Defendants since Winkler controlled the hosting of emails and the website. Yet, on November 11, 2021, Plaintiff sent another letter demanding emails and financial information. (Exh. 11) Defendants' counsel attached emails from 2017-present, which were all related to settlement efforts. (Exh. 13)

On Friday, November 12, 2021, Plaintiff's counsel took the depositions of Winkler and Domanus. The attorneys agreed to conduct a "meet and confer" call on Monday, November 15, 2021. The purpose was to determine whether Domanus could access the inaccessible emails. The attorneys were unable to connect on November 15, 2021. Defendants' counsel reached out between November 16-18, 2021, and on November 18, 2021, Plaintiff's counsel represented scheduling conflicts prevented a meeting, but they were committed to a "meet and confer." (Exh. X) Despite this representation, on November 24, 2021, Defendants' counsel was informed that Plaintiff's counsel had attempted to schedule an informal discovery conference with this Court prior to engaging in a "meet and confer." (Exh. Y)

This Court scheduled an informal conference on December 3, 2021. At 10:06 a.m., on December 2, 2021, Plaintiff's counsel emailed a detailed position statement that effectively served as a motion to compel, giving Defendants' counsel hours to respond. Defendants' counsel objected on the grounds that Plaintiff's counsel's actions violated the Court's "meet and confer" rules. (Exh. Z)

The informal discovery conference was held on December 2, 2021. Defendants' counsel's objected on grounds that Plaintiff's counsel had violated the "meet and confer" rules, and in any event, Plaintiff's counsel had received all information sought. This Court set a deadline of December 10, 2021, for Plaintiff to file a motion to compel, and 10 days after the filing of a motion to compel for Defendants' response.

On December 8, 2021, Defendants' counsel received 3,000 electronic documents from Defendants which were finally accessed with Jonathan Domanus' help. Defendants' counsel advised Plaintiff's counsel, and the attorneys reached an agreement that the relevant emails would be pulled and produced by December 10, 2021, obviating the need or limiting the scope of a motion to compel. (Exh. AA)

The parties submitted a joint request to extend the time for the filing of the motion to compel to December 15, 2021, to allow production of the emails. (Exh. BB) The Court allowed the extension.

On December 10, 2021, Defendant's counsel produced roughly 1,000 emails with attachments in their native format (.msg), after converting them from .eml format, so they could be viewed in Outlook. These were uploaded to a Dropbox. (Exh. CC)

Despite Defendants' production, Plaintiff filed the motion to compel related to the emails on December 15, 2021. Plaintiff's counsel again made no efforts to "meet and confer" for the five days after production.

## ARGUMENT

Va. Sup. Ct. R. Rule 4:9 provides that, "upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to the provisions of Va., Sup. Ct. R. 4:5(b), the court in which an action is pending may (1) order any party to produce and permit the

inspection and copying or photographing, by or on behalf of the moving party, of any designated documents…which constitute or contain evidence relating to any matters within the scope of the examination permitted by Va. Sup. Ct. R. 4:1(b) and which are in his possession, custody, or control. Furthermore, Rule 4:12 provides that a Motion for Order Compelling Discovery "must be accompanied by a certification that the movant has, in good faith, conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."

This Court has consistently required parties to "meet and confer" before filing motions to compel. In a number of decisions in the Western District, Your Honor denied motions to compel where the moving party failed to certify that the parties had engaged in a "meet and confer."

For example, in *Reed v. Beverly Hills Porsche*, No. 6:17-CV-59, 2017 WL 11495243, at *1 (W.D. Va. Nov. 22, 2017), Your Honor held:

> I DENY Plaintiff's motion to compel because Plaintiff failed to certify that counsel have in good faith engaged in a meaningful meet and confer in an effort to resolve this discovery dispute without the involvement of the Court.
>
> ...
>
> Federal Rule of Civil Procedure 37(a)(1) requires that any motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." The obligation imposed by the Federal Rules upon the parties to resolve discovery disputes before turning to the court requires the parties to "meet, in person or by telephone, and make a genuine effort to resolve the dispute by determining ... (a) what the requesting party is actually seeking, (b) what the discovering party is reasonably capable of producing that is responsive to the request, and (c) what specific genuine issues, if any, cannot be resolved without judicial intervention." The meet and confer obligation requires "a personal or telephonic consultation during which the parties engage in meaningful negotiations or otherwise provide legal support for their position.
>
> Indeed, simply exchanging emails or letters, demanding compliance with discovery requests, or merely stating that the parties have met and conferred do not satisfy Rule 37(a)(1). (citations omitted)

Other judges in the Western District have reached similar results. *See, e.g., Bonumose Biochem, LLC v. Yi-Heng Zhang*, No. 3:17-CV-00033, 2018 WL 10068638, at *3 (W.D. Va. Oct. 31, 2018) ("As a

10

threshold matter, I must determine whether Bonumose should have further conferred or attempted to confer with Defendants prior to filing their Motion to Compel. Rule 37 … provides that any such "motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make a disclosure or discovery in an effort to obtain it without court action." … The rule instructs that the court must not order such payment [of attorney's fees] if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action.")

In addition, a party may not wait until after discovery closes to bring discovery motions. Your Honor has again admonished counsel of such tactics. For example, Your Honor held in *Wootten v. Virginia*, No. 6:14-CV-13, 2015 WL 13658068, at *2 (W.D. Va. June 9, 2015):

> Before discovery closed, Wootten's counsel certainly had fair notice from DMV's counsel of its intent not to answer the outstanding discovery requests. Nevertheless, Wootten waited to file her motion to compel until after discovery ended and the parties had filed cross-motions for summary judgment. The Federal Rules of Civil Procedure do not set a time limit for filing motions to compel discovery. Courts generally consider motions to compel untimely when they are filed after the discovery deadline…. Courts seldom review untimely motions to compel when the recipient party consistently and adamantly refused to respond to the discovery requests, particularly when the requesting party easily could have filed a timely motion to compel." (citations omitted)

Finally, even if this Court entertains the motion to compel, Defendants have asserted valid objections to production of financial and marketing materials related to non-pottery business, as Plaintiff's mark is limited to pottery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). However, when required, "the court must limit the frequencies or extend of discovery" when "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)*; Doe v. Virginia Polytechnic Inst. & State Univ.*, No. 7:19-CV-249, 2021 WL 719898, at *1 (W.D. Va. Feb. 24, 2021)*.

As the Court noted in *Gilmore v. Jones*, No. 3:18-CV-00017, 2021 WL 68684, at *3 (W.D. Va. Jan. 8, 2021):

> Broad discovery is generally permitted in civil cases. Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]  Relevance is not, on its own, a high bar.  Indeed, there may be a mountain of documents and emails that are relevant in some way to the parties' dispute, even though much of it is uninteresting or cumulative.  Moreover, information need not be admissible in evidence to be discoverable.  But discovery, like all matters of procedure, has ultimate and necessary boundaries.  Courts must limit the frequency or extent of proposed discovery if it is "outside the scope permitted by Rule 26(b)(1).  (citations omitted)

Here, the purported harm is to Plaintiff's mark in connection with goods and services involving pottery.  All such documentation has been produced.  The only information withheld is for sales of services, such as yogas and markets, that have no connection to pottery.  Despite these objections, significant information on Defendants' sales of goods and services have been produced, as referenced earlier in this motion and the attached exhibits.

WHEREFORE, for the foregoing reasons, Defendants, Countryview Pottery Co., Emerson Creak Events, Inc., David Demiduk, and Christina Demiduk respectfully request that this Court deny Plaintiff's Motion to Compel and to award Defendant such other relief as this Court may deem just and proper, including attorney's fees for opposing this motion.

    Respectfully submitted,

    LAUBSCHER & LAUBSCHER, PC

    \leljr/_____
    Lawrence E. Laubscher Jr.
    VSB No. 18680
    llaubscher@laubscherlaw.com
    1160 Spa Road, Suite 2B
    Annapolis, MD  21403
    (410) 280-6608 (Tel)
    (410) 280-6758 (Fax)

Law Offices of McLaughlin & Associates, P.C.

/ksmjr/_____
Kenneth S. McLaughlin, Jr.
IARDC No. 6229828
1 E. Benton Street, Suite 301
Aurora, IL 60505
(630) 230-8434
(630) 230-8435 fax
kmclaughlin@ma-lawpc.com
(admitted pro hac vice)

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 23, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ /ksmjr/_____
Kenneth S. McLaughlin, Jr.
Attorney for Defendants


/leljr/_____
Lawrence E. Laubscher Jr. (VSB No. 18680)
Laubscher & Laubscher, PC
1160 Spa Road, Suite 2B
Annapolis, MD 21403
(410) 280-6608 (Tel)
(410) 280-6758 (Fax)
llaubscher@laubscherlaw.com

/ksmjr/_____
Kenneth S. McLaughlin, Jr. (IARDC No. 6229828)
Law Offices of McLaughlin & Associates, P.C.
1 E. Benton Street, Suite 301
Aurora, Illinois, 60505
(630) 230-8434
(630) 230-8435 fax
kmclaughlin@ma-lawpc.com
(Admitted pro hac vice)

Attorneys for Defendants