## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
## BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

In the Matter of U.S. Trademark Application No.: 87613813
For the Mark: EMERSON CREEK EVENTS
Date of Application: September 19, 2017

| | |
|---|---|
| Emerson Creek Pottery Inc., | |
| Opposer, | Opposition No. 91244057 |
| v. | |
| Countryview Pottery Co., and Emerson Creek Events, Inc., | |
| Applicants. | |

## OPPOSER'S FIRST SET OF INTERROGATORIES

Pursuant to Title 37, Section 2.120, of the Code of Federal Regulations and Federal Rules of Civil Procedure 26 and 33, Plaintiff requests applicants Countryview Pottery Co., and Emerson Creek Events, Inc., to respond to the following interrogatories within thirty (30) days of service by sending responses to the offices of GARFIELD GOODRUM, DESIGN LAW, 90 Canal Street, 4th Floor, Boston, MA 02114, copy via email to garfield.goodrum@gdrmlaw.net, in accordance with the below instructions and definitions.

### INSTRUCTIONS

1. If any document is withheld under claim of privilege, you are requested to furnish a list prepared by the person supervising the production of documents called for by this Request, identifying each document for which the privilege is claimed, together with the following information with respect to each document: date, identity of sender, identity of recipient, number

1


EXHIBIT A

of pages, subject matter, the specific bases on which any privilege is claimed, identity of persons to whom copies were furnished and/or who reviewed the document, and identity of custodian of the original of the document.

2. When an Interrogatory is answered on information and belief, please set forth the basis for such information and belief. When Defendants deny knowledge or information sufficient to answer an Interrogatory, please set forth the name and address of each person, if any, known to have such knowledge. When the existence of a document is disclosed in a response, please attach a copy of such document to the answer. If such document is not in Defendant(s)' possession or control, please state the name and address of each person known to Defendant(s) to have such possession or control, and identify which documents are in such person's possession or control.

3. These Interrogatories are continuing to the extent permitted by law, and you are required to timely produce in the form of a supplemental response, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, any information or document(s) called for herein that is/are unavailable to you at the time of response, but which is discovered or otherwise becomes available to you or to any of your attorneys, agents or representatives up to the conclusion of the proceedings herein.

**DEFINITIONS**

1. As used herein, the terms "presently" and "to the present" shall mean as of or through the date of the response to this Request for Production.

2. As used herein, the term "person" or "persons" means the plural as well as the singular and includes any natural person, corporation, company, firm, partnership, association, joint venture, government entity or any other form of organization, association or entity.

3. As used herein, the term "identify" or "identity of," when used with respect to a natural person, means to state the full name of the person identified, the person's job title, the name and address of the person's employer, and the person's present or last known business and home addresses.

4. As used herein, the term "identify" or "identity of,' when used with respect to a document, as that term is hereinafter defined, means to state the date appearing on such item, the full name of the person sending or transmitting the same, the sender's job title, the name and address of the recipient, and a brief statement of the subject matter of such item.

5. As used herein, the term "document" or "documents" shall have the meaning ascribed to them in Rule 34 of the Federal Rules of Civil Procedure, and shall include, without limitation, the original and any non-identical copy, regardless of origin or location, and regardless of whether it exists in hard print or electronic media, of any book, pamphlet, periodical, advertisement, letter to the trade, catalog, letter, opinion, report, electronic mail message, facsimile, telegram, cable, telex correspondence, report, record, notebook, sketch, blueprint, manual, handwritten note, contract, agreement, manuscript, minutes, intra-corporate communication, bulletin, brochure, circular, instructions, memorandum, notice, working paper, diary, chart, paper, graph, laboratory record, computer printout, magnetic or optical media, work assignment, print tracing, drawing,

survey, photograph, microfilm, index, data sheet, data processing card, audio or video recording, sketch or notes of or relating to any telephone or other conversation, or any other written, recorded, transcribed, filmed, or graphic material, however produced or reproduced, which is or has been in your possession, control or custody or of which you have knowledge.

6. As used herein, "thing" or "things" means any item whatsoever, of a tangible nature other than documents.

7. As used herein, "Applicants," "Defendants," "you" or "your" means collectively and individually Countryview Pottery Co., Emerson Creek Events, Inc., Christina Demiduk, Ron Wehrli and/or David Demiduk including all names or entities under which each has done business; any predecessors thereof and all past or present divisions, subsidiaries, or affiliates of any of the foregoing entities; and all past or present employees, attorneys, agents, or representatives of each or of any of the foregoing entities.

8. As used herein, "Registrant," "Opposer" or "Plaintiff" means collectively and individually Emerson Creek Pottery, Inc., and/or Jim Leavitt including all names or entities under which each has done business; any predecessors thereof and all past or present divisions, subsidiaries, or affiliates of any of the foregoing entities; and all past or present employees, attorneys, agents, or representatives of each or of any of the foregoing entities.

9. As used herein, "meeting" or "meetings" means the plural as well as the singular and includes a formal or informal meeting, assembly, convention, gathering, conversation, including

telephone conversation, a communication of any type, or other coincidence of presence, whether by chance or prearranged, and shall further include any one or more meetings, or any part thereof.

10. As used herein, "communication" or "correspondence" shall mean any contact or act by which any information or knowledge is transmitted or conveyed between two or more persons and shall include, without limitation, written contact by such means as letters, memoranda, telegrams, telexes, facsimiles, and electronic mail messages, and any oral contact by such means as face-to-face meetings, video teleconferences, and telephone conversations.

11. As used herein, "day" or "date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation, including the relationship to other events.

## INTERROGATORIES

1. Identify the person answering these interrogatories.

2. State whether Defendant State was given any opinion regarding Defendant(s)' freedom to use any mark or text containing the terms EMERSON CREEK. If so, state:

(a) The date such opinion was requested. By whom?

(b) The date such opinion was given. By whom?

(c) Identify and annex a copy of any such opinion.

3. What are the total sales per month of Defendants' pottery, cook book, gift shop, tea room, restaurant and event services for each month from the date of first sale thereof to date?

(a) Identify the classes of purchasers of Defendants' said goods and services.

(b) State the net profit to Defendants per month derived from the sale of pottery, cook books " gift shop, tea room, restaurant and event services. How was such profit determined? Identify and annex copies of all documents pertinent to the termination of such profits.

4. Describe in detail Ron Wehrli's relationship to each of Defendants by year, including any ownership interests, employment, duties and responsibilities. Please also identify the specific dates of same, details of beginning and end of same, reasons for same and all documents regarding, memorializing and effecting same.

5. Describe the ordinary customers, trade channels and advertising / marketing for pottery, cook book, gift shop, tea room, restaurant and event services.

6. List all journals, magazines, periodicals, newsletters and websites to which Defendants subscribe or purchase.

7. List all business and trade associations to which Defendants belong.

**Respectfully submitted,**

**EMERSON CREEK POTTERY, INC.,**

by its attorneys,

**GARFIELD GOODRUM,** *DESIGN LAW*

February 10, 2019  By:  /s/Garfield Goodrum
Garfield Goodrum, Esq.
90 Canal Street, 4th Floor
Boston, Massachusetts 02114
(617) 861-0780
Fax: (617) 507-5983
garfield.goodrum@gdrmlaw.net
docketing@gdrmlaw.net

### CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2019, I caused the foregoing OPPOSER'S FIRST SET OF INTERROGATORIES to be emailed to kmclaughlin@ma-lawpc.com and deposited in the U.S. Mails, first class service, postage prepaid and addressed to:

Kenneth McLaughlin, Esq.
495 N. Commons Drive, Suite 103
Aurora, IL 60504

Dated: February 10, 2019  /gbg/
Garfield Goodrum, Esq.