IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

In the Matter of U.S. Trademark Application No.: 87613813
For the Mark: EMERSON CREEK EVENTS
Date of Application: September 19, 2017

| | |
|---|---|
| **Emerson Creek Pottery Inc.,** | |
| Opposer, | Opposition No. 91244057 |
| v. | |
| **Countryview Pottery Co., and Emerson Creek Events, Inc.,** | |
| Applicants. | |

## OPPOSER'S FIRST REQUEST TO APPLICANTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Title 37, Section 2.120, of the Code of Federal Regulations and Federal Rules of Civil Procedure 26 and 34, plaintiff requests applicants Countryview Pottery Co., and Emerson Creek Events, Inc., to respond to the following requests for production of documents and produce the requested documents and things within thirty (30) days of service at the offices of GARFIELD GOODRUM, DESIGN LAW, 90 Canal Street, 4th Floor, Boston, MA 02114, or another time and/or location mutually agreed upon, in accordance with the below instructions and definitions.

### INSTRUCTIONS

1. If any document is withheld under claim of privilege, you are requested to furnish a list prepared by the person supervising the production of documents called for by this Request,

1


EXHIBIT B

identifying each document for which the privilege is claimed, together with the following information with respect to each document: date, identity of sender, identity of recipient, number of pages, subject matter, the specific bases on which any privilege is claimed, identity of persons to whom copies were furnished and/or who reviewed the document, and identity of custodian of the original of the document.

2. Any document or tangible thing called for that is not in your immediate physical possession, but in regard to which you have a right to compel production from a third party or which is otherwise subject to your control, shall be obtained and produced as requested.

3. Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in this Request. Documents from any single file shall be produced in the same order as they were found in such file, and the files from which they are being produced shall be identified. If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the original.

4. All requested documents shall be produced in their entirety, including all attachments and enclosures.

5. If documents or tangible things responsive to a particular specification no longer exist, but are known to have been in existence, please describe the content of the document, and state the location of all copies of it, and state the circumstances under which they were lost or destroyed,

identifying the individuals having knowledge of the contents or nature of the documents or things and the disappearance or destruction thereof.

6. This Request for Production shall be deemed continuing to the extent permitted by law, and you are required to timely produce in the form of a supplemental production, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, any document or thing called for herein that is unavailable to you at the time of the production, but which is discovered or otherwise becomes available to you or to any of your attorneys, agents or representatives up to the conclusion of the proceedings herein.

## DEFINITIONS

1. As used herein, the terms "presently" and "to the present" shall mean as of or through the date of the response to this Request for Production.

2. As used herein, the term "person" or "persons" means the plural as well as the singular and includes any natural per-
son, corporation, company, firm, partnership, association, joint venture, government entity or any other form of organization, association or entity.

3. As used herein, the term "identify" or "identity of," when used with respect to a natural person, means to state the full name of the person identified, the person's job title, the name and address of the person's employer, and the person's present or last known business and home addresses.

4. As used herein, the term "identify" or "identity of,' when used with respect to a document, as that term is hereinafter defined, means to state the date appearing on such item, the full name of the person sending or transmitting the same, the sender's job title, the name and address of the recipient, and a brief statement of the subject matter of such item.

5. As used herein, the term "document" or "documents" shall have the meaning ascribed to them in Rule 34 of the Federal Rules of Civil Procedure, and shall include, without limitation, the original and any non-identical copy, regardless of origin or location, and regardless of whether it exists in hard print or electronic media, of any book, pamphlet, periodical, advertisement, letter to the trade, catalog, letter, opinion, report, electronic mail message, facsimile, telegram, cable, telex correspondence, report, record, notebook, sketch, blueprint, manual, handwritten note, contract, agreement, manuscript, minutes, intra-corporate communication, bulletin, brochure, circular, instructions, memorandum, notice, working paper, diary, chart, paper, graph, laboratory record, computer printout, magnetic or optical media, work assignment, print tracing, drawing, survey, photograph, microfilm, index, data sheet, data processing card, audio or video recording, sketch or notes of or relating to any telephone or other conversation, or any other written, recorded, transcribed, filmed, or graphic material, however produced or reproduced, which is or has been in your possession, control or custody or of which you have knowledge.

6. As used herein, "thing" or "things" means any item whatsoever, of a tangible nature other than documents.

7. As used herein, "Applicants," "Defendants," "you" or "your" means collectively and individually Countryview Pottery Co., Emerson Creek Events, Inc., Christina Demiduk, Ron Wehrli and/or David Demiduk including all names or entities under which each has done business; any predecessors thereof and all past or present divisions, subsidiaries, or affiliates of any of the foregoing entities; and all past or present employees, attorneys, agents, or representatives of each or of any of the foregoing entities.

8. As used herein, "Registrant," "Opposer" or "Plaintiff" means collectively and individually Emerson Creek Pottery, Inc., and/or Jim Leavitt including all names or entities under which each has done business; any predecessors thereof and all past or present divisions, subsidiaries, or affiliates of any of the foregoing entities; and all past or present employees, attorneys, agents, or representatives of each or of any of the foregoing entities.

9. As used herein, "meeting" or "meetings" means the plural as well as the singular and includes a formal or informal meeting, assembly, convention, gathering, conversation, including telephone conversation, a communication of any type, or other coincidence of presence, whether by chance or prearranged, and shall further include any one or more meetings, or any part thereof.

10. As used herein, "communication" or "correspondence" shall mean any contact or act by which any information or knowledge is transmitted or conveyed between two or more persons and shall include, without limitation, written contact by such means as letters, memoranda,

5

telegrams, telexes, facsimiles, and electronic mail messages, and any oral contact by such means as face-to-face meetings, video teleconferences, and telephone conversations.

11. As used herein, "day" or "date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation, including the relationship to other events.

## DOCUMENTS AND THINGS REQUESTED

1. All documents showing, concerning, evidencing, relating or referring to Defendants' ownership (including amongst themselves), selection, adoption, application to register (including as domain names and for social media), protection or use of any mark or text containing the terms EMERSON CREEK.

2. All documents showing, concerning, evidencing, relating or referring to any instances of actual confusion among customers, vendors or any third parties between Opposer and Applicant from the use or presentation by either of any mark or text containing the terms EMERSON CREEK.

3. All documents showing, concerning, evidencing, relating or referring to Defendants' unit and dollar sales for pottery, restaurant and/or event services associated with any mark or text containing the terms EMERSON CREEK.

4. All documents showing, concerning, evidencing, relating or referring to Defendants' marketing and advertising associated with any mark or text containing the terms EMERSON

CREEK, including but not limited to any online and/or internet use, promotion, marketing and/or advertising, website(s) and social media site(s).

5. All documents showing, concerning, evidencing, relating or referring to Defendants' customers for pottery goods and restaurant and events services.

6. All documents showing, concerning, evidencing, relating or referring to the goods and services, in detail, offered by Defendants under any mark or text containing the terms EMERSON CREEK.

7. All documents showing, concerning, evidencing, relating or referring to any investigation or analysis by Defendants of the availability for use or registration of any mark or text containing the terms EMERSON CREEK.

8. All documents showing, concerning, evidencing, relating or referring to any U.S. federal, state or foreign trademark, service mark or fictitious name application or filing for any text or mark containing the terms EMERSON CREEK alone or in addition to other wording or elements.

9. All documents showing, concerning, evidencing, relating or referring to any sales by you of pottery and related goods and services not obtained from Opposer nor any of same originating from Opposer, including but not limited to all receipts, invoices and/or statements issued to or by you.

10. All documents of which Defendants are aware or have knowledge, showing, concerning, evidencing, relating or referring to all third-party uses of the terms EMERSON CREEK either alone or in combination with other terms in the United States.

11. All documents showing, concerning, evidencing, relating or referring to any communications, exchanges, negotiations or agreements between the parties regarding any mark or text containing the terms EMERSON CREEK, including but not limited to the sale or offering of pottery goods, restaurant or event services and/or any other good(s) or service(s).

12. Copies of any and all permit(s) and/or permission(s) issued by any governmental agency of the U.S. and/or any state or municipality within the U.S. involving Defendants' pottery goods and/or restaurant and/or event services and all documents relating or referring to such permit(s) and/or permission(s).

13. All documents showing, concerning, evidencing, relating or referring to any differences, disputes or controversies between Defendants and any third party concerning any text or mark containing the terms EMERSON CREEK.

14. All documents showing, concerning, evidencing, relating or referring to any complaints, differences, controversies, regulatory reports, inspections or complaints (including health and sanitary) or civil actions concerning Defendants' offering of pottery goods or restaurant or event services.

15. All documents from any third party mentioning, concerning, evidencing, relating or referring to Opposer.

16. All documents from any third party mentioning, concerning, evidencing, relating or referring to any mark, text or product offered or advertised with any mark or text containing the terms EMERSON CREEK.

17. All documents and things that are identified, referred to in, and/or that support Defendants' responses to Defendants' Initial Disclosures Pursuant to Rule 26(A) that have not been produced pursuant to the foregoing request for documents.

18. All documents and things that are identified, referred to in, and/or that support Defendants' responses to Plaintiff's First Set of Interrogatories that have not been produced pursuant to the foregoing request for documents.

                **Respectfully submitted,**

                **EMERSON CREEK INC.,**

                by its attorneys,

                **GARFIELD GOODRUM, *DESIGN LAW***

February 10, 2019      By:   /s/Garfield Goodrum
                                Garfield Goodrum, Esq.
                                90 Canal Street, 4th Floor
                                Boston, Massachusetts 02114
                                (617) 861-0780
                                Fax: (617) 507-5983
                                garfield.goodrum@gdrmlaw.net
                                docketing@gdrmlaw.net

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2019, I caused the foregoing OPPOSER'S FIRST REQUEST TO APPLICANTS FOR PRODUCTION OF DOCUMENTS to be emailed to kmclaughlin@ma-lawpc.com and deposited in the U.S. Mails, first class service, postage prepaid and addressed to:

Kenneth McLaughlin, Esq.<br>
495 N. Commons Drive, Suite 103<br>
Aurora, IL 60504

Dated: February 10, 2019         /gbg/
                                 Garfield Goodrum, Esq.