## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

In re Application Serial No. 87613813 for the mark EMERSON CREEK EVENTS, Opposition No, 91241725, and Application Serial No. 87400157 for the mark EMERSON CREEK POTTERY MADE IN THE USA, Opposition No, 91244057, Consolidated.

| | |
|---|---|
| COUNTRYVIEW POTTERY CO. <br> d/b/a EMERSON CREEK POTTERY and <br> EMERSON CREEK TEAROOM, and EMERSON <br> CREEK EVENTS, INC. <br><br> Opposers, <br><br> v. <br><br> EMERSON CREEK POTTERY, INC. <br><br> Applicant | Opposition No. 91241725 <br> (Parent Case) |
| EMERSON CREEK POTTERY, INC. <br><br> Opposer <br><br> v. <br><br> COUNTRYVIEW POTTERY CO., and <br> EMERSON CREEK EVENTS, INC. <br><br> Applicants | Opposition No. 91244057 |

### RESPONSE TO OPPOSER'S FIRST SET OF REQUESTS TO ADMIT

NOW COME COUNTRYVIEW POTTERY CO. and EMERSON CREEK EVENTS, INC., by and through their attorneys, Law Offices of McLaughlin & Associates, P.C., and for their responses to Opposer's First Set of Requests to Admit, state as follows

### GENERAL OBJECTIONS

1.  Countryview Pottery Co. ("Countryview") and Emerson Creek Events, Inc. ("EC Events") object to Emerson Creek Pottery, Inc.'s ("ECP") definition of "Applicants", "Defendants" and "You" in its Requests to Admit to include Ron Wehrli, and Christina Demiduk and David Demiduk, individually.

1



2. Countryview and EC Events object to each request for admission to the extent it seeks information that is protected from disclosure by the attorney-client privilege or other privilege.

3. Countryview and EC Events object to each request for admission to the extent it seeks information that is protected from disclosure by the work product immunity.

4. Countryview and EC Events object to each request for admission to the extent it asks Countryview and EC Events to admit or deny a legal conclusion.

5. Countryview and EC Events object to each request for admission to the extent that it seeks admissions of fact that would require Countryview and EC Events to reveal confidential or proprietary business information.

6. Countryview and EC Events object to each request for admission to the extent that it seeks admissions on subjects that are irrelevant to these proceedings and not reasonably calculated to lead to discovery of admissible evidence.

7. Countryview and EC Events object to each request for admission to the extent that it is vague or ambiguous.

1. Since at least 2002, Defendants have sold pottery created, designed and/or manufactured by Plaintiff at 5126 Stephens Road in Oswego, Illinois.
   ANSWER: Defendants object to this request to admit #10 on the grounds that it is irrelevant and inappropriate as this opposition is solely associated with the registration of the instant application serial number 87613813 for the mark EMERSON CREEK EVENTS. Without waiving such objections, admitted.

2. Defendants have purchased from Plaintiff pottery at a discount from retail prices since at least 2002.
   ANSWER: Defendants object to this request to admit #2 on the grounds that it is irrelevant and inappropriate as this opposition is solely associated with the registration of the instant application serial number 87613813 for the mark EMERSON CREEK EVENTS. Without waiving such objections, admitted.

3. Since as early as June 1, 2002, Defendants have used pottery created, designed and/or manufactured by Plaintiff to offer their tea room, café and restaurant services at 5126 Stephens Road in Oswego, Illinois.
   ANSWER: Defendants object to this request to admit #3 on the grounds that it is irrelevant and inappropriate as this opposition is solely associated with the registration of the instant application serial number 87613813 for the mark EMERSON CREEK EVENTS. Without waiving such objections, denied.

4. The majority of Plaintiff's pottery that Defendants have sold at 5126 Stephens Road in Oswego, Illinois, has had EMERSON CREEK POTTERY printed on the pottery itself or labels affixed to the pottery.
   ANSWER: Defendants object to this request to admit #4 on the grounds that it is irrelevant and inappropriate as this opposition is solely associated with the registration of the instant application serial number 87613813 for the mark

EMERSON CREEK EVENTS. Without waiving such objections, Defendants admit that the majority of Plaintiff's pottery sold at 5126 Stephens Road in Oswego, Illinois had EMERSON CREEK POTTERY printed on the pottery or a label affixed to the pottery but deny that the majority of pottery it sold in total at that location was so labeled.

5. The majority of Plaintiff's pottery that Defendants have used at 5126 Stephens Road in Oswego, Illinois, to offer their tea room, café and restaurant has had EMERSON CREEK POTTERY printed on the pottery itself.
ANSWER: Defendants object to this request to admit #5 on the grounds that it is irrelevant and inappropriate as this opposition is solely associated with the registration of the instant application serial number 87613813 for the mark EMERSON CREEK EVENTS. Without waiving such objections, denied.

6. Since at least 2017, Defendants have sold third-party pottery not created, designed and/or manufactured by Plaintiff at 5126 Stephens Road in Oswego, Illinois.
ANSWER: Defendants object to this request to admit #6 on the grounds that it is irrelevant and inappropriate as this opposition is solely associated with the registration of the instant application serial number 87613813 for the mark EMERSON CREEK EVENTS. Without waiving such objections, admitted.

7. Defendant Countryview Pottery Co. has filed the assumed name EMERSON CREEK POTTERY with the Illinois Secretary of State's office.
ANSWER: Defendants object to this request to admit #7 on the grounds that it is irrelevant and inappropriate as this opposition is solely associated with the registration of the instant application serial number 87613813 for the mark EMERSON CREEK EVENTS. Without waiving such objections, admitted.

8. Defendants registered the internet domain name www.ecreekpotteryandtearoom.com.
ANSWER: Admitted.

9. Defendants operate a website at www.ecreekpotteryandtearoom.com.
ANSWER: Admitted.

10. Defendants Countryview Pottery Co. and Emerson Creek Events, Inc., filed an application to register EMERSON CREEK POTTERY & TEAROOM as a trademark with the U.S. Patent and Trademark Office ("PTO") on or about September 19, 2017.
ANSWER: Defendants object to this request to admit #10 on the grounds that it is irrelevant and inappropriate as this opposition is solely associated with the registration of the instant application serial number 87613813 for the mark EMERSON CREEK EVENTS. Without waiving such objections, admitted.

11. Defendants Countryview Pottery Co. and Emerson Creek Events, Inc., claimed first use in commerce of EMERSON CREEK POTTERY & TEAROOM at least as early as June 1, 2002, in their PTO application for this mark.

ANSWER: **Defendants object to this request to admit #11 on the grounds that it is irrelevant and inappropriate as this opposition is solely associated with the registration of the instant application serial number 87613813 for the mark EMERSON CREEK EVENTS. Without waiving such objections, admitted.**

12. Defendants Countryview Pottery Co. and Emerson Creek Events, Inc., filed an application to register EMERSON CREEK TEAROOM as a trademark for "tea rooms; restaurant and café services" with the PTO on or about September 19, 2017.
ANSWER: **Defendants object to this request to admit #12 on the grounds that it is irrelevant and inappropriate as this opposition is solely associated with the registration of the instant application serial number 87613813 for the mark EMERSON CREEK EVENTS. Without waiving such objections, admitted.**

13. Defendants Countryview Pottery Co. and Emerson Creek Events, Inc., claimed first use in commerce of EMERSON CREEK TEAROOM at least as early as June 1, 2002, in their PTO application for this mark.
ANSWER: **Defendants object to this request to admit #13 on the grounds that it is irrelevant and inappropriate as this opposition is solely associated with the registration of the instant application serial number 87613813 for the mark EMERSON CREEK EVENTS. Without waiving such objections, admitted.**

14. Defendants Countryview Pottery Co. and Emerson Creek Events, Inc., disclaimed exclusive rights to use "tearoom" apart from the mark as a whole in their PTO application to register EMERSON CREEK TEAROOM.
ANSWER: **Defendants object to this request to admit #14 on the grounds that it is irrelevant and inappropriate as this opposition is solely associated with the registration of the instant application serial number 87613813 for the mark EMERSON CREEK EVENTS. Without waiving such objections, admitted.**

15. The term POTTERY is generic for pottery goods.
ANSWER: **Defendants object to this request to admit #15 on the grounds that it is irrelevant and inappropriate as this opposition is solely associated with the registration of the instant application serial number 87613813 for the mark EMERSON CREEK EVENTS. Defendants further object to this request to admit on the grounds that a material term, "generic", has not been defined and is a legal term of art calling for a legal conclusion, and as such, is denied.**

16. The term TEAROOM is generic for tea rooms.
ANSWER: **Defendants object to this request to admit #16 on the grounds that it is irrelevant and inappropriate as this opposition is solely associated with the registration of the instant application serial number 87613813 for the mark EMERSON CREEK EVENTS. Defendants further object to this request to admit on the grounds that a material term, "generic", has not been defined and is a legal term of art calling for a legal conclusion, and as such, is denied.**

17. Defendants' EMERSON CREEK POTTERY & TEAROOM mark that they sought to register at the PTO is identical in its non-generic terms to Plaintiff's EMERSON CREEK POTTERY mark.
    **ANSWER: Defendants object to this request to admit #17 on the grounds that it is irrelevant and inappropriate as this opposition is solely associated with the registration of the instant application serial number 87613813 for the mark EMERSON CREEK EVENTS. Defendants further object to this request to admit on the grounds that it calls for a legal conclusion, and as such, is denied.**

18. Defendants' EMERSON CREEK TEAROOM mark that they sought to register at the PTO is identical in its non-generic terms to Plaintiff's EMERSON CREEK POTTERY mark.
    **ANSWER: Defendants object to this request to admit #18 on the grounds that it is irrelevant and inappropriate as this opposition is solely associated with the registration of the instant application serial number 87613813 for the mark EMERSON CREEK EVENTS. Defendants further object to this request to admit on the grounds that it calls for a legal conclusion, and as such, is denied.**

19. Defendants never informed the PTO of Plaintiff.
    **ANSWER: Defendants object to this request to admit #19 on the grounds that it is vague and overbroad. Without waiving such objection and limiting its response to Defendants' application for registration of the instant application serial number 87613813 for the mark EMERSON CREEK EVENTS, admitted. Further answering, Plaintiff's registered mark was known to the USPTO at the time of the application, so no notice was required.**

20. Defendants never informed the PTO Plaintiff's use of EMERSON CREEK POTTERY.
    **ANSWER: Defendants object to this request to admit #19 on the grounds that it is vague and overbroad. Without waiving such objection and limiting its response to Defendants' application for registration of the instant application serial number 87613813 for the mark EMERSON CREEK EVENTS, admitted. Further answering, Plaintiff's registered mark was known to the USPTO at the time of the application, so no notice was required.**

21. Defendants learned of the terms EMERSON CREEK and EMERSON CREEK POTTERY from visiting Plaintiff's location in Bedford, Virginia, before they offered pottery, tearoom, restaurant and event services.
    **ANSWER: Admitted as it relates to pottery but denied as to the categories tearooms, restaurant, and event services.**

22. Defendants did not come up with their EMERSON CREEK POTTERY & TEAROOM and EMERSON CREEK TEAROOM marks on their own.
    **ANSWER: Denied, as Defendants were the first to use it in connection of tearoom, restaurant, and event services.**

23. Defendants copied their EMERSON CREEK POTTERY & TEAROOM and EMERSON CREEK TEAROOM marks from Plaintiff's EMERSON CREEK POTTERY mark.
**ANSWER: Denied.**

Dated: March 13, 2019                    Respectfully submitted,

                                                     COUNTRYVIEW POTTERY CO.

                                                     By: /Christina Demiduk/
                                                          Christina Demiduk, Its President

                                                     EMERSON CREEK EVENTS, INC.

                                                     By: /Christina Demiduk/
                                                          Christina Demiduk, Its President

Objections by:      /Kenneth S. McLaughlin, Jr./
                         Kenneth S. McLaughlin, Jr.
                         Attorney for Countryview Pottery Co.
                         and Emerson Creek Events, Inc.

## VERIFICATION BY CERTIFICATION

Under penalties as provided by law pursuant to 28 U.S.C. §1746, the undersigned certifies under penalty of perjury that the Answers to Requests to Admit are true and correct to the best of her knowledge.

COUNTRYVIEW POTTERY CO.

By: /Christina Demiduk/
      Christina Demiduk, Its President

EMERSON CREEK EVENTS, INC.

By: /Christina Demiduk/
      Christina Demiduk, Its President

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on March 13, 2019, he served a copy of the above-referenced Response to Opposer's First Set of Requests to Admit upon Garfield Goodrum via email to: garfield.goodrum@gdrmlaw.net and via U.S. Mail, first class service, postage prepaid and addressed to Garfield Goodrum, Design Law, 90 Canal Street, 4th Floor, Boston, MA 02114.

/Kenneth S. McLaughlin, Jr./
Kenneth S. McLaughlin, Jr.
Law Offices of McLaughlin & Assoc., P.C.
495 N. Commons Dr., Suite 103
Aurora, Illinois 60504
(630) 230-8434
(630) 230-8435 (fax)
kmclaughlin@ma-lawpc.com
ARDC No. 6229828 (Illinois)