**GARFIELD GOODRUM, *DESIGN LAW***
90 Canal Street, 4th Floor
Boston, Massachusetts 02114

garfield.goodrum@gdrmlaw.net      DESIGN COPYRIGHTS,
t: 617.861.0780      ARCHITECTURAL WORKS,
f: 617.507.5983      TRADEMARKS and COPYRIGHTS

**VIA EMAIL ONLY — kmclaughlin@ma-lawpc.com**

December 6, 2019

Kenneth S. McLaughlin, Jr., Esq.
**McLaughlin & Associates, P.C.**
One E. Benton, Suite 301
Aurora, IL 60505

    Re:   ***Emerson Creek Pottery, Inc., v. Countryview Pottery Co., et al.***
            US Trademark Trial and Appeal Board
            Opposition No. 91241725

Dear Ken:

    As discussed on our phone call of December 4, 2019, we appear to have a compromise in principle regarding the outstanding discovery issues. Per your request, we are following up in writing to further specify the information and materials requested from your clients, which is done in the interests of cooperation and advancing the progress of discovery only.[1] Accordingly, we respectfully request that you please provide the following items:

Pottery Business
- Annual gross sales for all giftshop goods (broken down by month if available) <u>or</u> written verification that such sales are the same as the gross sales designated on "line 1a" of Countryview Pottery Co.'s 2013 through 2018 Federal Tax Returns previously produced as ECE 265-270;
- Annual gross sales and quantity of units sold for all pottery goods since 2013 (broken down by month if available);
- Annual gross sales and quantity of units sold for all Emerson Creek Pottery, Inc. pottery goods since 2013 (broken down by month if available);

---

[1] This accommodation in no way constitutes any sort of express/implied admission or concession regarding the relevance and discoverability of any information or materials. We reserve the right to request any information and materials in the future as we may deem appropriate in view of the course of this proceeding and developments thereof.



EXHIBIT H

Kenneth S. McLaughlin, Jr., Esq.
**McLaughlin & Associates, P.C.**
December 6, 2019
Page 2

- Annual gross sales and quantity of units sold for all third-party pottery goods since 2013 (broken down by month if available);
- Identification of all your clients' third-party suppliers, vendors, sources or the like for pottery goods, as well as catalogs, advertisements, marketing, trade show attendance and materials, *etc.*;

<u>Confirmation of call representations regarding additional materials[2]</u>
- Any additional materials concerning your clients' historical use of **EMERSON CREEK** (with or without other wording), including past employee handbooks, menus, signage (internal or external), advertisements, marketing pieces (including email), cookbooks and the like, <u>or</u> written verification that your clients have used best reasonable efforts to produce all requested materials concerning same and that none exist;[3]
- Any additional materials concerning Ron Wehrli, including email to, from or copying him, employment contracts or writings, terms sheets, business plans, articles of incorporation, *etc.*, <u>or</u> written verification that your clients have used best reasonable efforts to produce all requested materials concerning same and that none exist;
- Any additional materials concerning the relationship, agreement and/or understanding of the parties with respect to the use of EMERSON CREEK (with or without other wording) <u>or</u> written verification that your clients have used best reasonable efforts to produce all requested materials concerning same and that none exist;
- Any additional materials concerning any instances of actual confusion by any third party with respect to the parties hereto as to any good or service <u>or</u> written verification that your clients have used best reasonable efforts to produce all requested materials concerning same and that none exist;[4]

---

[2] We are asking for either materials or written verification that no such materials exist in your clients' possession or control after diligent inquiry. We can address your clients' knowledge and/or beliefs regarding the requested information during deposition.

[3] On the call, you indicated that your clients' may or may not have additional materials in their possession, but even if so, such materials would likely not be of a different character from what has already been produced. Nonetheless, we do want copies of any other materials you can provide so that we may review same for ourselves.

[4] On the call, we noted that your written discovery response of June 9, 2019, to our request for production number 2 was limited to events and banquet services on its face, and you indicated that the scope of the response was intended to cover any and all goods or services. Please provide written confirmation.

Kenneth S. McLaughlin, Jr., Esq.
MCLAUGHLIN & ASSOCIATES, P.C.
December 6, 2019
Page 3

- Any additional materials concerning any comments or complaints by any third party with respect to the provision or quality of any good or service offered by your clients <u>or</u> written verification that your clients have used best reasonable; efforts to produce all requested materials concerning same and that none exist
- Any additional materials concerning your clients' marketing activities, including any correspondence with service providers or consultants or notes regarding same, <u>or</u> written verification that your clients have used best reasonable; and efforts to produce all requested materials concerning same and that none exist
- Any additional materials concerning previous versions of your clients' website and changes to the content thereof <u>or</u> written verification that your clients have used best reasonable efforts to produce all requested materials concerning same and that none exist

Please feel free to contact me, if you would like to discuss any of the above.

Sincerely,

GARFIELD GOODRUM, *DESIGN LAW*

/gbg/
Garfield Goodrum, Esq.
Chris Sylvain, Esq.
*garfield.goodrum@gdrmlaw.net*
*chris.sylvain@gdrmlaw.net*

cc:    Hunter Kappel, Esq.

GBG/cs