# Ken McLaughlin

| | |
|---|---|
| **From:** | Ken McLaughlin |
| **Sent:** | Monday, March 1, 2021 2:31 PM |
| **To:** | Henry Willett |
| **Cc:** | garfield.goodrum@gdrmlaw.net; Larry Laubscher; Sheila Hayes |
| **Subject:** | Emerson Creek Pottery v. Countryview |
| **Attachments:** | Initial disclosures Emerson Creek, amended 030121.pdf |

Henry and Garfield,

Attached please find defendants' disclosures, updated to reflect the Virginia court caption and claims in the case and to incorporate by reference the prior discovery responses.

Sincerely,

Kenneth S. McLaughlin, Jr.
**McLaughlin & Associates, P.C.**
1 E. Benton St., Suite 301
Aurora, Illinois 60505
(630) 449-4598 (direct)
(630) 230-8434 (general)
(630) 230-8435 (fax)
kmclaughlin@ma-lawpc.com

---

**From:** Henry Willett <hwillett@cblaw.com>
**Sent:** Monday, March 1, 2021 11:15 AM
**To:** Ken McLaughlin <kmclaughlin@ma-lawpc.com>
**Cc:** garfield.goodrum@gdrmlaw.net; Larry Laubscher <LLaubscher@laubscherlaw.com>
**Subject:** Re: [EXTERNAL SENDER, USE CAUTION] Emerson Creek Pottery v. Countryview

> Ken,
>
> We will be providing initial disclosures, updated to address the additional claims at issue in this litigation. We will also be providing the documents produced again in the next day or so, simply because they had not been bates stamped.
>
> We are fine if you want to rely on your prior disclosures, and to supplement anything needing to be added.
>
> Henry
>
>
> On Mar 1, 2021, at 10:38 AM, Ken McLaughlin <kmclaughlin@ma-lawpc.com> wrote:
>
> Garfield and Henry,


EXHIBIT P

1

In the Opposition, we exchanged 26(A) disclosures. I think based on our prior discussions, we decided to allow what was previously submitted as disclosures and discovery to stand so as to not duplicate efforts, except to the extent we wanted to supplement them. Please confirm if this is your understanding.

Thanks,

Ken

Kenneth S. McLaughlin, Jr.
**McLaughlin & Associates, P.C.**
1 E. Benton St., Suite 301
Aurora, Illinois 60505
(630) 449-4598 (direct)
(630) 230-8434 (general)
(630) 230-8435 (fax)
kmclaughlin@ma-lawpc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| EMERSON CREEK POTTERY INC. | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 6:20CV0054 |
| | ) | |
| v. | ) | |
| | ) | |
| COUNTRYVIEW POTTERY CO., | ) | |
| EMERSON CREEK EVENTS, INC., | ) | |
| CHRISTINA DEMIDUK, and | ) | |
| DAVID DEMIDUK | ) | |
| | ) | |
| Defendants. | ) | |

## INITIAL DISCLOSURES PURSUANT TO RULE 26(A)

Defendants, COUNTRYVIEW POTTERY CO. and EMERSON CREEK EVENTS, INC. (hereafter, "Countryview and EC Events"), by and through their attorneys, LAUBSCHER & LAUBSCHER, PC and LAW OFFICES OF MCLAUGHLIN & ASSOCIATES, P.C., respectfully submit the following initial disclosures of information reasonably available as of this date pursuant to Rules 26(A)(1) and (2) of the Federal Rules of Civil Procedure. By agreement of the parties, these disclosures incorporate by reference Defendants' initial disclosures in the prior Opposition Action before the Trademark Trial and Appeal Board and supplement same. Defendants reserve the right to amend these initial disclosures as further information becomes available.

I.   **Rule 26(A)(1)**

   A.   **Individuals Likely to Have Discoverable Information**

   The following individuals are likely to have discoverable information that Countryview and EC Events may use to support their claims and defenses against Emerson Creek Pottery, Inc. (hereinafter, "ECP"):

   1. *Christina Demiduk, President, Countryview Pottery Co.* and *Emerson Creek Events, Inc.*, 4914 Stephens Road, Oswego, IL 60543, has discoverable information regarding: (a) the date of first use and scope of the event and restaurant services offered by Countryview and EC Events, as set forth in their Application, Serial No. 87613813, and in their marketing materials and website, which are materially different than those offered by ECP; (b) Countryview and EC Events' consistent and continuous use of the mark "EMERSON CREEK EVENTS" to identify its event and restaurant services as set forth in the Application, Serial No. 87613813, and in their marketing materials and website; (c) ECP's knowledge of



Countryview and EC Events' use of the EMERSON CREEK EVENTS mark for event and restaurant services and communications between the parties relating to Countryview and Emerson Creek Events' use of the mark for those services; (d) Countryview and EC Events' knowledge of ECP's proposed use of the "EMERSON CREEK POTTERY MADE IN THE USA" mark and application for trademark for event and restaurant services and communications between the parties relating to that proposed use; (e) authentication of all relevant documentation produced on behalf of Countryview and EC Events; (f) the lack of any licensing or other agreement related to the use of the word "EMERSON CREEK" in connection with Countryview's and EC Events' services; (g) the types of goods offered and sold in Countryview's store; and (h) the facts and defenses alleged in the instant litigation.

2. *David Demiduk, Secretary, Countryview Pottery Co.* and *Emerson Creek Events, Inc.*, 4914 Stephens Road, Oswego, IL 60543, has discoverable information regarding: (a) the date of first use and scope of the event and restaurant services offered by Countryview and EC Events, as set forth in their Application, Serial No. 87613813, and in their marketing materials and website, which are materially different than those offered by ECP; (b) Countryview and EC Events' consistent and continuous use of the mark "EMERSON CREEK EVENTS" to identify its event and restaurant services as set forth in the Application, Serial No. 87613813, and in their marketing materials and website; (c) ECP's knowledge of Countryview and EC Events' use of the EMERSON CREEK EVENTS mark for event and restaurant services and communications between the parties relating to Countryview and Emerson Creek Events' use of the mark for those services; (d) Countryview and EC Events' knowledge of ECP's proposed use of the "EMERSON CREEK POTTERY MADE IN THE USA" mark and application for trademark for event and restaurant services and communications between the parties relating to that proposed use; (e) authentication of all relevant documentation produced on behalf of Countryview and EC Events; (f) the lack of any licensing or other agreement related to the use of the word "EMERSON CREEK" in connection with Countryview's and EC Events' services; (g) the types of goods offered and sold in Countryview's store; and (h) the facts and defenses alleged in the instant litigation.

3. *James Leavitt, President, Emerson Creek Pottery,* 1068 Pottery Lane, Bedford, VA 24523, has discoverable information regarding: (a) the date of first use and scope of the event and restaurant services offered by Countryview and EC Events, as set forth in their Application, Serial No. 87613813, and in their marketing materials and website, which are materially different than those offered by ECP; (b) Countryview and EC Events' consistent and continuous use of the mark "EMERSON CREEK EVENTS" to identify its event and restaurant services as set forth in the Application, Serial No. 87613813, and in their marketing materials and website; (c) ECP's knowledge of Countryview and EC Events' use of the EMERSON CREEK EVENTS mark for event and restaurant services and communications between the parties relating to Countryview and Emerson Creek Events' use of the mark for those services; (d) the lack of any licensing or other agreement related to the use of the word "EMERSON CREEK" in connection with Countryview's and EC Events' services; and (e) ECP goods offered and sold in Countryview's store.

Defendants reserve the right to call as witnesses any individuals disclosed in any party's disclosures, discovery responses, or depositions and seasonably supplement this disclosure to

include same, including customers of either party whose identity is connected to any claim or defense by said party.

**B.     Documents in the Possession Custody or Control of Countryview and EC Events.**

Countryview and EC Events may use the following categories of documents within their possession, custody or control to support their claims and defenses:[1]

1. Documentation of Countryview and EC Events' continuous and widespread use of the "EMERSON CREEK EVENTS" mark and the use of "Emerson Creek" in their offering of café, restaurant, wedding, event, and similar services.

   a. Countryview and EC Events' advertising materials, including business cards, brochures, trade show materials, training materials, direct mail advertising, snapshots and electronic copies of Countryview and EC Events' website, which all show Countryview and EC Events' widespread and continuous use of the "EMERSON CREEK EVENTS" mark and the use of "Emerson Creek" for their café, restaurant, wedding, event, and similar services.

   b. Countryview and EC Events' tax returns and ledgers of expenses incurred in advertising the "EMERSON CREEK EVENTS" mark and the use of "Emerson Creek" from the date of alleged first use to the present for their café, restaurant, wedding, event, and similar services.

   c. Relevant directory listings that include examples of Countryview and EC Events' consistent and continuous use of the "EMERSON CREEK EVENTS" mark and the use of "Emerson Creek" in print and online yellow and white pages, various chambers of commerce membership directories, newsletters, tradeshow memberships, and the directories of various relevant professional organizations for their café, restaurant, wedding, event, and similar services.

   d. Financial, tax, and other business records that indicate the channels of trade within which Countryview and EC Events have utilized and continue to utilize the "EMERSON CREEK EVENTS" mark and the use of "Emerson Creek" in the offering of café, restaurant, wedding, event, and similar services, as well as their typical customer profile.

   e. Documents and communications referring or relating to ECP's knowledge of Countryview and EC Events' use of "EMERSON CREEKS EVENTS" and other uses of the "Emerson Creek" term in relation to café, restaurant, wedding, event, and similar services.

   f. Documents obtained from the files of the United States Patent and Trademark Office and Trademark Trial and Appeal Board with respect to the parties' respective registered and applied-for trademarks and any opposition or cancellation proceedings related to same.

---

[1] All of the documents are in the possession of Countryview and EC Events or their Counsel, and are available for inspection and copying following the issuance of a formal document request by ECP. Defendants' counsel previously produced documentation in connection with initial disclosures and written discovery in the prior Opposition Action before the Trademark Trial and Appeal Board, which are incorporated by reference herein.

3

2. ECP's Purported Trademark Rights

a. Documents obtained from the files of the United States Patent and Trademark Office and Trademark Trial and Appeal Board with respect to the parties' respective registered and applied-for trademarks and any opposition or cancellation proceedings related to same.

b. Copies of advertising and websites available online with respect to and in opposition to ECP's claims for use of the mark and services described by Countryview and EC Events in their Application, Serial No. 87613813.

c. Communications referring or relating to ECP's alleged claims of priority rights to use of the "Emerson Creek" beyond pottery goods and lack of ECP's prior use of "Emerson Creek" for café, restaurant, wedding, event, and similar services.

**C. Damages.**

Defendants seek dismissal of Plaintiff's claims and reasonable attorney's fees, court costs, and such other relief as the Court deems just and proper. Defendants deny Plaintiff is entitled to any damages.

**D. Insurance Agreements**

Not applicable.

**II. Rule 26(a)(2)**

Countryview and EC Events have not identified any expert witness whom they expect to use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705, but reserve the right to do so consistent with the deadlines imposed for expert discovery.

**DATED:** March 1, 2021

Respectfully submitted,

_/leljr/_
Lawrence E. Laubscher Jr. (VSB No. 18680)
LAUBSCHER & LAUBSCHER, PC
1160 Spa Road, Suite 2B
Annapolis, MD 21403
(410) 280-6608 (Tel)
(410) 280-6758 (Fax)
llaubscher@laubscherlaw.com

4

/Kenneth S. McLaughlin, Jr./
Kenneth S. McLaughlin, Jr. (IARDC No. 6229828)
Law Offices of McLaughlin & Associates, P.C.
1 E. Benton Street, Suite 301
Aurora, IL 60505
(630) 230-8434
(630) 230-8435 fax
kmclaughlin@ma-lawpc.com

*Attorneys for Defendants*

## PROOF OF SERVICE

The undersigned, an attorney, hereby certifies that he served a copy of the above-referenced Initial Disclosures Pursuant to Rule 26(A) via email on March 1, 2021 to the counsel for Emerson Creek Pottery, Inc.:

Henry I. Willett, III
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
hwillett@cblaw.com

Garfield Goodrum
Garfield Goodrum, *Design Law*
90 Canal Street, 4th floor
Boston, MA 02114
Email: garfield.goodrum@gdrmlaw.net


/Kenneth S. McLaughlin, Jr./
Kenneth S. McLaughlin, Jr. (IARDC No. 6229828)
LAW OFFICES OF MCLAUGHLIN & ASSOCIATES, P.C.
495 N. Commons Dr., Suite 103
Aurora, Illinois 60504
Phone: (630) 230-8434
Fax: (630) 230-8435
kmclaughlin@ma-lawpc.com