IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| EMERSON CREEK POTTERY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 6:20-cv-00054 |
| v. | ) |
| | ) |
| COUNTRYVIEW POTTERY CO. | ) |
| EMMERSON CREAK EVENTS, INC., | ) |
| CHRISTINA DEMIDUK, and | ) |
| DAVID DEMIDUK | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSES TO PLAINTIFF'S
SUPPLEMENTAL REQUEST TO PRODUCE**

NOW COME Defendants, COUNTRYVIEW POTTERY CO., EMERSON CREEK EVENTS, INC., CHRISTINA DEMIDUK, and DAVID DEMIDUK, by and through their attorneys, LAUBSCHER & LAUBSCHER, PC and LAW OFFICES OF MCLAUGHLIN & ASSOCIATES, P.C., and for their Responses to Plaintiff's Supplemental Request to Produce, state as follows:

**Request No. 19:** With respect to the **gift shop business** to Defendant(s), produce all documents which show, concern, evidence, record, refer, or relate to all purchases and purchase costs of all goods and services offered for sale, including but not limited to all purchase orders to vendors, invoices from vendors, billings of lading, shipping documents, packing lists, receipts, checks or other documents evidencing payments of invoices, records of accounts payable, inventories, checkbook registers, etc.

**Response:** Defendants object to Request to Produce No. 19 on the grounds that it seeks information not relevant to the issues in this Lawsuit, as it broadly seek disclosure of information related to sales of goods and services apart from the sale of pottery and related goods. Without waiving said objection, this Request was asked and answered in connection with Defendants' Answer to Interrogatory No. 3 and Response to Request to Produce No. 5, both as supplemented and amended June 14, 2019, and Defendants' counsel's letter with documents (Response to #s 1-4) dated January 13 2020, which are incorporated by reference.



1

**Request No. 20:** With respect to the **gift shop business** of Defendant(s), produce all documents which show concern, evidence, record, refer, or related to Defendant's sales and sales revenue of all goods and services sold, including but not limited to all customer order documentation, packing lists, shipping documents, invoices, purchase orders, inventory documents, point-of-sale receipts, and documentation, records of accounts receivable, daily and other periodic transaction records and reports, etc.

**Response:** Defendants object to Request to Produce No. 20 on the grounds that it seeks information not relevant to the issues in this Lawsuit, as it broadly seek disclosure of information related to sales of goods and services apart from the sale of pottery and related goods. Without waiving said objection, this Request was asked and answered in connection with Defendants' Answer to Interrogatory No. 3 and Response to Request to Produce No. 5, both as supplemented and amended June 14, 2019, and Defendants' counsel's letter with documents (Response to #s 1-4) dated January 13 2020, which are incorporated by reference.

**Request No. 21:** With respect to the **restaurant and café business** of Defendant(s), produce all documents which show concern, evidence, record, refer or relate to all purchases and purchase costs of all goods and services offered for sale, including but not limited to all purchase orders to vendors, invoices from vendors, packing lists, bills of lading, shipping documents, receipts, checks or other documents evidencing payment of invoice, records of accounts payable, inventories, etc.

**Response:** Defendants object to Request to Produce No. 21 on the grounds that it seeks information not relevant to the issues in this Lawsuit, as it broadly seek disclosure of information related to sales of goods and services apart from the sale of pottery and related goods. Without waiving said objection, this Request was asked and answered in connection with Defendants' Answer to Interrogatory No. 3 and Response to Request to Produce No. 5, both as supplemented and amended June 14, 2019, and Defendants' counsel's letter with documents (Response to #s 1-4) dated January 13 2020, which are incorporated by reference.

**Request No. 22:** With respect to the **restaurant and café business** of Defendant(s). produce all documents which show, concern, evidence, record, refer, or relate to Defendant's sales and sales revenue of all goods and services sold, including but not limited to all customer order documentation, reservations and bookings, point-of sale receipts and documentation, records of accounts receivable, daily and other periodic transaction records and reports, etc.

**Response:** Defendants object to Request to Produce No. 22 on the grounds that it seeks information not relevant to the issues in this Lawsuit, as it broadly seek disclosure of information related to sales of goods and services apart from the sale of pottery and related goods. Without waiving said objection, this Request was asked and answered in connection with Defendants' Answer to Interrogatory No. 3 and Response to Request to Produce No. 5, both as supplemented and amended June 14, 2019, and Defendants' counsel's letter with documents (Response to #s 1-4) dated January 13 2020, which are incorporated by reference.

**Request No. 23:** With respect to the **event venue business** of Defendant(s), produce all documents which show, concern, evidence, record, refer or relate to all purchases and purchase costs of all goods and services offered for sale, including but not limited to all purchase orders to vendors, invoices from vendors, packing lists, billing of lading, shipping documents, receipts, checks or other documents evidencing payment of invoices, records of accountable payable, etc.

**Response:** Defendants object to Request to Produce No. 23 on the grounds that it seeks information not relevant to the issues in this Lawsuit, as it broadly seek disclosure of information related to sales of goods and services apart from the sale of pottery and related goods. Without waiving said objection, this Request was asked and answered in connection with Defendants' Answer to Interrogatory No. 3 and Response to Request to Produce No. 5, both as supplemented and amended June 14, 2019, and Defendants' counsel's letter with documents (Response to #s 1-4) dated January 13 2020, which are incorporated by reference.

**Request No. 24:** With respect to the **event venue business** of Defendant(s), produce all documents which show, concern, evidence, record, refer or relate to Defendant's sales and sales revenue of all goods and services offered sold, including but not limited to all customer order documentation, reservations and bookings, point-of sale receipts and documentation, records of accounts receivable, daily and other periodic transaction records and reports, etc.

**Response:** Defendants object to Request to Produce No. 24 on the grounds that it seeks information not relevant to the issues in this Lawsuit, as it broadly seek disclosure of information related to sales of goods and services apart from the sale of pottery and related goods. Without waiving said objection, this Request was asked and answered in connection with Defendants' Answer to Interrogatory No. 3 and Response to Request to Produce No. 5, both as supplemented and amended June 14, 2019, and Defendants' counsel's letter with documents (Response to #s 1-4) dated January 13 2020, which are incorporated by reference.

**Request No. 25:** With respect to **any other goods or services of the business** of Defendant(s) not identified in Requests 19-24, including e.g., **yoga and wine events, farmer marketplace events, cookbooks, etc.**, produce all documents which show, concern, evidence, record, refer or relate to all purchases and purchase costs for all goods and services offered for sale, including but not limited to all purchase orders to vendors, invoices from vendors, bills of lading, receipts, checks or other documents evidencing payment of invoices, records of accounts payable, etc.

**Response:** Defendants object to Request to Produce No. 25 on the grounds that it seeks information not relevant to the issues in this Lawsuit, as it broadly seek disclosure of information related to sales of goods and services apart from the sale of pottery and related goods. Without waiving said objection, no pottery was sold in connection with yoga, wine events, farmer marketplace events, or cookbooks. Without waiving said objection, this Request was asked and answered in connection with Defendants' Answer to Interrogatory No. 3 and Response to Request to Produce No. 5, both as supplemented and amended June 14, 2019, and Defendants' counsel's

letter with documents (Response to #s 1-4) dated January 13 2020, which are incorporated by reference.

**Request No. 26:** With respect to **any other goods or services of the business** of Defendant(s) not identified in Requests 19-25, including, e.g., **yoga and wine events, farmer marketplace events, cookbooks, etc.**, produce all documents which show, concern, evidence, record, refer or relate to Defendant's sales and sale revenue of all goods and services sold, including but not limited to all customer order documentation, reservations and books, point-of-sale receipts and documentation, records of accounts receivable, daily and other periodic transaction records and reports, etc.

**Response:** Defendants object to Request to Produce No. 26 on the grounds that it seeks information not relevant to the issues in this Lawsuit, as it broadly seek disclosure of information related to sales of goods and services apart from the sale of pottery and related goods. Without waiving said objection, no pottery was sold in connection with yoga, wine events, farmer marketplace events, or cookbooks. Without waiving said objection, this Request was asked and answered in connection with Defendants' Answer to Interrogatory No. 3 and Response to Request to Produce No. 5, both as supplemented and amended June 14, 2019, and Defendants' counsel's letter with documents (Response to #s 1-4) dated January 13 2020, which are incorporated by reference.

**Request 27:** Copies of all bank statements issued to Defendant(s) for all bank accounts used to operate the **gift shop, restaurant, and café, event venue, yoga and wine events and farmer marketplace events businesses**.

**Response:** Defendants object to Request to Produce No. 27 on the grounds that it seeks information not relevant to the issues in this Lawsuit, as it broadly seek disclosure of information related to sales of goods and services apart from the sale of pottery and related goods. Without waiving said objection, Defendants did not sell pottery or related goods in connection with yoga, wine events, farmer marketplace events. Without waiving said objection, this Request was asked and answered in connection with Defendants' Answer to Interrogatory No. 3 and Response to Request to Produce No. 5, both as supplemented and amended June 14, 2019, and Defendants' counsel's letter with documents (Response to #s 1-4) dated January 13 2020, which are incorporated by reference.

**Request 28:** Copies of all credit card merchant payment processing statements issued to Defendant(s) for all bank accounts used to operate **gift shop, restaurant and café, event venue, yoga and wine events and farmer marketplace events businesses**.

**Response:** Defendants object to Request to Produce No. 28 on the grounds that it seeks information not relevant to the issues in this Lawsuit, as it broadly seek disclosure of information related to sales of goods and services apart from the sale of pottery and related goods. Without waiving said objection, Defendants did not sell pottery or related goods in connection with yoga,

4

wine events, farmer marketplace events. Without waiving said objection, this Request was asked and answered in connection with Defendants' Answer to Interrogatory No. 3 and Response to Request to Produce No. 5, both as supplemented and amended June 14, 2019, and Defendants' counsel's letter with documents (Response to #s 1-4) dated January 13 2020, which are incorporated by reference.

**Request 29:** Copies of all bank accounts and credit card merchant payment processing registers kept by Defendant(s) for all bank accounts used to operate the **gift shop, restaurant and café, event venue, yoga, and wine events and farmer marketplace events businesses**.

**Response:** Defendants object to Request to Produce No. 29 on the grounds that it seeks information not relevant to the issues in this Lawsuit, as it broadly seek disclosure of information related to sales of goods and services apart from the sale of pottery and related goods. Without waiving said objection, Defendants did not sell pottery or related goods in connection with yoga, wine events, farmer marketplace events. Without waiving said objection, this Request was asked and answered in connection with Defendants' Answer to Interrogatory No. 3 and Response to Request to Produce No. 5, both as supplemented and amended June 14, 2019, and Defendants' counsel's letter with documents (Response to #s 1-4) dated January 13 2020, which are incorporated by reference.

**Dated: May 27, 2021**

Respectfully submitted,

/leljr/
Lawrence E. Laubscher Jr. (VSB No. 18680)
Laubscher & Laubscher, PC
1160 Spa Road, Suite 2B
Annapolis, MD 21403
(410) 280-6608 (Tel)
(410) 280-6758 (Fax)
llaubscher@laubscherlaw.com

/Kenneth S. McLaughlin, Jr./
Kenneth S. McLaughlin, Jr. (IARDC No. 6229828)
Law Offices of McLaughlin & Associates, P.C.
1 E. Benton Street, Suite 301
Aurora, Illinois, 60505
(630) 230-8434
(630) 230-8435 fax
kmclaughlin@ma-lawpc.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

    The undersigned, an attorney, hereby certifies that on May 27, 2021, he served a copy of the above-referenced Defendants' Responses to Plaintiff's Supplemental Request to Produce upon:

Garfield Goodrum
Design Law
90 Canal Street, 4th Floor
Boston, MA 02114
via email to: garfield.goodrum@gdrmlaw.net

Henry I Willett
Christian & Barton, LLP
909 East Main Street, Suite 1200
Richmond, VA 23219
via email to: hwillett@cblaw.com

                                      /Kenneth S. McLaughlin, Jr./
                                      Kenneth S. McLaughlin, Jr.
                                      Law Offices of McLaughlin & Assoc., P.C.
                                      IARDC No. 6229828
                                      1 E. Benton Street, Suite 301
                                      Aurora, IL 60505
                                      (630) 230-8434
                                      (630) 230-8435 fax
                                      kmclaughlin@ma-lawpc.com
                                      Admitted *pro hac vice*