IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| EMERSON CREEK POTTERY, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 6:20-CV-0054-NKM |
| COUNTRYVIEW POTTERY CO., EMERSON CREEK EVENTS, INC., CHRISTINA DEMIDUK, and DAVID DEMIDUK | ) |
| Defendants. | ) |

## RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS TO ADMIT TO DEFENDANT COUNTRYVIEW POTTERY CO.

NOW COMES COUNTRYVIEW POTTERY CO., by and through its attorneys, Law Offices of McLaughlin & Associates, P.C., and for its Responses to Plaintiff's Second Set of Requests to Admit, states as follows. Responses are limited to the specific Defendant answering these Requests to Admit where they refer to Defendants.

24. Admit that Plaintiff uses and has used EMERSON CREEK and EMERSON CREEK POTTERY to offer and sell pottery throughout the US.

    **Response: Admitted that Plaintiff has used EMERSON CREEK POTTERY to sell pottery and denied as to the remaining allegations.**

25. Admit that in or around 2000, defendant Christina Demiduk visited Plaintiff's pottery shop in Bedford, VA.

    **Response: Admitted.**

26. Admit that Defendants have sold Plaintiff's pottery at retail in Oswego, Illinois.



**Response: Admitted.**

27. Admit that Defendant Christina Demiduk learned of the terms EMERSON CREEK and EMERSON CREEK POTTERY from visiting Plaintiff's location in Bedford, Virginia, before any defendant sold pottery or offered tearoom, restaurant, wedding, or event services.

**Response: Admitted that Plaintiff first used the term EMERSON CREEK POTTERY for its pottery business and denied as to the remaining allegations because Plaintiff did not use the term EMERSON CREEK alone or in connection with anything other than sale of pottery before Christina Demiduk did in connection with her businesses.**

28. Admit that after visiting Bedford, defendant Christina Demiduk asked Plaintiff if she could open an EMERSON CREEK POTTERY shop in Illinois.

**Response: Denied as plead but admitted that Christina Demiduk informed Plaintiff that she would be operating a shop in Illinois using the name "EMERSON CREEK POTTERY."**

29. Admit that in 2002, Christina Demiduk stated: "...I asked the [Emerson Creek] owners if they would be interested in having an Emerson Creek shop in Illinois, and they said yes." *See* Exhibit A attached hereto.

**Response: Admitted that the portion of the article labeled as Exhibit "A" is quoted accurately.**

30. Admit that after visiting Bedford, Ron Wehrli asked Plaintiff's Jim Leavitt and/or Priscilla Leavitt if he and Christina Demiduk could open an Emerson Creek shop with Christina Demiduk in Illinois.

**Response: Defendant objects to this request to admit as it seeks admission for a statement purported to have been made by a third party, Ron Wehrli, and therefore, Defendant is not able to admit or deny this request to admit and denies same and demands strict proof thereof.**

31. Admit that Christina Demiduk and Ron Wehrli were business partners in 2001. *See* ExhibitA attached hereto.

**Response: Defendant objects to this request to admit on the grounds that it is vague and overbroad as to the term "business partners." Without waiving said objection, admitted that**

Ron Wehrli owned real estate on which the shop was located and provided some funding to Christina Demiduk to purchase some of Plaintiff's pottery but denied that Ron Wehrli and Christina Demiduk were partners in any other business venture, including those conducted by Countryview Pottery Co. or Emerson Creek Events, Inc.

32. Admit that Christina Demiduk and Ron Wehrli were business partners from 2002 to 2008.

Response: **Defendant objects to this request to admit on the grounds that it is vague and overbroad as to the term "business partners." Without waiving said objection, admitted that Ron Wehrli owned real estate on which the shop was located and provided some funding to Christina Demiduk to purchase some of Plaintiff's pottery but denied that Ron Wehrli and Christina Demiduk were partners in any other business venture, including those conducted by Countryview Pottery Co. or Emerson Creek Events, Inc.**

33. Admit that Christina Demiduk and Ron Wehrli opened Defendants' Shop in Oswego,

    Illinois, in 2002.

Response: **Denied as plead. Further answering, Defendant opened a gift shop in Oswego, Illinois in 2002.**

34. Admit that Christina Demiduk and Ron Wehrli owned the property together in which they

    operated the gift shop operations of Defendants' Shop.

Response: **Denied as plead. Further answering, Defendant admits that Ron Wehrli owned the property on which Defendant's gift shop was operated, which ownership was subsequently transferred to Defendant.**

35. Admit that Christina Demiduk told others in 2002 that she and Ron Wehrli were partners in

    the gift shop operations of Defendants' Shop.

Response: **Denied.**

36. Admit that Christina Demiduk told others in 2002 that she and Ron Wehrli owned the

    property in Oswego, Illinois, on which they opened the gift shop.

Response: **Denied as plead. Further answering, Defendant admits that Christina Demiduk told other that Ron Wehrli owned the property on which Defendant's gift shop was operated.**

37. Admit that Christina Demiduk and Ron Wehrli subsequently opened a tearoom/restaurant

business together on the same property as the gift shop in Oswego, Illinois.

**Response: Denied.**

38. Admit that on or around March 23, 2001, Ron Wehrli entered an agreement to open an Emerson Creek Pottery Outlet Store in Naperville, Illinois.

**Response: Defendant objects to this request to admit as it seeks admission for conduct purported to have been made by a third party, Ron Wehrli, and therefore, Defendant is not able to admit or deny this request to admit and denies same and demands strict proof thereof.**

39. Admit that attached hereto as Exhibit B is a true and correct copy of the agreement Ron Wehrli entered to open an Emerson Creek Pottery Outlet Store in Naperville, Illinois.

**Response: Defendant objects to this request to admit as it seeks admission for an agreement purported to have been made between Plaintiff and a third party, Ron Wehrli, and therefore, Defendant is not able to admit or deny this request to admit and denies same and demands strict proof thereof.**

40. Admit that Defendants did not come up with the EMERSON CREEK POTTERY & TEAROOM, EMERSON CREEK TEAROOM or EMERSON CREEK marks on their own.

**Response: Denied.**

41. Admit that since at least 2002, Defendants have sold pottery created, designed and/or manufactured by Plaintiff in Oswego, Illinois.

**Response: Admitted.**

42. Admit that Defendants have purchased pottery from Plaintiff at a discount from Plaintiff's retail prices since at least 2002.

**Response: Admitted.**

43. Admit that the majority of Plaintiff's pottery that Defendants sold in Oswego, Illinois, has had the EMERSON CREEK POTTERY mark appearing on the pottery itself.

**Response: Defendant admits that much of Plaintiff's pottery sold in Oswego, Illinois had**

EMERSON CREEK POTTERY printed on the pottery or a label affixed to the pottery.

44. Admit that since as early as June 1, 2002, Defendants have used pottery created, designed and/or manufactured by Plaintiff in providing their tearoom, café and restaurant services in Oswego, Illinois.

**Response: Admitted that some pottery manufactured by Plaintiff has been used in the tearoom and as decorations in the café and restaurant but denied as it relates to the services themselves.**

45. Admit that in 2009, Defendants registered the internet domain name www.ecreekpotteryandtearoom.com.

**Response: Admitted.**

46. Admit that until about 2019, Defendants operated a website at www.ecreekpotteryandtearoom.com.

**Response: Admitted.**

47. Admit that the term POTTERY means pots, dishes and other articles made of earthenware, porcelain, stoneware, or baked or fired clay.

**Response: Defendant objects to this request to admit on the grounds seeks a legal conclusion, that a material term, "Pottery", has not been defined legally in the manner done so by Plaintiff, and therefore, this request to admit is denied.**

48. Admit that the term TEAROOM means a small restaurant or cafe.

**Response: Defendant objects to this request to admit on the grounds seeks a legal conclusion, that a material term, "Tearoom", has not been defined legally in the manner done so by Plaintiff, and therefore, this request to admit is denied.**

49. Admit that the photographs attached hereto as Exhibit C are true and accurate copies of photographs that Defendants sent to Plaintiff in 2002.

**Response: Admitted.**

50. Admit that Defendants displayed the sign depicted below, a true and accurate photo of

which is attached as Exhibit D, in 2002 on a path/road that leads to Defendants' Shop.



**Response: Admitted.**

51. Admit that Defendants displayed the sign depicted below, a true and accurate photo of which is attached as Exhibit E on a path/road that leads to Defendants' Shop in 2017:



**Response: Admitted.**

52. Admit that Defendants displayed the sign depicted in request 51 above and attached as Exhibit E on a path/road that leads to Defendants' Shop in 2018.

**Response: Admitted.**

53. Admit that Defendants displayed the sign depicted in request 51 above and attached as Exhibit E on a path/road that leads to Defendants' Shop in 2019.

Response: **Admitted.**

54. Admit that Defendants displayed the sign depicted in request 51 above and attached as Exhibit E on a path/road that leads to Defendants' Shop in 2020.

Response: **Admitted.**

55. Admit that Defendants displayed the sign depicted in request 51 above and attached as Exhibit E on a path/road that leads to Defendants' Shop in 2021.

Response: **Admitted.**

56. Admit that Defendants displayed the rock depicted below, a true and accurate photo of which is attached as Exhibit F in a public area outside of Defendants' Shop from 2002 through 2016:



Response: **Admitted.**

57. Admit that Defendants displayed the rock depicted in request 56 above and attached as Exhibit F in a public area outside of Defendants' Shop in 2017:

Response: **Admitted.**

58. Admit that Defendants displayed the rock depicted in request 56 above and attached as Exhibit F in a public area outside of Defendants' Shop in 2018.

**Response: Admitted.**

59. Admit that Defendants displayed the rock depicted in request 56 above and attached as Exhibit F in a public area outside of Defendants' Shop in 2019.

**Response: Admitted.**

60. Admit that Defendants displayed the rock depicted in request 56 above and attached as Exhibit F in a public area outside of Defendants' Shop in 2020.

**Response: Admitted.**

61. Admit that Defendants displayed the rock depicted in request 56 above and attached as Exhibit F in a public area outside of Defendants' Shop in 2021.

**Response: Admitted.**

62. Admit that a true and accurate copy of a document Chris Demiduk sent to Plaintiff in 2003 or 2004 is attached hereto as Exhibit G.

**Response: Admitted.**

63. Admit that a true and accurate copy of the business card that Defendants sent to Plaintiff is attached hereto as Exhibit H.

**Response: Admitted that Christine Demiduk sent the business card attached as Exh. "H" to Plaintiff.**

64. Admit that in August 2017, Plaintiff asked Defendants whether Christina and David Demiduk have offered any pottery under the EMERSON CREEK mark other than that purchased from Emerson Creek.

**Response: Defendant objects to this request to admit on the grounds that it is vague as to date and the communication to which it refers, and therefore, Defendant denies same and demands strict proof thereof.**

65. Admit that in August 2017, Plaintiff told Defendants that if they have offered any pottery under the EMERSON CREEK mark other than that purchased from Emerson Creek, they are to cease doing so and must provide details regarding these activities.

**Response: Defendant objects to this request to admit on the grounds that it is vague as to date and the communication to which it refers, and therefore, Defendant denies same and demands strict proof thereof. Further answering, Defendant admits that Plaintiff attempted at some point in 2017 to demand that Defendant cease selling any pottery other than that purchased from Plaintiff but denies that Plaintiff had any legal basis to do so or that Defendant had any obligation to cease selling goods not manufactured by Plaintiff.**

66. Admit that on or about September 19, 2017, through counsel, Defendants stated that they "have not offered any pottery under the 'Emerson Creek' mark other than that purchased from Emerson Creek."

**Response: Defendant objects to this request to admit on the grounds that it is vague as to the communication to which it refers, and therefore, Defendant denies same and demands strict proof thereof.**

67. Admit that on or about September 26, 2017, Defendants sold six units of third-party pottery at retail for $156.52. *See* Exhibit I hereto.

**Response: Admitted that the goods sold were not manufactured by Plaintiff.**

68. Admit that a true and accurate copy of a receipt from Defendants' Shop is attached hereto as Exhibit I.

**Response: Admitted.**

69. Admit that attached as Exhibit J are images of the pottery identified on Exhibit I that Defendants sold on or about September 26, 2017.

**Response: Defendant is not able to connect the receipt attached and the pictures to determine whether they are in fact connected to the same sales transaction, and therefore, denies same and demands strict proof thereof.**

70. Admit that in January 2018, Plaintiff demanded the Defendants cease and desist from all use

of the Emerson Creek trademark.

**Response: Defendant objects to this request to admit on the grounds that it is vague as to date and the communication to which it refers, and therefore, Defendant denies same and demands strict proof thereof. Further answering, Defendant admits that Plaintiff attempted at some point in 2018 to demand that Defendant cease using the words "EMERSON CREEK" in connection with its business but denies that Plaintiff had any legal basis to do so or that Defendant had any obligation to cease its business operations with a name that included "EMERSON CREEK."**

71. Admit that in January 2018, Plaintiff terminated the license for Christina Demiduk to use the EMERSON CREEK trademark to offer pottery, cookbooks, and tearoom and event services.

**Response: Denied as plead and further answering denied that Plaintiff had any such license that was or could be terminated.**

72. Admit that the text EMERSON CREEK POTTERY & TEAROOM or EMERSON CREEK POTTERY AND TEAROOM is printed at the top of cash register and/or credit card receipts in 2017, as depicted in Exhibit I hereto.

**Response: Admitted.**

73. Admit that the text EMERSON CREEK POTTERY is printed at the top of cash register and/or credit card receipts provided to customers in 2017, when purchasing pottery from Defendants. *See* Exhibit I hereto.

**Response: Admitted.**

74. Admit that Defendants sold pottery manufactured, sold, and/or distributed by (a) third-party/ies with the text MUD PIE appearing on the pottery at Defendants' Shop in 2017.

**Response: Admitted.**

75. Admit that Defendants sold cookbooks with the text EMERSON CREEK POTTERY & TEAROOM COOKBOOK printed on the cover in 2017.

**Response: Admitted.**

76. Admit that since at least 2017 to present, Defendants have sold third-party pottery not created, designed, and/or manufactured by Plaintiff in Oswego, Illinois.

**Response: Admitted.**

77. Admit that the text EMERSON CREEK POTTERY & TEAROOM or EMERSON CREEK POTTERY AND TEAROOM is printed at the top of cash register and/or credit card receipts given to customers in 2019, as depicted in Exhibit K hereto.

**Response: Admitted.**

78. Admit that on or about May 30, 2019, Defendants sold two units of third-party pottery at retail for $12.85. *See* Exhibit L hereto.

**Response: Admitted.**

79. Admit that a true and accurate copy of a receipt from Defendants' Shop is attached hereto as Exhibit L.

**Response: Admitted.**

80. Admit that Defendants sold pottery made by (a) third-party/ies with the text MUD PIE affixed to labels on the pottery at their location in Oswego, Illinois, in 2019.

**Response: Admitted.**

81. Admit that attached as Exhibit M are images of the pottery identified on Exhibit L that Defendants sold on or about May 30, 2019.

**Response: Admitted.**

82. Admit that Defendants sold pottery made by (a) third-party/ies with the text TWO'S COMPANY printed on labels affixed the pottery at their location in Oswego, Illinois, in 2019.

**Response: Admitted.**

83. Admit that attached as Exhibit N are images of the pottery identified on Exhibit L that Defendants sold on or about May 30, 2019.

**Response: Admitted.**

84. Admit that on or about March 10, 2019, Defendants registered the domain name www.emersoncreek.com.

**Response: Admitted.**

85. Admit that from 2019 to present, Defendants have operated a website at www.emersoncreek.com.

**Response: Admitted.**

86. Admit that Defendants distributed copies of the document(s) attached as Exhibit O to the public in 2019.

**Response: Admitted.**

87. Admit that the text EMERSON CREEK POTTERY & TEAROOM or EMERSON CREEK POTTERY AND TEAROOM is printed at the top of cash register and/or credit card receipts given to customers in 2020.

**Response: Denied, as the shop was closed in 2020.**

88. Admit that the text EMERSON CREEK POTTERY & TEAROOM or EMERSON CREEK POTTERY AND TEAROOM is printed at the top of cash register and/or credit card receipts given to customers in 2021.

**Response: Denied, as the shop was closed in 2021.**

89. Admit that in 2019 and 2020, Defendants hung Plaintiff's EMERSON CREEK POTTERY on

walls in their restaurant tearoom in the area(s) where customers ordered, purchased, and consumed prepared food.

Response: **Denied.**

90. Admit that in 2019 and 2020, Defendants placed Plaintiff's EMERSON CREEK POTTERY on customer tables and shelves their restaurant/tearoom in the area(s) where customers ordered, purchased, and consumed prepared food.

Response: **Denied.**

91. Admit that a true and accurate copy of a document that Defendants displayed to the public in 2019 is attached hereto attached as Exhibit P.

Response: **Defendants object to this request to admit on the grounds that "displayed to the public" is overly broad. Without waiving the objection, Defendant admits to having Exhibit P be seen by members of the public.**

92. Admit that a true and accurate copy of the menu Defendants used to sell prepared food to the public at their location in Oswego, Illinois, in 2019, is attached hereto as Exhibit Q.

Response: **Admitted.**

93. Admit that in 2009 through 2012, Defendants served food in their restaurant tearoom to customers for consumption on Plaintiff's EMERSON CREEK POTTERY pottery.

Response: **At points during those dates, admitted.**

94. Admit that in 2013 through 2018, Defendants served food purchased in their restaurant/tearoom to customers for consumption on Plaintiff's EMERSON CREEK POTTERY pottery.

Response: **At points during those dates, admitted.**

95. Admit that in 2019, Defendants served food purchased in their restaurant/tearoom to

customers for consumption on Plaintiff's EMERSON CREEK POTTERY pottery.

Response: **Denied.**

96. Admit that in 2020, Defendants served food purchased in their restaurant/tearoom to customers for consumption on Plaintiff's EMERSON CREEK POTTERY pottery.

Response: **Denied.**

97. Admit that in 2021, Defendants served food purchased in their restaurant/tearoom to customers for consumption on Plaintiff's EMERSON CREEK POTTERY pottery.

Response: **Denied.**

98. Admit that in 2019 and 2020, Defendants served desserts purchased in their restaurant/tearoom to customers for consumption on Plaintiff's EMERSON CREEK POTTERY pottery.

Response: **Denied.**

99. Admit that in 2019 and 2020, Defendants sold and served customers a salad called FlowerPot Salad that Defendants served in a Plaintiff EMERSON CREEK POTTERY flower pot.

Response: **Denied.**

100. Admit that attached hereto as Exhibit R are images Defendants posted on the internet of their food displayed on Plaintiff's EMERSON CREEK POTTERY pottery.

Response: **Admitted.**

101. Admit that attached hereto as Exhibit S shows an image Defendants posted on the internet of Defendants' "Flower Pot Salad."

Response: **Admitted.**

102. Admit that Defendants Dave Demiduk and Christina Demiduk registered for The Pavilions

Temps trade show in 2018 in Las Vegas, listing their "Company" as "emerson creek pottery." *See* Exhibit T attached hereto.

**Response: Admitted.**

103. Admit that Defendants Dave Demiduk and Christina Demiduk registered for The Pavilions Temps trade show in 2018 in Las Vegas, as a "Non Exhibiting Manufacturer."

**Response: Admitted.**

104. Admit that attached hereto as Exhibit T is a true and accurate copy of a search for "emerson creek pottery" for The Pavilions Temps trade show in 2018 in Las Vegas.

**Response: Admitted.**

105. Admit that attached hereto as Exhibit U is a true and accurate copy of Defendants' document entitled "Emerson's Vintage Market Vendor Information."

**Response: Denied for this Defendant, as it is limited to Emerson Creek Events.**

106. Admit that Defendants distributed copies of the "Emerson's Vintage Market Vendor Information" to the public in 2019.

**Response: Denied for this Defendant, as it is limited to Emerson Creek Events.**

107. Admit that Defendants asked third-parties to "invite" Defendants to "like" third-parties via Defendants' Facebook page at https://www.facebook.com/emersoncreekpotteryandtearoom for their 2019 Vintage Markets.

**Response: Denied for this Defendant. Further answering, the statement reads: "We try to like as we meet and connect with our potential vendors, but feel free to invite us to like you if you think we might have missed you."**

108. Admit that attached as Exhibit V is a true and accurate copy of Defendants' document

entitled "Emerson Creek Look Book."

**Response: Denied for this Defendant, as it is limited to Emerson Creek Events.**

109. Admit that Defendants distributed copies of the "Emerson Creek Look Book" to the public in 2019.

**Response: Denied for this Defendant, as it is limited to Emerson Creek Events.**

110. Admit that Defendants presented the text EMERSON CREEK POTTERY AND TEAROOM, events@ecreekpotteryandtearoom.com and www.ecreekpotteryandtearoom.com/barn-weddings/ecrentals in their document entitled Emerson Creek Look Book.

**Response: Denied for this Defendant, as it is limited to Emerson Creek Events.**

111. Admit that Defendants invited third-parties to make a "wish list" on the website with link www.ecreekpotteryandtearoom.com/barn-weddings/ecrentals and indicated they could be contacted at events@ ecreekpotteryandtearoom.com.

**Response: Denied for this Defendant, as it is limited to Emerson Creek Events.**

112. Admit that Defendants distributed their document entitled Emerson Creek Look Book to the public to advertise or market wedding services.

**Response: Denied for this Defendant, as it is limited to Emerson Creek Events.**

113. Admit that in 2019, 2020 and to the date hereof in 2021, Defendants posted a video entitled "Emerson Creek-Day in The Country" on their website showing the text EMERSON CREEK POTTERY AND TEAROOM in the beginning of the video, a sign on a wagon and at the end WWW.ECREEKPOTTERYANDTEAROOM.COM, when it is played.

**Response: Admitted.**

114. Admit that Defendants posted the "Emerson Creek-Day in The Country" video in 2013 on

YouTube.

**Response: Admitted.**

115. Admit that the "Emerson Creek-Day in The Country" video has been posted on YouTube from 2013 to the date hereof in 2021.

**Response: Admitted.**

116. Admit that attached as Exhibit W are images from the "Emerson Creek-Day in The Country" video.

**Response: Admitted.**

117. Admit that Defendants operate an Instagram account with username "emersoncreekevents".

**Response: Admitted.**

118. Admit that in 2019 Defendants listed the location in their emersoncreekevents Instagram account as "Emerson Creek Pottery and Tearoom".

**Response: Admitted.**

119. Admit that in 2019, Defendants posted pictures of third-party pottery displayed in Defendants' shop on their emersoncreekevents Instagram account with location "Emerson Creek Pottery and Tearoom".

**Response: Admitted.**

120. Admit that attached as Exhibit X is a true and accurate copy of Defendants' document entitled "Emerson Creek Look Book."

**Response: Denied. The document titled "Emerson Creek Look Book" is Exhibit V.**

Dated: September 27, 2021    Respectfully submitted,

COUNTRYVIEW POTTERY CO.

By: *Christina C Demiduk*
Christina Demiduk, Its President

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2021, I caused a copy of these Responses to Request to Admit to be served by hand delivery and electronic mail to:

> Henry I. Willett III, Esq. (VSB No. 44655)
> CHRISTIAN & BARTON, LLP
> 909 East Main Street, Suite 1200
> Richmond, Virginia 23219-3095
> (T) (804) 697-4130
> (F) (804) 697-6130
> hwillett@cblaw.com
>
> Garfield Goodrum (*pro hac vice*)
> DESIGN LAW
> 90 Canal Street, 4th Floor
> Boston, Massachusetts 02114
> (T) (617) 861-0780
> (F) (617) 507-5983
> garfield.goodrum@gdrmlaw.net
> *Counsel for Plaintiff*

/lel/
Lawrence E. Laubscher Jr.
1160 Spa Road, Suite 2B
Annapolis, Maryland 21403
llaubscher@laubscherlaw.com

/Kenneth S. McLaughlin, Jr./
Kenneth S. McLaughlin, Jr. (*pro hac vice*)
1 E. Benton Street, Suite 301
Aurora, Illinois 60505
kmclaughlin@ma-lawpc.com
*Counsel for Defendants*