IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| EMERSON CREEK POTTERY INC. | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 6:20CV0054 |
| | ) | |
| v. | ) | |
| | ) | |
| COUNTRYVIEW POTTERY CO., | ) | |
| EMERSON CREEK EVENTS, INC., | ) | |
| CHRISTINA DEMIDUK, and | ) | |
| DAVID DEMIDUK | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF KENNETH S. MCLAUGHLIN, JR.

I, Kenneth S. McLaughlin, Jr., being duly sworn and upon oath, do hereby state that I am over the age of 21 years, am of sound mind, am capable of making this Affidavit, am competent to testify, and if called to testify at the time of trial would state the following:

1. I have personal knowledge of the facts and statements contained within this Affidavit.

2. I am one of the attorneys representing the Defendants in the above captioned matter.

3. During the depositions of Dave Demiduk ("Demiduk") and Jonathan Domanus ("Domanus"), it was established that during the migration of Defendants' G-suite account, email accounts could not be accessed. Jonathan Domanus agreed and did assist Defendants to retrieve the emails.

4. Domanus worked for Lindsay Winkler Design ("Winkler Design") on the technical side of Defendants' email accounts, website, mailers, and customer intake.

5. I informed Plaintiff's attorney during and after the depositions of Demiduk and Domanus that Defendants would work with Winkler Design to retrieve relevant emails, mailers, customer intake, and the like. However, I continued to object to the scope of Plaintiff's requests beyond pottery-related discovery.

6. Sometime prior to October 29, 2021, Winkler Design released all electronic data it had regarding Defendants to Plaintiff's counsel, without in any way culling what Defendants might consider irrelevant or confidential information. In fact, none of Defendants' attorneys were shown what was produced by Winkler Design until it was produced to Defendants' attorneys. This data production amounted to some 18,000 pages, which was produced to me for the first time on October 29, 2021.

7. In the meantime, on November 11, 2021, Defendants produced what emails it had access to, as referenced by Plaintiff's counsel in its motion. These emails related primarily to settlement discussions and attempts to resolve the issues between the parties, but were nonetheless produced.

8. Throughout November 2021, Defendants worked with Domanus to access the emails, keeping me apprised of their progress. Because Winkler Design controlled the emails, website, mailers, and customer intake for Defendants, I believed that any emails produced by Defendants would be duplicative of and a subset of those produced by Winkler Design. Nonetheless, Defendants in good faith continued efforts to retrieve the emails.

9. As set forth in the response to motion to compel, I made efforts to schedule a "meet and confer" to determine what additional emails and other data Plaintiff's felt was missing.

10. As set forth in the response to motion to compel, instead of participating in a "meet and confer," Plaintiff's counsel unilaterally set a discovery conference with Judge Ballou.

11. Sometime in the first week of December 2021, Defendants, with the assistance of Domanus, were ultimately able to access the emails.

12. On December 6, 2021, Demiduk forwarded to me a dozen emails, in which were embedded zip files and emails with attachments for all emails he could find based on a search of Emerson Creek Pottery, including searches for: Jim Leavitt, Emersoncreekpottery.com, Bedford Va., Lindsay Winkler, and Jonathan Domanus. The search terms were identified in an attorney-client privileged communication which was inadvertently included in the production and upon which Plaintiff's counsel is basing its motion in limine.

13. The emails were in .eml format, which is used by Gmail. In my office, I use Microsoft Exchange, so I had to download a program to convert them to .msg format, which is read by Microsoft Exchange. In the process of converting the emails, the program gave the files a number (i.e., 1, 2, 3, etc.) instead of their original subject line name. Therefore, it was not possible for me to quickly review the emails but instead I had to individually review them.

14. On December 8, 2021, I informed Judge Ballou and Plaintiff's counsel that Defendants had retrieved approximately 3,000 emails but that I had to review them prior to production.

15. On December 8, 2021, I sent an email to Plaintiff's counsel informing them that:

3

> As discussed before, your discovery did not request emails, but nonetheless, <u>they were not deleted</u>. As explained, the migration of emails has caused its share of technical issues in retrieving what otherwise should have been a relatively simple task. Through some significant efforts, our clients were able to retrieve the last few years of emails. <u>I have a few thousand, but many are not relevant to this litigation. I am working on culling the relevant emails and saving them as PDFs so they can be Bates stamped.</u> My goal is to have these produced tomorrow. While I do not believe they necessarily help your cause, they will nonetheless be produced. (Emphasis added)

16. By agreement, the deadline for a motion to compel was extended to December 15, 2021.

17. For the next two days, I reviewed all 3,000 emails. Originally, I tried to rename them, but due to time constraints, by around the 400th email, I had to simply keep the number assigned. I also initially attempted to keep email strings so as to not produce duplicative emails, but again due to time constraints, only did this for the first few hundred. Nonetheless, there are some produced emails that are strings rather than the individual emails. I also removed emails that I deemed irrelevant to the issues in this lawsuit, which I informed Plaintiff's counsel by email (see below).

18. On December 10, 2021, I produced over 1,000 emails and documents to Plaintiff's counsel. These documents were uploaded for a period of several hours to Plaintiff's counsel's Dropbox. Plaintiff's counsel was informed that a few may not have properly uploaded. I was not able to monitor what Plaintiff's counsel received on their end. Due to time constraints, I produced them in their native format. I emailed Plaintiff's counsel as follows:

> I have reviewed a little over 2,700 emails and have culled certain emails for production. Unfortunately, due to the time of day, I won't be able to convert them to PDFs and redact them, as planned, by end of day.
>
> I am willing to provide them as emails in .msg format, with the express understanding that they are to all be received Attorney's Eyes Only. The

4

basis is that many of these documents contain internal emails related to marketing. Further, some of the documents include confidential and proprietary customer information. <u>These documents are being produced subject to our prior and continuing assertion that any documents outside of pottery or pottery-related sales are irrelevant. These include but are not limited to any documents related to the restaurant, weddings, bridal showers, vintage market, wine and yoga, and non-ceramic or pottery sales.</u>

<u>Emails which contain usernames and/or passwords, generic confirmation of email backup, and generic error messages have not been produced.</u>

<u>Emails for sales of wine and yoga, vintage market, weddings, and bridal showers have not been produced, as they are irrelevant and do not involve pottery.</u> Emails related to marketing of those events and related to inquiries of the location for a wedding have been produced, notwithstanding this objection but without prejudice to our objection that they are irrelevant.

I have spoken with Ashley Schmitz, and she is going to send a link for a Dropbox for the attorneys, which I will deposit these into. I will then convert these to Bates stamped PDF files next week.

<u>Kindly confirm this email and your agreement to preserve these Attorney's Eyes Only, subject to further court order.</u>

19. Unbeknownst to me, I forwarded the last email from Demiduk to me, which has been identified by Plaintiff's counsel. This email contained the last set of documents and contained information about the search, which was intended to be conveyed, but included attorney-client communications between Demiduk and me which were inadvertently not redacted. This was first revealed to me by Plaintiff's counsel on December 28, 2021, 18 days after the production, as follows:

> The attached email was included as part of the production on December 10. This email clearly confirms the limited scope of the searches conducted by Defendants, the lack of requisite preservation of emails, and contradicts the position taken in your opposition to our Motion to Compel. Accordingly, I would ask that you withdraw your opposition to our Motion to Compel with respect to emails and that you immediately undertake to conduct an appropriate search, that includes the email accounts for the employees who were/are responsible for social media and marketing efforts and include search terms likely to lead to responsive emails. Please note that this includes internal communications by and between employees of Defendants. As Ken

is no doubt aware, since he reviewed all of the emails provided by the Defendants, there are internal communications we do not have, but know exist, because Defendants produced the iterations of them that ended up being forwarded to Lindsey Winkler (and this does not account for all the other internal communications that obviously existed but never ended up being forwarded to Ms. Winkler). I also ask that you search for and produce the additional internal marketing documents referenced during the deposition of Ms. Winkler.

20. On December 28, 2021, I emailed Plaintiff's counsel, as follows:

<u>It appears that an attorney-client privileged communication was inadvertently included. I am not obligated to divulge attorney-client communications, but I can tell you nothing was deleted and everything has been produced, including the marketing materials themselves (in fact beyond the scope of the request itself).</u> You should withdraw your motion to compel. <u>At worst, the emails weren't printed; they weren't destroyed as you can see from the extensive production from Lindsay Winkler and my own 5 days before you filed your motion.</u> (Emphasis added.)

21. Thus, I told Plaintiff's counsel that I inadvertently produced an attorney-client communication and intended to preserve the privilege.

22. The parties fully briefed the motion to compel, which included Plaintiff's counsel's contention that additional documents should be produced, which motion to compel was denied by Judge Ballou as untimely.

23. Given the ruling on the motion to compel, no further work was done on the discovery production, the issue now being resolved by Judge Ballou.

24. In the course of my representation of Defendants, I informed them to provide me any relevant documents related to their and customer dealings with Emerson Creek Pottery and have responded fully to the written discovery requests. I informed them that they should produce documentation and retain relevant documentation. I did not instruct them to delete emails or other marketing materials. These instructions are included in attorney-client communications and also in verbal discussions.

25. Chris and Dave Demiduk have informed me that they did not delete any emails or communications but simply temporarily lost access during the Gmail migration. Their frustration was that they wished they had printed them out, not that they were deleted.

26. I am a sole practitioner with a small staff. I do not have a team of paralegals and IT personnel who can scour emails for the type of side-by-side comparisons Plaintiff's counsel has apparently done. Rather, I personally in a span of two days reviewed 3,000 emails and files and attempted in good faith to produce what was relevant and withhold what I felt was irrelevant. I informed Plaintiff's counsel with the production what I was doing. I have retained the originals of all documents sent to me, both in their original form and as converted and produced. If there is a missing document, its non-production was inadvertent or it dealt with a topic that I identified as irrelevant.

27. Plaintiff's counsel attempted to obtain additional documents through the motion to compel, which Judge Ballou denied.

28. As such, since the denial of the motion to compel, I have been focusing my efforts, with my co-counsel, on preparing for trial.

FURTHER AFFIANT SAYETH NAUGHT.

_/s/ Kenneth S. McLaughlin, Jr._
Kenneth S. McLaughlin, Jr.

SUBSCRIBED AND SWORN TO
before me this 10th day of February, 2022.

_/s/ Patricia J Moore_
NOTARY PUBLIC

**OFFICIAL SEAL**
**PATRICIA J MOORE**
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES: 02/01/2025