CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

2/18/2022

JULIA C. DUDLEY, CLERK
BY:   s/ CARMEN AMOS
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

|  |  |
|---|---|
| EMERSON CREEK POTTERY, INC., | Case No. 6:20-cv-54 |
| *Plaintiff*, | |
| v. | ORDER |
| EMERSON CREEK EVENTS, INC., et al. | Judge Norman K. Moon |
| *Defendants.* | |

This matter comes before the Court on Plaintiff's eleventh-hour motion for spoliation inferences, Dkt. 83. For the reasons below, the Court will deny the motion.

### I.  Introduction

Plaintiff contends that Defendants failed to preserve electronically stored information (ESI). Specifically, Plaintiff contends that counsel for Defendants failed to inform Defendants of their obligation to preserve ESI, and that counsel's failure to do so resulted in the loss of Defendants' emails. (Dkt. 84 at 4). Plaintiff's motion relies primarily on an email from Defendant David Demiduk from December 6, 2021, which Defendants' counsel inadvertently sent to Plaintiff's counsel, and which states that "[w]e had no Idea we should have printed out and or saved any emails . . . But if we had known we should print all email up to now we simply could have done that. But we weren't told that. Over the years we have had multiple checking emails and we never informed any of them to save certain emails." (*Id.*). Plaintiff contends that the "plain meaning" of the email is that "Defendants failed to preserve ESI." (*Id.*). Defendants respond that Plaintiff misconstrues the email, which was part of a longer conversation between Defendants and Defense counsel about how Defendants had temporarily lost access to some of

1

their emails during a server migration, but later recovered them, and that the December 10 email only meant that David Demiduk wished he had physically printed emails as an alternative method of preserving them. (Dkt. 91 at 6–7).

Plaintiff also contends that it received emails from subpoenas on third parties between those third parties and Defendants that Plaintiff did not receive from Defendants directly (i.e., that the documents it received from Defendants and third parties were not a "mirror image" of one another), which Plaintiff claims also evinces that Defendants failed to preserve ESI. (Dkt. 84 at 5).

As a remedy, Plaintiff requests "that Defendants be prohibited from attempting to present testimony contrary to [Plaintiff's] evidence of: (1) Defendant's misuse of ECP's Marks; (2) consumer confusion; and (3) Defendants' intent to confuse consumers." (Dkt. 84 at 5).

What appears to have happened in this case is as follows. Discovery ended on November 8, 2021. (Dkt. 61 at 2). A few months beforehand, in September 2021, Plaintiff deposed Defendants Christina and David Demiduk. (Dkt. 84 at 1–2). At the deposition, Plaintiff learned (apparently for the first time) that Defendants had hired third parties to assist them with their email system, domain names, and marketing. (Dkt. 61 at 1). After the Demiduks' depositions, Plaintiff served deposition and document subpoenas on those third parties. (*Id.*). One of those third parties was Winkler Design, which controlled emails, website, mailers, and customer intake for Defendants. (Dkt. 91 at 3). Defense counsel informed Plaintiff's counsel that Defense counsel would work with Winker Design to retrieve the relevant documents. (*Id.*). In October 2021, Winkler Design released all electronic data it had regarding Defendants to Plaintiff's counsel, amounting to about 18,000 pages. (*Id.*). Over the course of the fall and early winter of 2021, Defense counsel worked with Defendants to produce additional emails that Plaintiff requested.

(*Id.* at 4–5). The parties agreed to extend the deadline for a motion to compel to December 15, 2021. (*Id.* at 5). On December 10, Defense counsel delivered about 1,000 emails to Plaintiff's counsel, and, at the same time, inadvertently forwarded the above-mentioned email from David Demiduk to Defense counsel, which, Plaintiff alleges, shows that Defense counsel failed to inform Defendants to preserve ESI. (*Id.* at 5–6).

Based on its belief that Defendants had not produced all the requested documents, Plaintiff filed a motion to compel on December 15, 2021. (Dkt. 45, 46). In an opinion and order docketed on December 29, 2021, Magistrate Judge Ballou noted that discovery closed on November 8, and Plaintiff did not notify the Court of the dispute until the week of November 22. (Dkt. 61 at 3). Thus, Judge Ballou ruled that the motion to compel was untimely and that Plaintiff had not shown good cause for the delay, and therefore denied the motion. (*Id.* at 4). Plaintiff never filed an objection to Judge Ballou's order. Defense counsel did not continue to work to produce documents after Judge Ballou's order, understanding the issue to be resolved. (Dkt. 91 at 7).

## II.  Legal Standard

"Spoliation refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001). Spoliation is governed by both the Federal Rules of Civil Procedure as well as the inherent authority possessed by federal courts. (*Id.*).

Recognizing "the serious problems resulting from the continued exponential growth in the volume of [ESI]," the Supreme Court promulgated Rule 37(e) in 2015. Fed. R. Civ. P. 37(e), advisory committee's note to 2015 amendment. The rule "authorizes and specifies measures a

court may employ if information that should have been preserved is lost, and specifies the

findings necessary to justify those measures." (*Id.*). As such, it "forecloses reliance on inherent

authority or state law to determine when certain measures should be used." (*Id.*). Rule 37(e) in its

current form reads as follows:

> (e) Failure to Preserve Electronically Stored Information. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> > (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> >
> > (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
> >
> > > (A) presume that the lost information was unfavorable to the party;
> > >
> > > (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
> > >
> > > (C) dismiss the action or enter a default judgment.

In short, the rule requires four elements to determine whether spoliation of ESI has occurred: (1)

ESI should have been preserved in the anticipation or conduct of litigation; (2) it was lost; (3) the

loss occurred because a party failed to take reasonable steps to preserve it; and (4) it cannot be

restored or replaced through additional discovery. "The movant has the burden of proving all

[four pf the predicate] elements of Rule 37(e)." *Packrite, LLC v. Graphic Packaging Int'l, LLC*,

2020 WL 7133806 at *3 (M.D.N.C. Dec. 10, 2020) (quoting *Global Hookah Distribs., Inc. v.

Avior, Inc.*, 2020 WL 4349841 at *11 (W.D.N.C. July 29, 2020)).

If spoliation has occurred, Rule 37(e)(1) provides that the Court, "upon finding prejudice

to another party from loss of the information, may order measures no greater than necessary to

cure the prejudice." A district court has "broad discretion in choosing an appropriate sanction for

spoliation," but such sanction must be "molded to serve the prophylactic, punitive, and remedial rationales underlying the spoliation doctrine." *Silvestri*, 271 F.3d at 590.

### III. Discussion

The Court's analysis begins and is dispositively resolved by the second of the four elements mentioned above: that ESI was lost. Plaintiff has not provided any evidence that Defendants lost ESI. Plaintiff has two pieces of evidence: (1) the fact that the emails produced by Defendants were not a "mirror image" of the emails produced by third parties, and (2) the December 10 email from David Demiduk to Defense counsel. The former is readily explained by the fact that Defense counsel did not deliver some emails between Defendants and the third parties that Defense counsel deemed irrelevant or privileged, while the third parties delivered everything in their possession. (Dkt. 91 at 8–9). And the Court has no reason to disbelieve Defense counsel's reasonable explanation for the December 10 email—that David Demiduk was initially unaware that he had to preserve emails and wished that he had printed them out and physically stored them, but that Defendants and Defense counsel eventually located and delivered all the requested emails. (*Id.* at 10–11). Plus, even if Defense counsel *had not* delivered all the emails, Plaintiff—by its very own contention—received all the emails from the third parties. (Dkt. 84 at 5).

The Court also notes the fourth element, whether the ESI could be restored or replaced through additional discovery. There is nothing in the pleadings to suggest that the emails Plaintiff believes it has not received are permanently lost; indeed, there is nothing even to suggest that there are additional emails at all that Plaintiff has not received from Defendants or third parties. But what is clear is that if there are additional emails, Plaintiff lost its opportunity to compel their delivery by untimely filing its motion to compel.

Finally, the Court notes the draconian nature of the remedy that Plaintiff requests: a motion *in limine* or spoliation inference regarding (1) Defendants' misuse of Plaintiff's marks; (2) consumer confusion; and (3) Defendants' intent to confuse consumers. (Dkt. 84 at 5). That is nearly the entirety of what Defendants could be expected to argue at trial. Even were the Court to consider a remedy, that remedy would have to be tailored to the particular discovery violation in question. *See Silvestri*, 271 F.3d at 590. Precluding Defendants from presenting their defense, or permitting adverse inferences with respect to their defense, would be a massively disproportional sanction relative to the conduct that Plaintiff alleges.

## IV.  Conclusion

For the reasons above, the Court **DENIES** Plaintiff's motion *in limine* and/or for spoliation inferences, Dkt. 83.

The Clerk of Court is directed to send a copy of this order to all counsel of record.

Entered this 18th day of February 2022.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE