CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

2/25/2022

JULIA C. DUDLEY, CLERK
BY:  s/ CARMEN AMOS
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

EMERSON CREEK POTTERY, INC.,

*Plaintiff*,

v.

EMERSON CREEK EVENTS, INC., et al.

*Defendants.*

Case No. 6:20-cv-54

Judge Norman K. Moon

# <u>FINAL JURY INSTRUCTIONS</u>

# Final Jury Instruction # 1

Members of the jury:

Now that you have heard all of the evidence in the case, it becomes my duty to instruct you on the rules of law that you must follow and apply in arriving at your decision. You will follow and apply these rules of law after you have heard the final arguments of the lawyers for the parties.

It is your duty as jurors to follow the law as stated in my instructions and to apply the rules of law, so given, to the facts as you find them from the evidence in this case, and solely the evidence presented to you.

Counsel may quite properly refer to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by me in these instructions, you are governed by the instructions I am about to give you. You must follow all of the rules as I explain them to you. You may not follow some and ignore others.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case. You must not base your verdict on prejudice, sympathy, guesswork or speculation, but on the evidence and on the rules of law I have given you.

Justice through trial by jury must always depend on the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors and to arrive at a verdict by applying the same rules of law, as given in the instructions of the Court.

## Final Jury Instruction # 2

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The evidence in the case includes the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated.

Remember that statements, objections, or arguments made by the lawyers are not evidence in the case, and you may not consider any question which contained any statement of fact as evidence of that fact, unless it was agreed to by the witness. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

Also, during the course of the trial, I occasionally made comments to the lawyers, or asked questions of a witness, or admonished a witness concerning the manner in which he or she should have responded to the questions of counsel. Do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for my instructions on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

## Final Jury Instruction # 3

You are the judges of the facts, the credibility of the witnesses, and the weight of the evidence.  You may consider the appearance and manner of the witnesses on the stand, their intelligence, their opportunity for knowing the truth and for having observed the things about which they testified, their interest in the outcome of the case, their bias, and, if any have been shown, their prior inconsistent statements, or whether they have knowingly testified untruthfully as to any material fact in the case.

You may not arbitrarily disregard believable testimony of a witness. However, after you have considered all the evidence in the case, then you may accept or discard all or part of the testimony of a witness as you think proper.

You are entitled to use your common sense in judging any testimony.  From these things and all the other circumstances of the case, you may determine which witnesses are more believable and weigh their testimony accordingly.

## **Final Jury Instruction # 4**

In considering the weight to be given to the testimony of an expert witness, you should consider the basis for their opinion and the manner by which the witness arrived at it and the underlying facts and data upon which the witness relied.

## Final Jury Instruction # 5

Any fact that may be proved by direct evidence may be proved by circumstantial evidence: that is, you may draw all reasonable and legitimate inferences and deductions from the evidence.

## **Final Jury Instruction # 6**

If you believe from the evidence that a witness other than a party previously made a statement inconsistent with his or her testimony at this trial, the only purpose for which the statement may be considered by you is its bearing on the witness's credibility. It is not evidence that what the witness previously said was true.

## Final Jury Instruction # 7

You may not consider any matter that was rejected or stricken by the Court. It is not evidence and should be disregarded.

## <u>Final Jury Instruction # 8</u>

In a civil case, the Plaintiff has the burden of proving its case by what is called the preponderance of evidence. That means the Plaintiff has to produce evidence which, considered in the light of all the facts, leads you to believe that what the Plaintiff claims is more likely true than not. To put it differently, if you were to put Plaintiff's and Defendants' evidence on opposite sides of the scales, the Plaintiff would have to make the scales tip somewhat on its side. If the Plaintiff fails to meet this burden, the verdict must be for the Defendants.

## Final Jury Instruction # 9

Defendants have raised several affirmative defenses.

The burden of proof for an affirmative defense is on the Defendants. The burden of proof for an affirmative defense is the same as for one of Plaintiff's claims: a preponderance of the evidence.

# Final Jury Instruction # 10

The basic positions of the parties can be summarized as follows.

Plaintiff claims that Defendants breached an express or implied trademark licensing agreement between Plaintiff and Defendants. Plaintiff also claims that Defendants infringed Plaintiff's trademark. Finally, Plaintiff claims that Defendants falsely suggested affiliation or sponsorship between Defendants and Plaintiff.

Defendants deny those claims. Defendants deny that Plaintiff and Defendants ever entered into a trademark licensing agreement. In the alternative, Defendants contend that even if the parties entered into a trademark licensing agreement, that Plaintiff did not exercise adequate control over Plaintiff's trademark. With respect to Plaintiff's infringement claim, Defendants contend that Plaintiff acquiesced to Defendants' use of the trademarks.

I will explain what each party is required to show for each of those claims and defenses.

## Final Jury Instruction # 11

The parties do not contest that Plaintiff owns the trademark "Emerson Creek Pottery" with respect to pottery. Defendants do contest whether Plaintiff owns the trademark "Emerson Creek."

Plaintiff owns the trademark "Emerson Creek" if Plaintiff used the term in a manner that allows consumers to identify the term with Plaintiff or its products and services before Defendants began to use "Emerson Creek Pottery," "Emerson Creek Pottery & Tearoom," "Emerson Creek," and "Emerson Creek Events," with its products and services.

If Plaintiff has proven this, then it has ownership of the "Emerson Creek" mark with respect to those products and services

## Final Jury Instruction # 12

Plaintiff's first claim is for breach of a licensing agreement.

In order to prove its claim, Plaintiff must prove by a preponderance of the evidence

(1) that there was a licensing agreement between the parties, and

(2) that Defendants breached the licensing agreement.

A breach of a license agreement occurs if a party fails to do something: (i) which they are bound to do according to the license agreement or (ii) does something they are forbidden from doing according to the licensing agreement, and where the failure or forbidden action is so important and central to the licensing agreement that the failure defeats the very purpose of the contract.

## Final Jury Instruction # 13

A trademark licensing agreement is an agreement between two or more parties. A trademark licensing agreement can be express or implied.

An express agreement is an agreement, either written or oral, in which the terms are stated by the parties. An express licensing agreement arises when an offer is accepted. An offer is a proposal of the terms on which a person will enter into an agreement if that proposal is accepted by the person to whom it is made. Acceptance of an offer is a voluntary expression of assent to be bound by the terms of the offer.

Even if Plaintiff and Defendants did not form an express license agreement, they may still have formed an implied licensing agreement. An implied licensing agreement arises out of the objective conduct of the parties, which a reasonable person would regard as indicating that an agreement has been reached. The parties to a licensing agreement do not need to have considered or known they were entering into a licensing agreement. In order to establish an implied license, Plaintiff must prove:

(1) that Plaintiff granted Defendants permission to use the mark, and

(2) that Plaintiff exercised a reasonable degree of control over the nature and quality of services offered by Defendants under the mark.

## **Final Jury Instruction # 14**

If you find that (1) the parties entered into either an express or implied license; and (2) Plaintiff later revoked or terminated the license, then you must then decide whether Defendants continued to use the "Emerson Creek Pottery" or "Emerson Creek" marks after the license was terminated or revoked.

## Final Jury Instruction # 15

The owner of a trademark in a trademark licensing agreement is required to exercise adequate control over the nature and quality of the goods or services of a license, and exercise adequate control over the licensee's use of the trademark owner's mark. If a trademark owner fails to exercise adequate control, the trademark owner may not enforce its rights in the mark against the licensee. A failure to exercise adequate control is sometimes called "naked licensing."

Because it is an affirmative defense, Defendants have the burden to prove naked licensing by a preponderance of the evidence.

## Final Jury Instruction # 16

Plaintiff claims that Defendants infringed Plaintiff's registered trademark "Emerson Creek Pottery" and unregistered trademark "Emerson Creek."

To succeed on this claim, Plaintiff must prove the following things by a preponderance of the evidence:

(1) that it owns a valid and protectable mark, and that

(2) Defendants' use of the mark creates a likelihood of consumer confusion.

As I mentioned earlier, Defendants do not contest that Plaintiff owns the trademark "Emerson Creek Pottery" with respect to pottery. However, Defendants do contest whether Plaintiff owns the trademarks "Emerson Creek" or "Emerson Creek Pottery" with respect to the services being provided by Defendants.

### Final Jury Instruction # 17

As I have told you, Plaintiff must prove that Defendants used "Emerson Creek Pottery" or "Emerson Creek" in a manner that is likely to cause confusion as to the source of sponsorship of goods or services. In determining whether there is or will be a likelihood of confusion caused by the use of "Emerson Creek Pottery" or "Emerson Creek" by Defendants, you may draw on your common experience as citizens of the community. The nine factors or be considered are:

(1) the strength or distinctiveness of the plaintiff's mark as actually used in the marketplace;

(2) the similarity of the two marks to consumers;

(3) the similarity of the goods or services that the marks identify;

(4) the similarity of the facilities used by the markholders;

(5) the similarity of advertising used by the markholders;

(6) the defendant's intent;

(7) actual confusion;

(8) the quality of the defendant's product; and

(9) the sophistication of the consuming public.

Consideration of all the factors is not mandatory and you need not weigh each of them equally.

The owner of a trademark cannot exclude others from using the trademark if the owner has acquiesced to such use.

Defendants contend that Plaintiff has acquiesced to the use of "Emerson Creek Pottery," "Emerson Creek Pottery & Tearoom," "Emerson Creek," and "Emerson Creek Events."

Acquiescence in trademark law occurs when the owner of a trademark expressly or impliedly consents to infringement. It arises through affirmative actions of the trademark owner, resulting in an implied consent to use the mark. The owner of a trademark acquiesces to use of its trademark when:

(1) the owner actively represented that it would not assert a right or claim;

(2) the delay between the representation and the assertion of the right or claim was not excusable; and

(3) the delay caused Defendants undue prejudice.

If you find that there is no express or implied licensing agreement, the first two elements can then be implied in a business relationship in which the owner of the trademark works directly with the defendant for an extended period of time without asserting rights over the trademark.

Undue prejudice can be found when a defendant reasonably relies on the owner of the mark's actions.

If you find acquiescence, you must then determine whether, despite that acquiescence, likelihood of confusion is apparent.

Because it is an affirmative defense, Defendants have the burden to prove acquiescence by a preponderance of the evidence.

Plaintiff also brings a claim for unfair competition and false designation of origin.

To prove false suggestion of affiliation or sponsorship, Plaintiff must prove that Defendants used "Emerson Creek Pottery" or "Emerson Creek" commercially in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Plaintiff.

If you find that Plaintiff has proved each trademark infringement by a preponderance of the evidence, then you should also find for Plaintiff on unfair competition and false designation of origin. However, if Plaintiff did not prove each element of trademark infringement by a preponderance of the evidence, then you should find for Defendants on unfair competition and false designation of origin.

# Final Jury Instruction # 20

If you find for Plaintiff on Plaintiff's infringement claim, you must determine Plaintiff's damages. Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate plaintiff for any injury caused by the infringement of Plaintiff's registered trademark. You should consider whether any of the following exists and, if so to what extent, in determining Plaintiff's damages:

(1) Any injury or loss of Plaintiff's reputation

(2) Any injury or loss of Plaintiff's goodwill, including any injury to the Plaintiff's general business reputation

(3) Any loss of Plaintiff's sales as a result of Defendants' infringement

(4) Any loss of Plaintiff's profits

(5) Any expense of preventing customers from being deceived

(6) Any cost of future corrective advertising reasonably required to correct any public confusion caused by the infringement; and

(7) Any other factors that bear on Plaintiff's actual damages.

## Final Jury Instruction # 21

In additional to Plaintiff's damages, Plaintiff may recover the profits Defendants gained from the trademark infringement. You may not, however, include in any award of profits any amount that you took into account in determining actual damages.

Profit is determined by deducting expenses from gross revenue. Gross revenue is all the money Defendants received due to its use of the trademark.

Plaintiff is required only to prove Defendants' gross revenue. Defendants are requires to prove any expenses that they argue should be deducted in determining their profits. Plaintiff is entitled to recover Defendants' total profits from their use of the trademark, unless Defendants prove that a portion of the profit is due to factors other than use of the trademark.

## Final Jury Instruction # 22

If you find that the Defendants infringed the Plaintiff's trademark, you must also determine whether the defendant used the trademark intentionally, knowing it was an infringement or with reckless disregard for whether it was an infringement. Defendants acted willfully if they knew they were infringing Plaintiff's trademark or if they acted with indifference to Plaintiff's trademark rights.

## Final Jury Instruction # 23

If you find your verdict for Plaintiff on its breach of trademark licensing agreement claim, then it is entitled to recover as damages all of the losses it sustained, that are a natural and ordinary result of the breach of the license agreement and that it has proved by a preponderance of evidence allowable under the contract.

## Final Jury Instruction # 24

When you go to the jury room, you should first select one of your members to act as your foreperson. The foreperson will preside over your discussions and speak for you here in court. It is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement. Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors. Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

If you need to communicate with me during your deliberations, you may send a note to me through the marshal, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone—including me—how your votes stand numerically. Your verdict must be based solely on the evidence and on the law that I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, a form of verdict has been prepared for your convenience. The verdict form is simply the written notice of the decision that you reach in this case. The form reads: **[[READ VERDICT FORM]]**. You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

## Final Jury Instruction # 25

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each jury agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberation, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember, at all times you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.