IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| EMERSON CREEK POTTERY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No.: 6:20-CV-0054-NKM |
| | ) |
| COUNTRYVIEW POTTERY CO., | ) |
| EMERSON CREEK EVENTS, INC., | ) |
| CHRISTINA DEMIDUK, and | ) |
| DAVID DEMIDUK | ) |
| | ) |
| Defendants. | ) |
| | ) |

**[PROPOSED] PERMANENT INJUNCTION ORDER**

Pursuant to 15 U.S.C. § 1116(a) and the jury verdict rendered on February 25, 2022, in favor of Plaintiff, Emerson Creek Pottery, Inc. ("Plaintiff") and against the above-named Defendants (individually a "Defendant" and collectively "Defendants"), and in consideration of the evidence submitted and arguments of counsel presented at trial and the applicable legal standards, this Court finds that Plaintiff has demonstrated that permanent injunctive relief is warranted.

Accordingly, it is hereby ORDERED:

1. Defendants, together with all of Defendants' officers, agents, servants, employees, representatives, and assigns, and all other persons, firms, or companies in active concert or participation with Defendants, are permanently enjoined and restrained, directly or indirectly from:

    a. using any trademark, service mark, trade name or account name containing any of the terms EMERSON CREEK, EMERSON CREEK POTTERY, EMERSON CREEK POTTERY AND TEAROOM, AND EMERSON CREEK EVENTS, alone or with other wording or lettering (collectively, the "Infringing Marks");

    b. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that Defendants' goods or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or Plaintiff's goods or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with any Defendant;

    c. using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods, and/or services with Plaintiff, or tend to do so;

    d. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the Infringing Marks;

    e. refrain from making using the Infringing Marks in the future in any of Defendants' internet or social media accounts or registrations containing or bearing any form of the Infringing Marks, including, but not limited to, any on Facebook, TikTok,

Twitter, Pinterest, Instagram, Trip Advisor and Yelp (collectively, the "Infringing Social Media"), provided however that any historical Infringing Social Media which is not reasonably removable by any social media platform shall not be the basis of any claim of a violation of this order, subject to the requirements of Section 2(g); and

  f. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by paragraph 1(a) through paragraph 1(e).

2. Within thirty (30) days of the entry of this Order, Defendants shall:

  a. remove from display any physical signage or promotional material bearing any form of the Infringing Marks;

  b. file with the U.S. Patent and Trademark Office express abandonments without prejudice of U.S. Trademark Application Serial Nos. 88464155, 88464124, 87613813, 87613773, and 87613743;

  c. file a motion to withdraw without prejudice proceeding number 91244057 before the U.S. Patent & Trademark Office Trademark Trial and Appeal Board;

  d. change the fictious name of any corporate entity controlled by any Defendant to a name that is not comprised of any of the Infringing Marks and does not incorporate any of the Infringing Marks;

  e. identify in detail and cause to cease all digital and non-digital advertising, marketing and promotional material containing or bearing any form of the Infringing Marks;

  f. identify in detail, including quantity, and destroy all materials or merchandise containing or bearing any form of the Infringing Marks, including, but not limited to, cookbooks, menus, look books, placards, posters, T-shirts, hats, and clothing;

      g.    disable any and all websites located at emersoncreek.com, ecreekpotteryandtearoom.com, emersoncreekshop.com, emersoncreekcafe.com, emersoncreekconfectionary.com and any other uniform resource locator (URL) containing or comprised of the Infringing Marks (collectively, the "Infringing Websites"), such that visitors to the Infringing Websites will see either blank screens, generic error messages, and will not redirect or transfer to any site or display; and

      h.    remove all references to any Infringing Marks from Infringing Websites and Infringing Social Media (but only to the extent a social media platform will allow removal of historical content, and complete this process within 60 days.

3.    Within 60 days after entry of this Order, Defendants shall file with the Court and serve upon Plaintiff's counsel a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with this Order. If any Defendant has made any changes to any use of the Infringing Marks or the Infringing Websites or Infringing Social Media between February 25, 2022, and the date of this Order, Defendants are to describe same in detail to the Court.

4.    This Order is binding upon and inures to the benefit of the parties and their respective heirs, successors, and assigns.

5.    If any Defendant is found by the Court to be in contempt of, or otherwise to have violated this Order, the parties agree that Plaintiff is entitled to all available relief which it may otherwise request from the Court, including sanctions for contempt, damages, injunctive relief, attorneys' fees, costs, and any other relief deemed proper in the event of such violation.

6.    The Court retains jurisdiction of this matter for the purposes of enforcing the terms of this Order.

      7.      The Order remains in full force and effect unless and until it is modified by this Court.

It is so ORDERED.

Let the clerk send a copy of this Order to all counsel of record.

ENTERED this _____ day of _____, 2022.


_____
Norman K. Moon