CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

3/3/2022

JULIA C. DUDLEY, CLERK
BY: s/ C. Amos
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
LYNCHBURG DIVISION

---

EMERSON CREEK POTTERY, INC.,

*Plaintiff*

v.

EMERSON CREEK EVENTS, INC., et al.

*Defendants.*

CASE NO. 6:20-cv-54

ORDER

JUDGE NORMAN K. MOON

---

### PERMANENT INJUNCTION ORDER

Pursuant to 15 U.S.C. § 1116(a) and the jury verdict rendered on February 25, 2022 and in consideration of the evidence submitted and arguments of counsel presented at trial and the applicable legal standards, the Court finds that Plaintiff has demonstrated that permanent injunctive relief is warranted.

This order is an initial post-trial injunction order. As discussed in the hearing on the matter on March 2, 2022, the Court issues this initial post-trial injunction pursuant to the jury verdict and special interrogatories and the issues on which the parties agree. The Court will amend this order once the parties complete briefing on the issues that remain in controversy. The Court specifically orders briefing on the issues of (1) the marks covered by the injunction, including "EMERSON" alone and "EC," and (2) the ownership/control of Defendants' social media accounts. The parties may also brief any other issues that remain in controversy.

Accordingly, it is hereby ORDERED:

1

1. Defendants together with all of Defendants' officers, agents, servants, employees, representatives, and assigns, and all other persons, firms, or companies in active concert or participation with Defendants, are permanently enjoined and restrained, directly or indirectly from:

   a. using any trademark, service mark, trade name or account name containing the term "EMERSON CREEK," alone or with other wording or lettering (collectively, the "Infringing Marks");

   b. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that Defendants' goods or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or Plaintiff's goods or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with any Defendant;

   c. using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods, and/or services with Plaintiff, or tend to do so;

   d. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the Infringing Marks;

   e. refrain from making using the Infringing Marks in the future in any of Defendants' internet or social media accounts or registrations containing or

bearing any form of the Infringing Marks, including, but not limited to, any on Facebook, TikTok, Twitter, Pinterest, Instagram, Trip Advisor and Yelp (collectively, the "Infringing Social Media"), provided however that any historical Infringing Social Media which is not reasonably removable by any social media platform shall not be the basis of any claim of a violation of this order; and

f.  aiding, assisting, or abetting any other individual or entity in doing any act prohibited by paragraph 1(a) through paragraph 1(e).

2.  Within thirty (30) days of the entry of this Order, Defendants shall:

a.  remove from display any physical signage or promotional material bearing any form of the Infringing Marks;

b.  change the fictious name of any corporate entity controlled by any Defendant to a name that is not comprised of any of the Infringing Marks and does not incorporate any of the Infringing Marks;

c.  identify in detail and cause to cease all digital and non-digital advertising, marketing and promotional material containing or bearing any form of the Infringing Marks;

d.  identify in detail, including quantity, and destroy all materials or merchandise containing or bearing any form of the Infringing Marks, including, but not limited to, cookbooks, menus, look books, placards, posters, T-shirts, hats, and clothing;

e.  disable any and all websites located at emersoncreek.com, ecreekpotteryandtearoom.com, emersoncreekshop.com, emersoncreekcafe.com, emersoncreekconfectionary.com and any other uniform resource locator (URL) containing or comprised of the Infringing Marks (collectively, the "Infringing

Websites"), such that visitors to the Infringing Websites will see either blank screens, generic error messages, and will not redirect or transfer to any site or display; and

    f. remove all references to any Infringing Marks from Infringing Websites and Infringing Social Media.

3. Within 10 days after any applicable appeal rights related to the verdict and subsequent injunction order have expired, Defendants shall:

    a. file with the U.S. Patent and Trademark Office express abandonments with prejudice of U.S. Trademark Application Serial Nos. 88464155, 88464124, 87613813, 87613773, and 87613743; and

    b. file a motion to withdraw with prejudice proceeding number 91244057 before the U.S. Patent & Trademark Office Trademark Trial and Appeal Board.

4. Within 60 days after entry of this order, Defendants shall file with the Court and serve upon Plaintiff's counsel a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with this order. If any Defendant has made any changes to any use of the Infringing Marks or the Infringing Websites or Infringing Social Media between February 25, 2022, and the date of this order, Defendants are to describe the same in detail to the Court.

5. This order is binding upon and inures to the benefit of the parties and their respective heirs, successors, and assigns.

6. If any Defendant is found by the Court to be in contempt of, or otherwise to have violated this order, the parties agree that Plaintiff is entitled to all available relief which it may otherwise request from the Court, including sanctions for contempt, damages, injunctive

relief, attorneys' fees, costs, and any other relief deemed proper in the event of such violation.

7. The Court retains jurisdiction of this matter for the purposes of enforcing the terms of this order.

8. The order remains in full force and effect unless and until it is modified by this Court.


It is so ORDERED.

The clerk of court is ordered to send a copy of this order to all counsel of record.

Entered this 3rd day of March 2022.


NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE